1   BRIAN L. DAVIDOFF (SBN 102654)
    BDavidoff@GreenbergGlusker.com
    C. JOHN M. MELISSINOS (SBN 149224)
2   JMelissinos@GreenbergGlusker.com
    COURTNEY E. POZMANTIER (SBN 242013)
3   CPozmantier@GreenbergGlusker.com
    **GREENBERG GLUSKER FIELDS
    CLAMAN & MACHTINGER LLP**
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
    Telephone:  310.553.3610
5   Fax: 310.553.0687

    *General Bankruptcy Attorneys for Debtor and*
6   *Debtor in Possession*

    GARY E. KLAUSNER (SBN 69077)
7   gklausner@stutman.com
    ERIC D. GOLDBERG (SBN 157544)
    egoldberg@stutman.com
8   H. ALEXANDER FISCH (SBN 223211)
    afisch@stutman.com
    DANIELLE A. PHAM (SBN 269915)
9   dpham@stutman.com
    **STUTMAN, TREISTER & GLATT
    PROFESSIONAL CORPORATION**
10  1901 Avenue of the Stars, 12th Floor
    Los Angeles, California  90067
    Telephone:  310.228.5600
11  Fax:  310.228.5788

    *Counsel for Official Committee of Unsecured
    Creditors*

    DAVID M. REEDER (SBN 133150)
    david@reederlaw.com
    **REEDER LAW CORPORATION**
    1880 Century Park East, Suite 1200
    Los Angeles, California  90067
    Telephone:  310.557.8911
    Fax:  310.557.0380

    STUART J. MILLER (SJM4276)
    **LANKENAU & MILLER, LLP**
    132 Nassau Street, Suite 423
    New York, New York  10038
    Telephone:  212.581.5005
    Fax:  212.581.2122

    MARY E. OLSEN (OLSEM4818)
    M. Vance McCrary (MCCRM4402)
    DAVID C. TUFTS (TUFTD7673)
    **THE GARDNER FIRM, P.C.**
    210 South Washington Avenue
    Mobile, Alabama  36602
    Telephone:  251.433.8100
    Fax:  251.433.8181

    JACK A. RAISNER
    RENE S. ROUPINIAN
    **OUTTEN & GOLDEN LLP**
    3 Park Avenue, 29th Floor
    New York, New York  10016
    Telephone:  212.245.1000
    Fax:  212.977.4005

    *Counsel for Thomas Capizzi and Anthony Barcelo,
    as Putative Class Plaintiffs in Adversary Proceeding
    Nos. 2:13-1p-01209-NB and 2:13-ap-01463-NB*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AWTR Liquidation, Inc.,<br><br>    f/k/a Rhythm And Hues, Inc.,<br><br>            Debtor and Debtor in<br>            Possession. | Chapter 11<br><br>Case No. 2:13-bk-13775-NB<br><br>Adv. No.: 2:13-ap-01463-NB<br>Adv. No.: 2:13-ap-01209-NB |
| Thomas C. Capizzi,<br><br>        Plaintiff,<br><br>v.<br><br>AWTR Liquidation, Inc.,<br><br>    f/k/a Rhythm And Hues, Inc.,<br><br>        Defendant. | **JOINT MOTION OF DEBTOR, COMMITTEE AND PROPOSED CLASS REPRESENTATIVES, IN ACCORDANCE WITH PROPOSED STIPULATION OF CLASS SETTLEMENT:  (A) TO APPROVE PROPOSED COMPROMISE OF CLAIMS IN ADVERSARY PROCEEDINGS; AND (B) IN ACCORDANCE WITH FED. R. BANKR. P. 7023, TO (I) PRELIMINARILY APPROVE SETTLEMENT BETWEEN DEBTOR AND CERTAIN FORMER EMPLOYEES, (II) APPROVE FORM AND MANNER OF NOTICE OF SETTLEMENT, (III) SCHEDULE FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF SETTLEMENT, AND (IV) SUBSEQUENT TO FAIRNESS HEARING, FINALLY APPROVE SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOHN F. HEDGE, THOMAS C. CAPIZZI AND ANTHONY BARCELO IN SUPPORT THEREOF** |
| Thomas C. Capizzi and Anthony Barcelo,<br><br>        Plaintiff,<br><br>v.<br><br>AWTR Liquidation, Inc.,<br><br>    f/k/a Rhythm And Hues, Inc.,<br><br>        Defendant. | Date:  [TO BE SET]<br>Time:  [TO BE SET]<br>Place:  Courtroom 1545 |

*(Left margin, rotated):* Greenberg Glusker Fields Claman & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE:**

Debtor and Debtor in Possession AWTR Liquidation, Inc., f/k/a Rhythm And Hues, Inc. (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), and Thomas Capizzi and Anthony Barcelo, as Putative Class Plaintiffs in Adversary Proceeding Nos. 2:13-ap-01209-NB and 2:13-ap-01463-NB (the "Plaintiffs" and, together with the Debtor and the Committee, herein the "Movants" or the "Parties"), hereby jointly move this Court to:

1.    Approve, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a proposed compromise between the Debtor and the Committee, on the one hand, and the Plaintiffs on the other, of the claims asserted in the Adversary Proceedings (as defined below), under the terms of the concurrently filed *Stipulation of Class Settlement* [Docket No. 358] (the "Settlement Stipulation"), a copy of which is attached hereto as <u>Exhibit A</u>.[1]

2.    Preliminarily approve, pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated herein by Rule 7023 of the Bankruptcy Rules, the settlement of the purported class action adversary proceeding styled as *Thomas C. Capizzi and Anthony Barcelo, on behalf of themselves and all persons similarly situated v. AWTR Liquidation, Inc.*; Adv. Proc. No. 2:13-ap-01209-NB ("Capizzi I"), pursuant to which plaintiffs Thomas C. Capizzi and Anthony  Barcelo (i) allege violations of the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 (the "Federal WARN Act") and its California counterpart, California Labor Code §§ 1400-1408 (the "CA WARN Act") (collectively referred to as the "WARN Acts") based on their termination by the Debtor as part of, or as a result of, an alleged mass layoff implemented by the Debtor on or about February 10, 2013, and  (ii) seek 60 days' wages and ERISA benefits for themselves and other similarly situated employees, and payment of their attorneys' fees;

3.    Preliminarily approve the settlement of the class action adversary proceeding styled as *Thomas C. Capizzi on behalf of himself and all persons similarly situated v. AWTR*

---

[1]  Capitalized terms not otherwise described herein shall have the meanings ascribed to them in the Settlement Stipulation.

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Liquidation, Inc.;* Adv. Proc. No. 2:13-ap-01463-NB ("Capizzi II", and together with Capizzi I, the "Adversary Proceedings"), pursuant to which plaintiff Thomas C. Capizzi (a) alleges violations of the California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203) based on his termination as a part of, or as a result of, a mass layoff allegedly implemented by the Debtor on or about February 10, 2013, and (b) alleges that plaintiff and such similarly situated employees are due their unpaid earned compensation plus penalties equal to thirty days of wages, pursuant to California Labor Code § 203, all as set forth in further detail in the Settlement Stipulation;

4.      Certify, for settlement purposes only, a class in Capizzi I and a class in Capizzi II, as hereafter described (the "Capizzi I Class" and the "Capizzi II Class" or collectively, the "Settlement Classes");

5.      Appoint, for settlement purposes only, Thomas C. Capizzi and Anthony Barcelo as class representatives of both Settlement Classes;

6.      Preliminarily appoint, for settlement purposes only, the law firms of Lankenau & Miller, The Gardner Firm, P.C., Outten & Golden LLP and Reeder Law Corporation as counsel for the Settlement Classes ("Class Counsel");

7.      Enter an order directing the dissemination of notices of the Settlement Stipulation to the members of the Settlement Classes;

8.      Schedule a fairness hearing to consider final approval of the settlement; and

9.      Issue a second order subsequent to the fairness hearing, finally approving the Settlement Stipulation.

As discussed in the attached Memorandum of Points and Authorities and Declaration of John F. Hedge in support thereof (the "Hedge Declaration"), the proposed compromise as embodied in the Settlement Stipulation provides a means for consensually resolving the Adversary Proceedings in full.  Moreover, the proposed settlement permits the Debtor and the Committee to propose a confirmable chapter 11 plan of liquidation in this case.  As further set forth in the Settlement Stipulation, the terms of the proposed compromise are as follows:

- In full settlement of the claims of the Capizzi I Class for alleged violations of the WARN Acts, the Debtor shall, upon the Effective Date of the Plan, transmit One

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4                                    2

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

1    Million ($1,000,000.00) Dollars (the "WARN Act Common Fund") to Class

2    Counsel via wire transfer, according to instructions to be supplied by Class

3    Counsel.  The WARN Act Common Fund shall then be distributed by Class

4    Counsel as follows: (i) the sum of $10,000 to each of the two Class

5    Representatives for their Service Fees, and (ii) the balance of $980,000, minus

6    one-third for attorney fees, plus reimbursement of court costs and litigation

7    expenses, or as shall be further approved by the Court after notice provided to the

8    Capizzi I Class and the Capizzi II Class, shall be divided among the Capizzi I

9    Class members who do not opt-out of this settlement on a *pro rata* basis according

10    to the gross settlement claim amounts for the Capizzi I Class members set forth on

11    Exhibit 1 to the Settlement Stipulation.

12    • The Allowed Priority Wage/Benefit Claims (as defined in the Settlement

13    Stipulation) held by the members of the Settlement Classes will be paid in

14    accordance with the Plan on or as soon as reasonably practicable after the

15    Effective Date of the Plan.  Further, the Allowed Unsecured Wage/Benefit Claims

16    of the Settlement Classes will be paid in accordance with the Plan.

17    • If any member of the proposed Settlement Classes timely and properly elects to

18    opt out of the proposed class, that claimant's rights and obligations will be

19    unaffected by the Settlement Stipulation and that claimant will have the same

20    rights and obligations as he or she would have had if the Adversary Proceedings

21    had never been filed and the Settlement Stipulation had never been executed.  Any

22    of the members of the Settlement Classes who elect to opt out shall not have an

23    allowed claim against the Debtor by reason of the Settlement Stipulation.  The

24    rights of any such individual electing to opt out of the Settlement Classes, whether

25    by reason of any individual proof of claim such party may have filed or otherwise,

26    are unaffected by the Settlement Stipulation.  The Debtor will retain all rights

27    against any opt out party.

28

74262-00017/1979657.4                                3

- In the event the aggregate number of members of either of the Settlement Classes who elect to opt out is in excess of five percent (5%) of the total number of claimants in either Settlement Class, then the Debtor and the Committee may elect, at their sole discretion, to terminate the Settlement Stipulation.

The Debtor believes that the proposed compromise is in all respects reasonable and that its entry into the Settlement Stipulation is a sound exercise of its business judgment. As discussed in the Memorandum of Points and Authorities, the Debtor believes that the result achieved through the Settlement Stipulation benefits the estate and all creditors because the prospects for litigation of the Adversary Proceedings were uncertain, and likely to be expensive and time consuming.

In addition, the Movants believe that the mechanics for approval of the transactions contemplated by the Settlement Stipulation, including the certification of the Settlement Classes and the preliminary and final approval of the proposed settlement with respect to those classes, and associated opt-out and notice procedures, are reasonable under the circumstances and should be approved.

This Motion is based on these moving papers, the Memorandum and Points and Authorities, the accompanying Hedge Declaration and the Declarations of Thomas C. Capizzi and Anthony Barcelo, and the exhibits thereto, the pleadings and papers on file in this case, and all documentary and testamentary evidence presented at or prior to the hearings in this matter.

**WHEREFORE**, the Movants request that this Court enter its order granting the relief described above, and for such other and further relief as the Court deems just and proper.

Dated:    September 27, 2013            GREENBERG GLUSKER FIELDS CLAMAN
                                        & MACHTINGER LLP


                                        By    */s/C. John M. Melissinos*
                                              BRIAN L. DAVIDOFF
                                              C. JOHN M. MELISSINOS
                                              COURTNEY E. POZMANTIER

                                              Attorneys for the AWTR Liquidation, Inc.,
                                              f/k/a Rhythm And Hues, Inc.,
                                              Debtor and Debtor in Possession

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4                    4

1

-and-

2

**STUTMAN, TREISTER & GLATT, P.C.**
Gary E. Klausner, Esq.

3

Attorneys for the Attorney for the Official Committee of
Creditors Holding Unsecured Claims

4

5

-and-

6

**THE GARDNER FIRM, P.C.**
Mary E. Olsen, Esq.

7

Co-Counsel for Plaintiffs and Settlement Classes

8

-and-

9

**LANKENAU & MILLER, LLP**
Stuart J. Miller, Esq.

10

11

Co-Counsel for Plaintiffs and Settlement Classes

12

-and-

13

**OUTTEN & GOLDEN, LLP**
René S. Roupinian, Esq.

14

Co-counsel for Plaintiffs and Settlement Classes

15

-and-

16

**REEDER LAW CORPORATION**
David M. Reeder, Esq.

17

18

Co-counsel for Plaintiffs and Settlement Classes

19

20

21

22

23

24

25

26

27

28

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

5

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................... 1

II.     FACTUAL BACKGROUND .............................................................................. 2

    A.      General ...................................................................................................... 2

    B.      The Terminations Which Occurred Prior to the Petition Date............................. 3

    C.      The Adversary Proceedings ........................................................................ 4

    D.      The Mediation ........................................................................................... 5

III.    SUMMARY OF SETTLEMENT ....................................................................... 6

IV.     FORM OF NOTICES TO PROPOSED CLASS MEMBERS............................ 8

V.      CAUSE EXISTS TO APPROVE THE DEBTOR'S ENTRY INTO THE
SETTLEMENT................................................................................................... 9

    A.      Compromises Are Favored in Bankruptcy.................................................... 9

    B.      The Proposed Compromise Should Be Approved ......................................... 10

        1.      Probability of Success in the Litigation ............................................ 10

        2.      Difficulties in Collection................................................................. 11

        3.      Complexity of Litigation and Expense, Inconvenience and Delay.......... 11

        4.      Paramount Interest of Creditors ....................................................... 12

VI.     THE SETTLEMENT STIPULATION SHOULD BE PRELIMINARILY
APPROVED........................................................................................................ 12

    A.      Approval of Settlement Stipulation Under Rule 23 ....................................... 12

    B.      A Presumption of Fairness Applies to the Settlement Stipulation.................... 13

    C.      The Settlement Classes Should Be Preliminarily Certified ............................. 16

    D.      The Proposed Notices Are Adequate .......................................................... 17

VII.    THE SETTLEMENT SHOULD BE FINALLY APPROVED AS TO THE
SETTLEMENT CLASSES AT THE FAIRNESS HEARING........................................ 17

VIII.   PROPOSED SCHEDULE OF EVENTS ............................................................ 19

IX.     CONCLUSION ................................................................................................... 20

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

i

1

# TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*7-Eleven Owners for Fair Franchising v. Southland Corp.*,
    85 Cal.App.4th 1135 (2000) ................................................................ 17

5

*Amchen Products, Inc. v. Windsor*,
    521 U.S. 591 (1997)........................................................................... 16

6

7

*Anaconda-Ericsson Inc. v. Hessen*,
    762 F.2d 185 (2d Cir. 1985)............................................................... 10

8

*Armstrong v. Board of School Directors*,
    616 F.2d 305 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134
    F.3d 873 (7th Cir. 1998)..................................................................... 13

9

10

*Bennett v. Behring Corp.*,
    737 F.2d 982 (11th Cir. 1984)............................................................ 13

11

*Boyd v. Bechtel Corp.*,
    485 F.Supp. 610 (N.D. Cal. 1979) ..................................................... 14

12

13

*Cosoff v. Rodman*,
    699 F.2d 599 (2d Cir. 1983)............................................................... 10

14

*County of Suffolk v. Long Island Lighting Co.*,
    907 F.2d 1295 (2d Cir. 1990)............................................................. 12

15

16

*Hickerson v. Velsicol Chem. Corp.*,
    121 F.R.D. 67 (N.D. Ill. 1988)........................................................... 13

17

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
    1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) ................... 14

18

19

*In re Lee Way Holding Co.*,
    120 B.R. 881 (Bankr. S.D. Ohio 1990)............................................... 10

20

*In re Mid-Atlantic Toyota Antitrust Litig.*,
    564 F. Supp.1379 (D. Md. 1983) ....................................................... 13

21

22

*In re Pacific Enterprises Litigation*,
    47 F. 3d 373 (9th Cir. 1995)............................................................... 18

23

*In re Sumitomo Copper Litig.*,
    189 F.R.D. 274 (S.D.N.Y. 1999) ....................................................... 13

24

25

*Joel A. v. Giuliani*,
    218 F.3d 132 (2d Cir. 2000)............................................................... 13

26

*Kirkorian v. Borelli*,
    695 F.Supp.446 (N.D. Cal. 1988) ...................................................... 14

27

28

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3    *Martin v. Kane*,
        784 F.2d 1377 (9th Cir. 1986) ............................................................................. 9, 10

4

    *Newman v. Stein*,
5        464 F.2d 689 (2d Cir. 1972) .................................................................................. 10

6    *Officers for Justice v. Civil Serv. Comm. of San Francisco*,
        688 F. 2d 615 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983) ..................................... 18

7

    *Protective Committee for Independent Stockholders*
8        *of TMT Trailer Ferry, Inc. v. Anderson*,
        390 U.S. 414 (1968) ................................................................................................ 9

9

10   *Seiffer v. Topsy's Int'l, Inc.*,
        70 F.R.D. 622 (D. Kan. 1976) .............................................................................. 13

11   *Torrisi v. Tucson Elec. Power Co.*,
        8 F.3d 1370 (9th Cir. 1993) .............................................................................. 18, 19

12

13   *United States v. Alaska Nat'l Bank*,
        669 F.2d 1325 (9th Cir. 1982) .............................................................................. 10

14   *Woodson v. Firemen's Fund Ins. Co.*,
        839 F.2d 610 (9th Cir. 1988) .................................................................................. 9

15

16   STATUTES

17   11 U.S.C. § 101 ...................................................................................................... passim

18   11 U.S.C. § 105 ............................................................................................................. 9

19   11 U.S.C. § 105(a) ........................................................................................................ 9

20   11 U.S.C. § 503 ............................................................................................................. 5

21   11 U.S.C. § 503(b) ...................................................................................................... 11

22   11 U.S.C. § 503(b)(1)(A) .............................................................................................. 4

23   11 U.S.C. § 507(a)(4) ................................................................................................... 5

24   11 U.S.C. § 507(a)(4) and (5) .................................................................................... 4, 5

25   11 U.S.C. § 1107 .......................................................................................................... 2

26   11 U.S.C. § 1108 .......................................................................................................... 2

27   California Labor Code § 201 ...................................................................................... 4, 5

28   California Labor Code § 203 ...................................................................................... 4, 5

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

# TABLE OF AUTHORITIES
### (continued)

2

<u>Page</u>

3

California Labor Code § 218.6 ............................................................................... 5

4

WARN Act.................................................................................................... passim

5

**OTHER AUTHORITIES**

6

2 Newberg & Conte, *Newberg on Class Actions* §11.41 at 11-88 (3d ed. 1992); *Manual
    for Complex Litigation* §30.42 ...................................................... 13, 14

7

Fed. R. Bankr. P. 7023 ................................................................................ 1, 8, 12

8

Fed. R. Bankr. P. 9019 ...................................................................................... 1, 9

9

Fed. R. Civ. P. 23 ......................................................................................... 1, 8, 11

10

Fed. R. Civ. P. 23(e) ...................................................................................... 12, 13

11

Fed. R. Civ. P. 23(e)(1)(C)............................................................................. 17, 18

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## MEMORANDUM OF POINTS AND AUTHORITIES[2]

## I.

## INTRODUCTION

This joint motion (the "Motion") seeks approval of the proposed compromise of the Adversary Proceedings reached by the Movants under the terms of the Settlement Stipulation, a copy of which is attached as Exhibit A to the Hedge Declaration.  The Settlement Stipulation will consensually resolve the Adversary Proceedings in full, and the compromise permits the Debtor and the Committee to propose a confirmable chapter 11 plan of liquidation in this case (as further described below, the "Plan").

As set forth in detail in the Settlement Stipulation, the proposed compromise contemplates two separate "Settlement Classes," whose members are identical:  (1) the Capizzi I Class is comprised of all former employees of Debtor who worked at or reported to its facility located at 2100 East Grand Avenue, El Segundo, CA 90245 (the "Facility") and were terminated allegedly without cause on or about February 10, 2013 and February 11, 2013, who do not file a timely request to opt-out of the class, and (2) the Capizzi II Class is comprised of all former employees of Debtor who worked at or reported to the Facility  and were terminated on or about February 10, 2013 and February 11, 2013, who were not paid their earned compensation upon discharge and whose earned compensation remained unpaid after they were terminated for one or more days, and who do not file a timely request to opt-out of the class.  As set forth in the Settlement Stipulation, the Debtor represents that there are 238 former employees who are potential members of the Settlement Classes.

Therefore, this Motion, in addition to seeking approval of the compromise itself as required by Rule 9019 of the Bankruptcy Rules, seeks certification of these two Settlement Classes and related relief as required under Rule 23 of the Federal Rules, which governs the conduct of class actions and is applicable in the Adversary Proceedings pursuant to Rule 7023 of the Bankruptcy Rules.  Assuming the Court both approves the Debtor's entry into the

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Settlement Stipulation, as applicable.

74262-00017/1979657.4

1

1    compromise, and preliminarily approves this settlement under Rule 23, notices will be sent out to

2    both the Settlement Classes and, upon conclusion of the opt out period for both, the Movants will

3    seek final approval of the settlement, which will resolve Capizzi I and Capizzi II and, the

4    Movants' anticipate, allow for confirmation of the Plan.

5                                                    **II.**

6                                    **FACTUAL BACKGROUND**

7    **A.    General**

8              On February 13, 2013 (the "Petition Date"), the Debtor commenced its bankruptcy case

9    by filing a voluntary Petition under chapter 11 of title 11 of the United States Code, 11 U.S.C.

10   §§ 101 et seq. (the "Bankruptcy Code"). The Debtor continues to manage its affairs as a debtor in

11   possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for a trustee

12   or examiner has been made. The Committee was appointed in this case and has retained counsel.

13             The Debtor was formerly one of the world's leading producers of visual effects and

14   computer-generated animation for the entertainment industry, and received numerous industry

15   awards and accolades for its work, including three Academy Awards. In an effort to strengthen

16   its financial position, secure debtor-in-possession financing and find a buyer for its assets, the

17   Debtor commenced this chapter 11 case. The Debtor's chapter 11 filing preserved the going

18   concern value of the Debtor's business and allowed the Debtor to continue work on its existing

19   projects while it conducted a sale process.

20             Also as part of its filing, the Court approved the Debtor's entry into a debtor in possession

21   financing agreement (the "DIP Loan") with Universal City Studios LLC and Twentieth Century

22   Fox, a division of Twentieth Century Fox Film Corporation (together, the "DIP Lenders") in the

23   amount of $17,086,000. The DIP Loan provided crucial financing to the Debtor and allowed it

24   time to locate a buyer so as to maximize value for creditors herein.

25             After a multi-day auction and a hearing, the Court approved the sale of substantially all of

26   the Debtor's assets to 34 x 118 Holdings, LLC ("Holdings" or the "Buyer") in accordance with

27   the Court's *Order: (A) Authorizing the Sale of Substantially all of the Debtor's Assets Free and*

28   *Clear of all Liens, Claims, Encumbrances and Other Interests; (B) Authorizing the Assumption*

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4                                    2

*and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (C) Granting Related Relief dated April 4, 2013* [Docket No. 197] (the "Sale Order").  The sale to the Buyer closed on April 8, 2013.  As part of the sale, the Buyer paid the Debtor $1.2 million in cash, and assumed a number of liabilities, including the outstanding obligations under the DIP Loan, which was fully paid or assumed by Holdings.

In addition, the Debtor worked to obtain necessary Court orders to ensure the sale of the real property (the "Building" or the "Property") owned by the Debtor's affiliate 2100 Grand, LLC ("2100 Grand") in which the Debtor conducted its operations.  On May 1, 2013, as a result of the sale of the Building, the Debtor received approximately $4.2 million in cash on account of 2100 Grand's obligations to the Debtor.

On June 14, 2013, the Debtor filed amendments to Schedules E and F [Docket No. 275] ("Amended Schedules E and F").  Amended Schedules E and F reflected the Debtor's calculation of both unsecured priority claims for unpaid wages and benefits and general unsecured claims for unpaid wages and benefits due to former employees, including (as defined below) the Terminated Employees.

Currently, the Debtor no longer has any employees except for its President, John Hughes, and John Hedge, the Debtor's Chief Restructuring Officer.  The estate holds the cash proceeds of the sale to Holdings as well as the cash proceeds of the sale of the Building, in the total amount of approximately $6 million, all of which is free and clear cash of the estate.  On September 24, 2013, the Debtor and the Committee filed their proposed *Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors dated September 24, 2013* [Docket No. 352] (the "Plan") and accompanying *Disclosure Statement Describing Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors dated September 24, 2013* [Docket No. 353] (the "Disclosure Statement").

**B.      The Terminations Which Occurred Prior to the Petition Date**

On February 10, 2013, the Debtor laid off approximately 236 employees from its Facility.  On February 11, 2013, the Debtor laid off approximately 2 additional employees from the Facility (together with the 236 employees laid off on February 10, 2013, the "Terminated Employees").

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

3

The Debtor alleges that it issued a WARN Act notice on or about February 10, 2013, purporting to notify the Terminated Employees of their layoffs.  Hedge Decl., ¶ 10.

## C.    The Adversary Proceedings

Following the filing of the Bankruptcy case, Plaintiffs commenced Capizzi I, a purported class action adversary proceeding asserting claims under the WARN Acts against Debtor and which was last amended on or about May 20, 2013.  In Capizzi I, the Plaintiffs allege that they and the Terminated Employees were terminated as part of, or as the result of, a mass layoff implemented by the Debtor.  In Capizzi I, Plaintiffs allege that Debtor failed to give the Plaintiffs and the Terminated Employees at least 60 days' advance written notice of termination, as required by the WARN Act.  In Capizzi I, as a consequence of Debtor's alleged failure to give the Plaintiffs and Terminated Employees at least 60 days' advance written notice of termination, the Plaintiffs seek up to 60 days' pay and benefits for each Terminated Employee for the Debtor's alleged WARN Acts violation.  Capizzi I seeks an allowed first priority administrative expense claim against the Debtor pursuant to 11 U.S.C. § 503(b)(1)(A) for the WARN Acts damages, and also seeks, in the alternative, that the first $11,725 of the WARN Acts damages be entitled to priority status, under 11 U.S.C. § 507(a)(4) and (5), with any remainder as a general unsecured claim.  Capizzi I also seeks attorneys' fees and reimbursement of court costs and litigation expenses.

Following the filing of the Bankruptcy Case, Capizzi also filed Capizzi II which seeks the recovery of earned compensation that the Terminated Employees were owed upon their terminations and wage continuation for each day that the wages remained unpaid (up to thirty additional days) pursuant to California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203) and which was last amended on or about May 20, 2013.  Capizzi II alleges that Labor Code § 201 required Debtor to pay Plaintiff and the Terminated Employees their earned, but unpaid compensation immediately upon discharge.  Capizzi II also alleges that, since Debtor did not pay Plaintiff and the Terminated Employees their earned, but unpaid compensation immediately upon discharge, or within thirty days thereof, Labor Code § 203 required Debtor to also pay the Terminated Employees' wages for 30 additional days beyond their terminations.  Capizzi II

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4                                      4

1    claims that the first $11,725 of the amounts due the Terminated Employees pursuant to Labor

2    Code § 201 (plus interest in accord with Labor Code § 218.6) are entitled to priority status, under

3    11 U.S.C. § 507(a)(4) and (5), with the remaining balance as a general unsecured claim.  Capizzi

4    II claims that wage continuation prepetition amounts due the Terminated Employees under Labor

5    Code § 203 (plus interest in accord with Labor Code § 218.6) are entitled to priority status, under

6    11 U.S.C. § 507(a)(4) up to a maximum of $11,725, with any remainder as a general unsecured

7    claim.  Capizzi II claims post-petition wage continuation amounts due the Terminated Employees

8    under Labor Code § 203 (plus interest in accord with Labor Code § 218.6) are entitled to

9    administrative priority claim status under 11 U.S.C. § 503.  Capizzi II also seeks attorneys' fees,

10   reimbursement of court costs and litigation expenses.

11        On May 20, 2013, Plaintiffs filed a *Motion for (A) Class Certification, (B) Appointment of*

12   *Class Representatives, (C) Appointment of Class Counsel, (D) Approval of the Form and Manner*

13   *of Class Notice, and (E) Such Other and Further Relief as This Court May Deem Appropriate* in

14   Capizzi I, and Capizzi filed a *Motion for (A) Class Certification, (B) Appointment of Class*

15   *Representative, (C) Appointment of Class Counsel, (D) Approval of the Form and Manner of*

16   *Class Notice, and (E) Such Other and Further Relief as This Court May Deem Appropriate* in

17   Capizzi II.  These motions are both pending, but were taken off calendar pursuant to stipulations

18   among the Parties.

19   **D.    The Mediation**

20        In or about May 2013, the Movants began engaging in informal efforts to resolve both

21   Capizzi I and Capizzi II.  On or about June 4, 2013, Plaintiffs sent the Debtor informal

22   information requests.  Subsequent to June 4, 2013, and subject to an appropriate confidentiality

23   agreement, the Debtor provided certain information in response to Plaintiffs' informal

24   information requests, including the names, payroll information, hire dates, termination dates and

25   job titles of the Terminated Employees.  The Plaintiffs and Debtor exchanged confidential

26   settlement position statements on July 26, 2013 and attempted to informally resolve Capizzi I and

27   Capizzi II during a telephone conference on July 29, 2013, but those efforts were unsuccessful.

28   The Movants then agreed to mediate Capizzi I and Capizzi II on August 27, 2013 before the

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

1   Honorable Mitchell Goldberg, United States Bankruptcy Judge, retired, and submitted

2   confidential mediation briefs prior to the mediation.  The Parties attended the mediation on

3   August 27, 2013 and agreed, subject to approval of this Court, to resolve the Capizzi I and

4   Capizzi II matters in accordance with the Settlement Stipulation.

5                                              **III.**

6                              **SUMMARY OF SETTLEMENT**

7           The specific terms of the settlement are set forth in the Settlement Stipulation, filed

8   concurrently herewith and attached as Exhibit A to the Hedge Declaration.  As noted above, the

9   settlement calls for two separate but identical classes of former California employees of the

10  Debtor to be certified in Capizzi I and Capizzi II.  The 238 members comprising both Settlement

11  Classes are listed on Exhibit 1 to the Settlement Stipulation.

12          The Settlement Stipulation also provides that Capizzi and Barcelo shall serve as the Class

13  Representatives for the Settlement Classes and that Lankenau & Miller, The Gardner Firm, P.C.,

14  Outten & Golden LLP and Reeder Law Corporation shall serve as Class Counsel to the

15  Settlement Classes.[3]

16          In settlement of Capizzi I, the Debtor shall, upon the Effective Date of the Plan, transmit

17  the total settlement sum of One Million ($1,000,000.00) Dollars (the "WARN Act Common

18  Fund") to Class Counsel, which Class Counsel shall distribute as follows: (a) the sum of $10,000

19  to each of the two Class Representatives (for a total of $20,000) in consideration of their services

20  as the Class Representatives for the Capizzi I Class ("Service Fees"), from which no attorney fees

21  will be deducted, and (b) the balance of $980,000, minus one third attorney fees, plus

22  reimbursement of court costs and litigation expenses, shall be divided among the Capizzi I Class

23  members who do not opt-out of this settlement on a pro rata basis according to the final pay rates

24  and termination dates in the Debtor's records and which Debtor has provided to Plaintiffs.  The

25  distributions contemplated in the Settlement Stipulation shall be mailed by Class Counsel to the

26  Class Representatives and the Capizzi I Class members at their last known address indicated on

27  Exhibit 1 to the Settlement Stipulation (or to such other address as the members of the Capizzi I

28  ---
[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Stipulation.

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

1  Class may indicate to Class Counsel or which Class Counsel may locate), along with an IRS

2  Form 1099.

3      In settlement of the Capizzi II claims, and in accordance with the Plan, the Debtor shall

4  pay the priority portion of the wages and/or benefits earned, but outstanding ("Allowed Priority

5  Wage/Benefit Claims"), to the members of the Settlement Classes in full on or as soon as

6  reasonably practicable after the Effective Date, with any non-priority general unsecured

7  remainder ("Allowed Unsecured Wage/Benefit Claims") on such claims to be paid in accordance

8  with the Plan.  Amounts paid to members of the Settlement Classes from the WARN Act

9  Common Fund shall have no effect on the Allowed Priority Wage/Benefit Claims or Allowed

10  Unsecured Wage/Benefit Claims due members of the Settlement Classes.  Further, no attorney

11  fees will be deducted from the payments on the Allowed Priority Wage/Benefit Claims or

12  Allowed Unsecured Wage/Benefit Claims due members of the Settlement Classes.

13      The Settlement Stipulation further provides that upon distribution of the WARN Act

14  Common Fund to Class Counsel and the Effective Date of the Plan., the Capizzi I and Capizzi II

15  Class members who do not opt out of those classes, for and on behalf of themselves and their

16  respective predecessors, successors and assigns (collectively, the "Releasing Parties"), will

17  release the Debtor and the Committee from the claims in the Adversary Proceedings.  Hedge

18  Decl., Exh. A, ¶ 10.

19      The Settlement Stipulation also provides that, in the event the aggregate number of

20  members of either of the Settlement Classes who elect to opt out is in excess of five percent (5%)

21  of the total number of either Settlement Class, then the Debtor and the Committee may elect, at

22  their sole discretion, to terminate the Settlement Stipulation.  In the event the Settlement

23  Stipulation is terminated on this basis, then the Settlement Stipulation shall be voided and of no

24  force or effect and each of the Movants shall have the rights and be subject to the obligations they

25  had prior to the execution of the Settlement Stipulation.

26  / / /

27  / / /

28  / / /

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# IV.

## <u>FORM OF NOTICES TO PROPOSED CLASS MEMBERS</u>

In connection with the approval of the Settlement Stipulation, and as discussed in detail below, the standards set forth in Rule 23 of the Federal Rules, as incorporated herein by Rule 7023 of the Bankruptcy Rules are met.  In this regard, the Movants have agreed upon the form of notices to be mailed to each of the members of the Settlement Classes, which notices are attached to the Hedge Declaration as <u>Exhibit B</u> (the Capizzi I Notice) and <u>Exhibit C</u> (the Capizzi II Notice) (collectively, the "Class Notices").  Movants request an order that no later than 10 business days after the entry of the Court's order preliminarily approving the Settlement Stipulation (the "Order of Preliminary Approval"), or such other time as approved by the Court, Class Counsel shall mail the Class Notices to each person in the Settlement Classes.  As contained within Exhibit B, the Capizzi I Notice shall provide: (1) Notice of the Proposed Settlement of Class Action; (2) an individualized projected damage calculation, before and after the deduction of one third attorney fees, plus court costs and litigation expenses; (3) an "Opt-Out Notice Form" which allows each member to opt out of the Capizzi I Class so long as the Opt-Out Notice Form is received by Class Counsel, and the Debtor and the Committee, within 35 days after the mailing of the Capizzi I Notice, and (4) Notice of the Fairness Hearing.  As contained within Exhibit C, the Capizzi II Notice shall provide: (1) Notice of the Proposed Settlement of Class Action; (2) the amounts of the Allowed Priority Wage/Benefit Claims to be paid on or as soon as reasonably practicable after the Effective Date and the Allowed Unsecured Wage/Benefit Claims amounts to be paid in accordance with the terms of the Plan; (3) an "Opt-Out Notice Form" which allows each member to opt out of the Capizzi II Class so long as the Opt-Out Notice Form is received by Class Counsel, and the Debtor and the Committee, within 35 days after the mailing of the Capizzi II Notice, and (4) Notice of the Fairness Hearing.

/ / /

/ / /

/ / /

/ / /

V.

**CAUSE EXISTS TO APPROVE THE DEBTOR'S ENTRY INTO THE SETTLEMENT**

**A.    Compromises Are Favored in Bankruptcy**

Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve a compromise or settlement after notice and a hearing, and section 105 of the Bankruptcy Code empowers a court to issue any order that is "necessary or appropriate".  11 U.S.C. § 105(a).

The purpose of a compromise agreement is to allow the [debtors] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Martin v. Kane*, 784 F.2d 1377, 1380-1381 (9th Cir. 1986) ("*Martin*").  "[T]he bankruptcy court has great latitude in approving compromise agreements."  *Woodson v. Firemen's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988).

In deciding whether to approve a settlement agreement, a court should:

> apprise itself of all facts necessary for an intelligent, and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

In *Martin*, 784 F.2d at 1381, the Ninth Circuit identified the following factors for consideration in determining the reasonableness, fairness, and equity of a proposed settlement: (a) the probability of success; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Consideration of these factors does not require the Court to decide questions of law or make findings of fact raised by the controversies sought to be settled, or to determine whether the settlement presented is the best one that could possibly have been achieved.  In approving a settlement agreement, the Court need not conduct an exhaustive investigation into the validity of,

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

9

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  nor a mini-trial upon, the merits, of the claims sought to be compromised.  *United States v. Alaska*

2  *Nat'l Bank*, 669 F.2d 1325, 1328 (9th Cir. 1982).  It is sufficient that the settlement agreement

3  was negotiated in good faith and is reasonable, fair and equitable.  *Martin*, 784 F.2d at 1381.  The

4  Court need only canvas the issues to determine whether the settlement falls "below the lowest

5  point in the zone of reasonableness."  *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972).  *See*

6  *also*, *Anaconda-Ericsson Inc. v. Hessen*, 762 F.2d 185, 189 (2d Cir. 1985); *Cosoff v. Rodman*,

7  699 F.2d 599, 608 (2d Cir. 1983).  Finally, although the Court should give deference to the

8  reasonable views of creditors, "objections do not rule.  It is well established that compromises are

9  favored in bankruptcy."  *In re Lee Way Holding Co.*, 120 B.R. 881, 901 (Bankr. S.D. Ohio 1990).

10  **B.   The Proposed Compromise Should Be Approved**

11  The proposed compromise represents the resolution of claims which, if they had to be

12  litigated, would have entailed very significant administrative cost and considerable delay.  In

13  contrast, the certainty created by the proposed settlement allows the Plan to be proposed and, it is

14  hoped, confirmed, allowing for the prompt resolution of this bankruptcy case, to the benefit of all

15  creditors herein.  As such, the proposed compromise meets the A&C Properties factors and

16  should be approved by the Court.

17  1.   Probability of Success in the Litigation

18  As noted above, the Adversary Proceedings seek the payment of, at least potentially,

19  millions of dollars on an administrative priority basis.  The Debtor and the Committee believe

20  that under the circumstances, they have meritorious defenses to the assertion of claims under the

21  WARN Acts, including the so-called "faltering company" exception.  However, the Debtor's

22  circumstances are somewhat unique, and therefore the ability to maintain the defenses is

23  unknown.  In the final analysis, it seems likely that should the matter be litigated, there is a very

24  real chance of a trier of fact finding that liability exists under the WARN Acts.

25  More significant, however, is whether or not any resulting liability would be accorded

26  priority or administrative status under the Bankruptcy Code.  Plaintiffs are insistent that

27  administrative claims would be the result of the Adversary Proceedings.  For their part, the

28

1    Debtor and the Committee vigorously dispute that administrative claims exist in any way with

2    respect to the claims in the Adversary Proceedings.  Hedge Decl., ¶ 17.

3        It is true that colorable arguments can be made by Plaintiffs with respect to the entitlement

4    to administrative priority claims based on, among other things, the revisions to section 503(b) of

5    the Bankruptcy Code which were made in 2005.  However, no controlling Ninth Circuit authority

6    exists on the point.  Therefore, at a minimum, and again although the Debtor and the Committee

7    are confident in their position, the result of litigation on this issue is uncertain and subject to what

8    might be a lengthy appellate review.

9        2.    Difficulties in Collection

10       Because the Debtor is defending the Adversary Proceedings, the difficulty of collection

11   factor does not come into play with respect to the proposed settlement of the Adversary

12   Proceedings.

13       3.    Complexity of Litigation and Expense, Inconvenience and Delay

14       There are three aspects to the complexity of litigation on the Adversary Proceedings, and

15   the presence of each strongly militates in favor of an early settlement.  First, Plaintiffs seek class

16   certification in each of the Adversary Proceedings, which the Debtor contests for various reasons,

17   including that certification under Rule 23 of the Federal Rules is improper with respect to

18   potential administrative claims.  Thus, without the settlement, motion practice would ensue on

19   various fronts.

20       Secondly, the Debtor's defenses to the claims under the WARN Acts are fact intensive,

21   and, the Debtor contends, could require discovery regarding, potentially, of each of the members

22   of the class, or a minimum of 238 former employees.  Discovery regarding the Debtor's financial

23   affairs over a period of at least a year would be required, and doubtless the complicated pre-

24   bankruptcy negotiations with the studios which eventually provided a DIP Loan to the Debtor

25   would also be in issue.  This discovery would be fact intensive and lengthy, significantly reducing

26   the funds ultimately available for creditors.  Hedge Decl., ¶ 20.

27       Finally, as discussed above, any ruling on whether or not any resulting damages under the

28   WARN Acts would be entitled to administrative priority would be subject to highly contested

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4                11

1   litigation.  Moreover, the result of such litigation would doubtless be appealed, potentially

2   delaying Plan proceedings – or at least the effectiveness of any confirmed Plan – for a year or

3   more.  Such delay likely would not benefit the Debtor's former employees and the members of

4   the Settlement Classes which retain claims for unpaid wages and benefits and who will receive

5   payments relatively soon under the proposed settlement.

6        4.    <u>Paramount Interest of Creditors</u>

7        The cooperation of the parties, and the early mediation of the Adversary Proceedings, has

8   now yielded the compromise embodied in the Settlement Stipulation.  Undoubtedly, the proposed

9   compromise is beneficial to creditors, and especially all the former employees – not just the

10   members of the Settlement Classes – because it clears the way for solicitation and, it is hoped,

11   confirmation of the Plan.  The prompt confirmation and effectiveness of the Plan will allow not

12   only for payment of the WARN Act Common Fund, but also the Allowed Priority Wage/Benefit

13   Claims of the former employees.  On the other hand, without a settlement, and because of the

14   large administrative claims which are asserted in the Adversary Proceedings, Plan proceedings

15   might be delayed for a considerable length of time.  The Debtor believes that all constituencies

16   took this reality into account in reaching the proposed settlement.  Hedge Decl., ¶ 22.

17        All in all, the Debtor submits that the proposed compromise is reasonable and adequate

18   under the circumstances and should be approved.  Moreover, the Debtor believes it is well within

19   its business judgment in seeking to resolve the Adversary Proceedings by means of the

20   settlement.  Hedge Decl., ¶ 23.

21                                  **VI.**

22      **<u>THE SETTLEMENT STIPULATION SHOULD BE PRELIMINARILY APPROVED</u>**

23   **A.**    **<u>Approval of Settlement Stipulation Under Rule 23</u>**

24        Fed. R. Civ. P. 23(e), made applicable by Fed. R. Bankr. P. 7023, provides that "[a] class

25   action shall not be dismissed or compromised without the approval of the court."  Therefore, a

26   court must carefully examine a class action settlement under Fed. R. Civ. P. 23(e) to ensure its

27   "fairness, adequacy and reasonableness," *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d

28

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

1295, 1323 (2d Cir. 1990), and to ensure that the settlement was not a product of collusion

between the parties. *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).

Although Fed. R. Civ. P. 23(e) does not specify any particular procedure as to how a court should review a class action settlement, a number of courts have adopted a two-step procedure, consisting of preliminary approval of the settlement before notice is given to class members, and a subsequent "fairness hearing," at which all class members have an opportunity to be heard on whether final approval of the settlement should be granted. *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp.1379, 1384 (D. Md. 1983); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 985 (11th Cir. 1984) (preliminarily approving settlement and scheduling fairness hearing); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 278 (S.D.N.Y. 1999) (same); *Hickerson v. Velsicol Chem. Corp.*, 121 F.R.D. 67, 69 (N.D. Ill. 1988) (same); *Seiffer v. Topsy's Int'l, Inc.*, 70 F.R.D. 622, 625 (D. Kan. 1976) (same). The purpose of the preliminary approval is to evaluate the settlement to determine whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." Manual for Complex Litigation, Second § 30.44 (1985); *see also Armstrong*, 616 F.2d at 314; *Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. at 1384.

Consistent with the case law employing a two-step procedure, the movants request that the Court, at the hearing on the Motion, grant preliminary approval of the Settlement Stipulation, certify the Settlement Classes for settlement purposes only, set a date for a final hearing on the Motion, approve the form of Class Notices and subsequent to the final fairness hearing, enter an Order finally approving the Settlement Stipulation.

**B.    A Presumption of Fairness Applies to the Settlement Stipulation**

When a proposed settlement is the result of arm's-length negotiations, there is a presumption that it is fair and reasonable. *See* 2 Newberg & Conte, *Newberg on Class Actions* §11.41 at 11-88 (3d ed. 1992); *Manual for Complex Litigation* §30.42. Indeed, a trial court is

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    directed to operate under a presumption of fairness when, *inter alia*, the settlement is the result of

2    arms-length negotiation, there has been investigation and discovery that are sufficient to permit

3    counsel and the court to act intelligently, and counsel are experienced in similar litigation.

4        Due to the bankruptcy and limited assets in Debtor's estate, this matter was very time

5    sensitive, and in the interests of preserving the assets of the estate so as to maximize a potential

6    recovery for the members of the Settlement Classes, the Movants worked cooperatively in

7    exchanging information rather than conducting formal discovery.  In this regard, the Movants

8    conferred and exchanged information informally prior to informal settlement negotiations, as well

9    as in advance of the all-day mediation, which the Parties attended in person.  Thus, the Parties

10    were enabled to make an informed decision regarding settlement.  The Parties believe the

11    settlement to be in the best interest of the Debtor, and the members of the Settlement Classes,

12    taking into account the costs and risks of continued litigation, as well as the current insolvency of

13    the estates.  The opinion of experienced counsel supporting the settlement is entitled to

14    considerable weight.  *See, e.g.*, *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992

15    U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. June 10, 1992) (finding belief of counsel that the

16    proposed settlement represented the most beneficial result for the class to be a compelling factor

17    in approving settlement); *Kirkorian v. Borelli*, 695 F.Supp.446, 451 (N.D. Cal. 1988) (opinion of

18    experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F.Supp. 610,

19    622 (N.D. Cal. 1979) (recommendations of plaintiff's counsel should be given a presumption of

20    reasonableness). Thus, this Court should grant this Motion.

21        Preliminary approval of the settlement should be granted if there are no "grounds to doubt

22    its fairness or other obvious deficiencies, such as unduly preferential treatment of class

23    representatives or segments of the class, or excessive compensation for attorneys, and appear to

24    fall within the range of possible approval."  *Manual for Complex Litigation* §30.41, at 236-37 (3d

25    ed. 1995).  The proposed Settlement Stipulation satisfies the standard for preliminary approval as

26    it is within the range of possible approval and there are no grounds to doubt its fairness.  The

27    Plaintiffs allege that the maximum theoretical claims under the WARN Acts of the Capizzi I

28    Class is approximately $3,600,000.  While Debtor and Committee contend that the WARN claims

74262-00017/1979657.4                    14

were without merit, if Plaintiffs had prevailed, Plaintiffs contend the WARN claims should be entitled to administrative priority status. Debtor and Committee dispute this and contend that, at best, the damages under the WARN Acts would be entitled to wage priority and suggest that after the payment of the Allowed Priority Wage/Benefit Claims owed to the Terminated Employees, less than one million dollars (in the aggregate) of the maximum WARN damages would have been eligible for priority wage status due to the application of the statutory cap on such claims. The settlement resolves the disputes over these issues and provides members of the Settlement Classes with their Allowed Priority Wage/Benefit Claims, on or as soon as reasonably practicable after the Effective Date, as well as payment of their Allowed Unsecured Wage/Benefit Claims, in accordance with the Plan, in resolution of their claims in Capizzi II, as well as their *pro rata* share of the WARN Act Common Fund.

With regard to the Capizzi I Class, the settlement provides meaningful redress for the Class Members who were terminated from their jobs, allegedly without notice required under the WARN Acts. While the Debtor and the Committee maintain that one or more exceptions to the WARN Acts' notice requirements may justify the lack of notice to the employees, both recognize that the Debtor may have liability under the WARN Acts, as well as for the unpaid wages owed to the Terminated Employees and further recognize the advantages of settlement to avoid additional expense and uncertainty. Because the WARN Acts are fee shifting statutes, if the litigation continues and Capizzi I or Capizzi II are certified as class actions and the Plaintiffs prevail, the Debtor will bear the expense of its own, as well as Class Counsel's, professional fees and costs. The Settlement Stipulation further provides for prompt payment of the settlement funds to Capizzi I Class members and prompt payment of the Allowed Priority Wage/Benefit Claims in accordance with the Plan, without the delay of awaiting liquidation of the remainder of the estate. Likewise, the Settlement Stipulation will provide for dismissal of the Capizzi I and Capizzi II adversary proceedings.

Thus, the Movants believe that the settlement will provide substantial benefits to Class Members, reduce litigation costs, eliminate uncertainty, and provide finality to the pending Capizzi I and Capizzi II adversary proceedings.

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

15

## C.    The Settlement Classes Should Be Preliminarily Certified

Under Fed. R. Civ. P. 23, to maintain a class action, the following conditions must be met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Both Settlement Classes, which contain identical members, satisfy all the prerequisites to maintain a class action under Fed. R. Civ. P. 23 are met.

First, the numerosity requirement is satisfied in that the proposed Settlement Classes include 238 of the Debtor's former employees from the Facility.

Second, common issues will be resolved through class treatment; such as, without limitation, applicability of the WARN Acts and wage claims for wages earned and for the nonpayment of wages within 30 days of the employees' termination.

Third, the proposed class representatives' claims are precisely the same as those of the class; they were terminated without advance WARN notice and without payment of pre-petition wages and paid time off, which amount remains unpaid.

Fourth, no conflicts, disabling or otherwise, exist between the representatives and Settlement Classes' members because the representatives have allegedly been damaged by the same alleged conduct and have the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery.

Moreover, the adequacy requirement is met for purposes of settlement. Class Counsel are experienced class action attorneys, have been appointed as lead counsel in numerous class actions, and have a successful track record in litigating class actions.

Also relevant to the Court's certification decision is whether a class action is the superior method of adjudication. Here, each Settlement Class Member's claim would be impractical to bring as individual claims.

Accordingly, the Settlement Classes meet all criteria for certification and should be certified for purposes of effectuating the Settlement Stipulation. *See Amchen Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (finding that because the Court was certifying the action for

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

16

1    settlement purposes only, it did not need to determine whether the class would be manageable for

2    litigation purposes).

3    **D.    The Proposed Notices Are Adequate**

4    The proposed Class Notices are accurate, informative, and readable by the average person.

5    They are written in simple, plain language, and provide key information about the Settlement

6    Stipulation as well as an individualized statement of expected recovery for each Class Member,

7    before and after deduction of one third attorneys' fees, plus costs, so that each Class Member can

8    choose what to do, as well as the date, time, and place of the final hearing to consider approval of

9    the Settlement Stipulation. The Class Notices also inform Class Members that they will be bound

10   by the judgment and that they have the right to object to, or be excluded from, the Settlement

11   Stipulation. The Class Notices further provide the deadline for submitting objections to the

12   Settlement Stipulation and the process by which a party may appear or opt-out of the Settlement

13   Classes. Further, as required, the Class Notices are neutral as to the merits of the proposed

14   Settlement Stipulation. In short, the Class Notices are "adequate to 'fairly apprise the prospective

15   members of the class of the terms of the proposed settlement and of the options that are open to

16   them in connection with [the] proceedings.'" *7-Eleven Owners for Fair Franchising v. Southland*

17   *Corp.*, 85 Cal.App.4th 1135, 1164 (2000) (citation omitted).

18   The proposed method of notice is also quite adequate. Since the Class Notices will be

19   mailed to the Settlement Class members' home addresses as reflected in the Debtor's books and

20   records, and Class Counsel will follow up on any undeliverable mailings, this method will

21   provide Settlement Class Members with the greatest opportunity to receive notice.

22   **VII.**

23   **THE SETTLEMENT SHOULD BE FINALLY APPROVED AS TO THE SETTLEMENT**

24   **CLASSES AT THE FAIRNESS HEARING**

25   Rule 23(e)(1)(C) of the Federal Rules provides that

26   [t]he court may approve a settlement, voluntary dismissal, or compromise
     that would bind class members only after a hearing and on finding that the
27   settlement, voluntary dismissal, or compromise is fair, reasonable, and
     adequate.

28

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Greenberg Glusker Fields Claman &
Machinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    Fed. R. Civ. P. 23(e)(1)(C).

2    The Ninth Circuit favors class settlements: "When reviewing class action settlements, we

3    have a 'strong judicial policy that favors settlements'." *In re Pacific Enterprises Litigation*, 47 F.

4    3d 373, 378 (9th Cir. 1995) (citation omitted).

5    In *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993), the Ninth Circuit

6    reaffirmed the settled rule that a class "settlement should be approved if it is fundamentally fair,

7    adequate and reasonable'." (citation omitted).  In *Officers for Justice v. Civil Serv. Comm. of San*

8    *Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983), the court

9    stated that this determination requires

10             a balancing of several factors which may include, among others, some or
11             all of the following:  the strength of plaintiffs' case; the risk, expense,
             complexity, and likely duration of further litigation; the risk of maintaining
12             class action status throughout the trial; the amount offered in settlement;
             the extent of discovery completed, and the stage of the proceedings; the
13             experience and views of counsel; the presence of a governmental
             participant; and the reaction of the class members to the proposed
14             settlement.

15    In *Torrisi*, 8 F.3d at 1375, the Ninth Circuit reaffirmed the factors delineated in *Officers*

16    *for Justice* and declared, as did the Court in *Officers for Justice*, that "this list is not exclusive and

17    different factors may predominate in different factual contexts."  *Id*. at 1376.

18    The movants submit that the Settlement should also be approved as fair, reasonable and

19    adequate to the Settlement Classes under the factors enumerated by the Ninth Circuit.

20    •    As set forth above, litigation of Capizzi I and Capizzi II would have been
          complicated, protracted and expensive.
21
22    •    The Class Representatives support the Settlement and Class Counsel believes that
          the bulk of the other Class Members will have a favorable reaction to the
          Settlement and not object to it or opt out of it.
23
24    •    The Settlement was reached after the essential facts had been thoroughly
          investigated by Class Counsel, including informal disclosure from Debtor.  Class
25         Counsel believes that the settlement is fair and reasonable and in the best interests
          of the Settlement Classes.

26    •    As set forth above, the risks of being unable to fully establish liability and
          damages on both claims were present because of the numerous defenses which
27         Debtor and Committee intended to assert.

28    •    The Settlement provides for the Settlement Class members to receive their *pro*

*rata* share of the WARN Act Common Fund as well as payment on or as soon as reasonably practicable after the Effective Date of the Plan of their Allowed Priority Wage/Benefit Claims and payment, in accordance with the Plan, of their Allowed Unsecured Wage/Benefit Claims.

The Movants submit that the settlement is well within the range of reasonableness given the uncertainty of establishing liability and damages. To sum up, the majority of the relevant factors strongly support approval of the settlement. Accordingly, in addition to approving the Debtor's entry into the compromise, the Court should preliminarily approve the settlement and at a later the fairness hearing the Court should finally approve the settlement as "fair, reasonable and adequate" to the Settlement Classes.

## VIII.

## **PROPOSED SCHEDULE OF EVENTS**

The Court's entry of the Order of Preliminary Approval would, among other things, (1) certify the Settlement Classes as class actions for the purposes of the Settlement Stipulation; (2) direct notice of the Settlement Stipulation to all members of the Settlement Classes; and (3) schedule a final hearing to consider whether the Settlement Stipulation should be approved as being fair, reasonable, and adequate (the "Final Fairness Hearing"). As such, the proposed Order of Preliminary Approval sets certain deadlines, as follows:

> **Deadline for Class Counsel to mail the Class Notices to the Class: 10 business days after the entry of the Order of Preliminary Approval;**
>
> **Deadline to Opt-Out of the Settlement Classes: 35 days after the mailing of the Class Notices;**
>
> **Deadline for any Class Member or other party in interest to object to the final approval of the Settlement Stipulation: 35 days after the mailing of the Class Notices; and**
>
> **Final Fairness Hearing: 45 days after the mailing of the Class Notices, or as otherwise directed by the Court.**

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Class Members with respect to their rights concerning the Settlement Stipulation. *See Torrisi.,* 8 F.3d 1370.

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# IX.

## CONCLUSION

For the reasons set forth above, the Movants respectfully request that the Court:

1)     grant the Motion in its entirety;

2)     approve the Debtor's entry into the proposed compromise under the terms as set forth in the Settlement Stipulation;

3)     preliminarily approve of the settlement of this class action as set forth in the Settlement Stipulation, attached hereto as Exhibit A;

4)     certify, for settlement purposes only, the Settlement Classes;

5)     preliminarily appoint, for settlement purposes only, Thomas C. Capizzi and Anthony Barcelo as the Class Representatives of the Settlement Classes;

6)     preliminarily appoint, for settlement purposes only, the law firms of Lankenau & Miller, The Gardner Firm, P.C., Outten & Golden LLP and Reeder Law Corporation as Class Counsel to the Settlement Classes;

7)     approve the form of the Class Notices attached hereto as Exhibits B and C;

8)     approve the deadlines and scheduling set forth above in Section VIII;

9)     upon the Final Fairness Hearing, enter an order finally approving the Settlement Stipulation; and

10)     accord such further and other relief as is just and proper.

Dated:    September 27, 2013

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP


By    */s/C. John M. Melissinos*
     BRIAN L. DAVIDOFF
     C. JOHN M. MELISSINOS
     COURTNEY E. POZMANTIER

     Attorneys for the AWTR Liquidation, Inc.,
     f/k/a Rhythm And Hues, Inc.,
     Debtor and Debtor in Possession

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1

2       -and-

3       **STUTMAN, TREISTER & GLATT, P.C.**
        Gary E. Klausner, Esq.

4       Attorneys for the Attorney for the Official Committee
        of Creditors Holding Unsecured Claims

5       -and-

6       **THE GARDNER FIRM, P.C.**
        Mary E. Olsen, Esq.

7       Co-Counsel for Plaintiffs and Settlement Classes

8       -and-

9       **LANKENAU & MILLER, LLP**
        Stuart J. Miller, Esq.

10

11      Co-Counsel for Plaintiffs and Settlement Classes

12      -and-

13      **OUTTEN & GOLDEN, LLP**
        René S. Roupinian, Esq.

14      Co-counsel for Plaintiffs and Settlement Classes

15      -and-

16      **REEDER LAW CORPORATION**
        David M. Reeder, Esq.

17

18      Co-counsel for Plaintiffs and Settlement Classes

19

20

21

22

23

24

25

26

27

28

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

21

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

## DECLARATION OF JOHN F. HEDGE

I, John F. Hedge, declare:

1.    I am a principal of Scouler & Company ("Scouler" or the "Firm"), and in such capacity am the Chief Restructuring Officer ("CRO") of AWTR Liquidation, Inc., f/k/a Rhythm and Hues, Inc., the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor").  Except for those statements made expressly upon information and belief, the following facts are based upon my personal knowledge and if called to testify, I could and would competently testify to these facts under oath.  As to those statements made upon information and belief, I believe them to be true.

2.    I submit this declaration in support of the attached *Joint Motion of Debtor, Committee and Proposed Class Representatives, in Accordance With Proposed Stipulation of Class Settlement:  (A) to Approve Proposed Compromise of Claims in Adversary Proceedings; and (B) in Accordance With Fed. R. Bankr. P. 7023, to (I) Preliminarily Approve Settlement Between Debtor and Certain Former Employees, (II) Approve Form and Manner of Notice of Settlement, (III) Schedule Fairness Hearing to Consider Final Approval of Settlement, and (IV) Subsequent to Fairness Hearing, Finally Approve Settlement; Memorandum of Points and Authorities* (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Memorandum of Points and Authorities.

3.    On February 13, 2013 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary Petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").  The Debtor continues to manage its affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for a trustee or examiner has been made.  An Official Committee of Unsecured Creditors (the "Committee") has been appointed in this case and has retained counsel.

4.    The Debtor was formerly one of the world's leading producers of visual effects and computer-generated animation for the entertainment industry, and received numerous industry awards and accolades for its work, including three Academy Awards.  In an effort to strengthen its financial position, secure debtor-in-possession financing and find buyer for its

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

74262-00017/1979657.4

1

assets, the Debtor commenced this chapter 11 case.  The Debtor's chapter 11 filing preserved the going concern value of the Debtor's business and allowed the Debtor to continue work on its existing projects while it conducted a sale process.

5.    Also as part of its filing, the Court approved the Debtor's entry into a debtor in possession financing agreement (the "DIP Loan") with Universal City Studios LLC and Twentieth Century Fox, a division of Twentieth Century Fox Film Corporation (together, the "DIP Lenders") in the amount of $17,086,000.  The DIP Loan provided crucial financing to the Debtor and allowed it time to locate a buyer so as to maximize value for creditors herein.

6.    After a multi-day auction and a hearing, the Court approved the sale of substantially all of the Debtor's assets to 34 x 118 Holdings, LLC ("Holdings" or the "Buyer") in accordance with the Court's *Order: (A) Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances and Other Interests; (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (C) Granting Related Relief dated April 4, 2013* [Docket No. 197] (the "Sale Order").  The sale to the Buyer closed on April 8, 2013.  As part of the sale, the Buyer paid the Debtor $1.2 million in cash, and assumed a number of liabilities, including the outstanding obligations under the DIP Loan, which was fully paid or assumed by Holdings.

7.    In addition, the Debtor worked to obtain necessary Court orders to ensure the sale of the real property (the "Building" or the "Property") owned by the Debtor's affiliate 2100 Grand, LLC ("2100 Grand") in which the Debtor conducted its operations.  On May 1, 2013, as a result of the sale of the Building, the Debtor received approximately $4.2 million in cash on account of 2100 Grand's obligations to the Debtor.

8.    On June 14, 2013, the Debtor filed amendments to Schedules E and F [Docket No. 275] ("Amended Schedules E and F").  Amended Schedules E and F reflected the Debtor's calculation of both unsecured priority claims for unpaid wages and benefits and general unsecured claims for unpaid wages and benefits due to former employees, including (as defined below) the Terminated Employees.

/ / /

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

9.      Currently, the Debtor no longer has any employees except for its President, John Hughes, and myself serving as CRO.  The estate holds the cash proceeds of the sale to Holdings as well as the cash proceeds of the sale of the Building, in the total amount of approximately $6 million, all of which is free and clear cash of the estate.  On September 24, 2013, the Debtor and the Committee filed their proposed *Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors dated September 24, 2013* [Docket No. 352] (the "Plan") and accompanying *Disclosure Statement Describing Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors dated September 24, 2013* [Docket No. 353] (the "Disclosure Statement").

10.     On February 10, 2013, the Debtor laid off approximately 236 employees from its Facility. On February 11, 2013, the Debtor laid off approximately 2 additional employees from the Facility (together with the 236 employees laid off on February 10, 2013, the "Terminated Employees").  The Debtor alleges that, on or about February 10, 2013, it issued a written WARN Act notice via email purporting to notify the Terminated Employees of their layoffs.

11.     Thomas Capizzi and Anthony Barcelo, as Putative Class Plaintiffs (the "Plaintiffs") in Adversary Proceeding Nos. 2:13-1p-01209-NB ("Capizzi I") and 2:13-ap-01463-NB ("Capizzi II" and, together with Capizzi I, the "Adversary Proceedings") commenced Capizzi I, a purported class action adversary proceeding asserting claims under the Federal WARN Act and the CA WARN Act against Debtor and which was last amended on or about May 20, 2013.  In Capizzi I, the Plaintiffs allege that they and the Terminated Employees were terminated as part of, or as the result of, a mass layoff implemented by the Debtor.  In Capizzi I, Plaintiffs allege that Debtor failed to give the Plaintiffs and the Terminated Employees at least 60 days' advance written notice of termination, as required by the WARN Act.  In Capizzi I, as a consequence of Debtor's alleged failure to give the Plaintiffs and Terminated Employees at least 60 days' advance written notice of termination, the Plaintiffs seek up to 60 days' pay and benefits for each Terminated Employee for the Debtor's alleged WARN Act violation.  Capizzi I seeks an allowed first priority administrative expense claim against the Debtor pursuant to 11 U.S.C. § 503(b)(1)(A) for the WARN Act damages, and also seeks, in the alternative, that the first $11,725 of the WARN Act

1    damages be entitled to priority status, under 11 U.S.C. § 507(a)(4) and (5), with any remainder as

2    a general unsecured claim.  Capizzi I also seeks attorneys' fees and reimbursement of court costs

3    and litigation expenses.

4              12.        Following the filing of the bankruptcy case, Capizzi also filed Capizzi II which

5    seeks the recovery of earned compensation that the Terminated Employees were owed upon their

6    terminations and wage continuation for each day that the wages remained unpaid (up to thirty

7    additional days) pursuant to California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203)

8    and which was last amended on or about May 20, 2013.  Capizzi II alleges that Labor Code § 201

9    required Debtor to pay Plaintiff and the Terminated Employees their earned, but unpaid

10   compensation immediately upon discharge.  Capizzi II also alleges that, since Debtor did not pay

11   Plaintiff and the Terminated Employees their earned, but unpaid compensation immediately upon

12   discharge, or within thirty days thereof, Labor Code § 203 required Debtor to also pay the

13   Terminated Employees' wages for 30 additional days beyond their terminations.  Capizzi II

14   claims that the first $11,725 of the amounts due the Terminated Employees pursuant to Labor

15   Code § 201 (plus interest in accord with Labor Code § 218.6) are entitled to priority status, under

16   11 U.S.C. § 507(a)(4) and (5), with the remaining balance as a general unsecured claim.  Capizzi

17   II claims that wage continuation prepetition amounts due the Terminated Employees under Labor

18   Code § 203 (plus interest in accord with Labor Code § 218.6) are entitled to priority status, under

19   11 U.S.C. § 507(a)(4) up to a maximum of $11,725, with any remainder as a general unsecured

20   claim.  Capizzi II claims post-petition wage continuation amounts due the Terminated Employees

21   under Labor Code § 203 (plus interest in accord with Labor Code § 218.6) are entitled to

22   administrative priority claim status under 11 U.S.C. § 503.  Capizzi II also seeks attorneys' fees,

23   reimbursement of court costs and litigation expenses.

24             13.        On May 20, 2013, Plaintiffs filed a *Motion for (A) Class Certification,*

25   *(B) Appointment of Class Representatives, (C) Appointment of Class Counsel, (D) Approval of*

26   *the Form and Manner of Class Notice, and (E) Such Other and Further Relief as This Court May*

27   Deem *Appropriate* in Capizzi I, and Capizzi filed a *Motion for (A) Class Certification,*

28   *(B) Appointment of Class Representative, (C) Appointment of Class Counsel, (D) Approval of the*

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*Form and Manner of Class Notice, and (E) Such Other and Further Relief as This Court May Deem Appropriate in Capizzi II*.  These motions are both pending, but were taken off calendar pursuant to stipulations among the Parties.

14.    In or about May 2013, Plaintiffs, the Debtor and the Committee (herein, the "Parties" or "Movants") began engaging in informal efforts to resolve both Capizzi I and Capizzi II.  On or about June 4, 2013, Plaintiffs sent the Debtor informal information requests. Subsequent to June 4, 2013, and subject to an appropriate confidentiality agreement, the Debtor provided certain information in response to Plaintiffs' informal information requests, including the names, payroll information, hire dates, termination dates and job titles  of the Terminated Employees.  The Plaintiffs and Debtor exchanged confidential settlement position statements on July 26, 2013 and attempted to informally resolve Capizzi I and Capizzi II during a telephone conference on July 29, 2013, but those efforts were unsuccessful.  The Parties then agreed to mediate Capizzi I and Capizzi II on August 27, 2013 before the Honorable Mitchell Goldberg, United States Bankruptcy Judge, retired, and submitted confidential mediation briefs prior to the mediation.  The Parties attended the mediation on August 27, 2013 and agreed, subject to approval of this Court, to resolve the Capizzi I and Capizzi II matters in accordance with the Settlement Stipulation.

15.    Attached as <u>Exhibit A</u> hereto and incorporated herein by this reference is a true and correct copy of the concurrently filed *Stipulation of Class Settlement* [Docket No. 358] (the "Settlement Stipulation").

16.    The Adversary Proceedings seek the payment of, at least potentially, millions of dollars on an administrative priority basis.  The Debtor and the Committee believe that under the circumstances, they have meritorious defenses to the assertion of claims under the WARN Acts, including the so-called "faltering company" exception.  However, the Debtor's circumstances are somewhat unique, and therefore the ability to maintain the defenses is unknown.  In the final analysis, it seems likely that should the matter be litigated, there is a very real chance of a trier of fact finding that liability exists under the WARN Acts.

/ / /

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

17.     More significant, however, is whether or not any resulting liability would be accorded priority or administrative status under the Bankruptcy Code.  Plaintiffs are insistent that administrative claims would be the result of the Adversary Proceedings.  For their part, the Debtor and the Committee vigorously dispute that administrative claims exist in any way with respect to the claims in the Adversary Proceedings.

18.     It is true that colorable arguments can be made by Plaintiffs with respect to the entitlement to administrative priority claims based on, among other things, the revisions to section 503(b) of the Bankruptcy Code which were made in 2005.  To date, the published decisions with respect to this issue have found that no administrative priority exists.  However, no controlling Ninth Circuit authority exists on the point.  Therefore, at a minimum, and again although the Debtor and the Committee are confident in their position, the result of litigation on this issue is uncertain and subject to what might be a lengthy appellate review.

19.     There are three aspects to the complexity of litigation on the Adversary Proceedings, and the presence of each strongly militates in favor of an early settlement.  First, Plaintiffs seek class certification in each of the Adversary Proceedings, which the Debtor contests for various reasons, including that certification under Rule 23 of the Federal Rules is improper with respect to potential administrative claims.  Thus, without the settlement, motion practice would ensue on various fronts.

20.     Secondly, the Debtor's defenses to the claims under the WARN Acts are fact intensive, and would require discovery regarding, potentially, of each of the members of the class, or a minimum of 238 former employees.  Discovery regarding the Debtor's financial affairs over a period of at least a year would be required, and doubtless the complicated pre-bankruptcy negotiations with the studios which eventually provided a DIP Loan to the Debtor would also be in issue.  This discovery would be fact intensive and lengthy, significantly reducing the funds ultimately available for creditors.

21.     Any ruling on whether or not any resulting damages under the WARN Acts would be entitled to administrative priority would be subject to highly contested litigation.  Moreover, the result of such litigation would doubtless be appealed, potentially delaying Plan proceedings –

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1   or at least the effectiveness of any confirmed Plan – for a year or more.  Such delay likely would

2   not benefit the Debtor's former employees and the members of the Settlement Classes which

3   retain claims for unpaid wages and benefits and who will receive payments relatively soon under

4   the proposed settlement.

5          22.     The cooperation of the Parties, and the early mediation of the Adversary

6   Proceedings, has now yielded the settlement embodied in the Settlement Stipulation.

7   Undoubtedly, the proposed compromise is beneficial to creditors, and especially all the former

8   employees – not just the members of the Settlement Classes – because it clears the way for

9   solicitation and, it is hoped, confirmation of the Plan.  The effectiveness of the Plan will allow not

10  only for payment of the WARN Act Common Fund, but also the Allowed Priority Wage/Benefit

11  Claims of the former employees.  On the other hand, without a settlement, and because of the

12  large administrative claims which are asserted in the Adversary Proceedings, Plan proceedings

13  might be delayed for a considerable length of time.  The Debtor believes that all constituencies

14  took this reality into account in reaching the proposed settlement.

15         23.     All in all, I believe that the proposed compromise is reasonable and adequate

16  under the circumstances and should be approved.  Moreover, I believe that the Debtor is well

17  within its business judgment in seeking to resolve the Adversary Proceedings by means of the

18  settlement.

19         24.     Attached respectively as <u>Exhibit B</u> and <u>Exhibit C</u> hereto and incorporated herein

20  by this reference are true and correct copies of the form of proposed notices to the members of the

21  Settlement Classes in Capizzi I and Capizzi II, advising them of the proposed settlement.

22         I declare under penalty of perjury under the laws of the United States that the foregoing is

23  true and correct.

24         Executed at Atlanta, Georgia on this __26__ day of September, 2013.

25

26                                                  _____

27                                                  JOHN F. HEDGE

28

JOINT MOTION TO APPROVE SETTLEMENT AND RELATED RELIEF UNDER FED. R. BANKR. P. 7023

Greenberg Glusker Fields Claman &
Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# EXHIBIT "A"

1

BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
C. JOHN M. MELISSINOS (SBN 149224)
JMelissinos@GreenbergGlusker.com
COURTNEY E. POZMANTIER (SBN 242013)
CPozmantier@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

General Bankruptcy Attorneys for Debtor and
Debtor in Possession

GARY E. KLAUSNER (SBN 69077)
gklausner@stutman.com
ERIC D. GOLDBERG (SBN 157544)
egoldberg@stutman.com
H. ALEXANDER FISCH (SBN 223211)
afisch@stutman.com
DANIELLE A. PHAM (SBN 269915)
dpham@stutman.com
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, California  90067
Telephone:  310.228.5600
Fax:  310.228.5788

Counsel for Official Committee of Unsecured
Creditors

DAVID M. REEDER (SBN 133150)
david@reederlaw.com
REEDER LAW CORPORATION
1880 Century Park East, Suite 1200
Los Angeles, California  90067
Telephone:  310.557.8911
Fax:  310.557.0380

STUART J. MILLER (SJM4276)
LANKENAU & MILLER, LLP
132 Nassau Street, Suite 423
New York, New York  10038
Telephone:  212.581.5005
Fax:  212.581.2122

MARY E. OLSEN (OLSEM4818)
M. Vance McCrary (MCCRM4402)
DAVID C. TUFTS (TUFTD7673)
THE GARDNER FIRM, P.C.
210 South Washington Avenue
Mobile, Alabama  36602
Telephone:  251.433.8100
Fax:  251.433.8181

JACK A. RAISNER
RENE S. ROUPINIAN
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York  10016
Telephone:  212.245.1000
Fax:  212.977.4005

Counsel for Thomas Capizzi and Anthony Barcelo,
as Putative Class Plaintiffs in Adversary Proceeding
Nos. 2:13-1p-01209-NB and 2:13-ap-01463-NB

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

In re:
AWTR Liquidation, Inc.,
    f/k/a Rhythm And Hues, Inc.,
        Debtor and Debtor in
        Possession.

Chapter 11
Case No. 2:13-bk-13775-NB

Thomas C. Capizzi,
        Plaintiff,
v.
AWTR Liquidation, Inc.,
    f/k/a Rhythm And Hues, Inc.,
        Defendant.

Adv. No.: 2:13-ap-01463-NB

Thomas C. Capizzi and Anthony Barcelo,
        Plaintiff,
v.
AWTR Liquidation, Inc.,
    f/k/a Rhythm And Hues, Inc.,
        Defendant.

Adv. No.: 2:13-ap-01209-NB

**STIPULATION OF CLASS
SETTLEMENT**

Hearing on Motion to Approve
Compromise
Date:  [TO BE SET]
Time:  [TO BE SET]
Place:  Courtroom 1545
        255 E. Temple Street,
        Los Angeles CA 90012

74262-00017/1976311.10

EXH A
8

1    **THIS STIPULATION OF CLASS SETTLEMENT** (the "Settlement Stipulation")

2    is entered into by and among Debtor and Debtor in Possession AWTR Liquidation, Inc., f/k/a

3    Rhythm And Hues, Inc. (the "Debtor"), the Official Committee of Unsecured Creditors (the

4    "Committee"), and Plaintiffs Thomas C. Capizzi ("Capizzi") and Anthony Barcelo

5    ("Barcelo") (as further defined below, collectively "Plaintiffs" and, together with the Debtor

6    and Committee, the "Parties"), with respect to the following:

7        **A.**    **WHEREAS**, on February 10, 2013, the Debtor laid off approximately 236

8    employees from its facility located at 2100 East Grand Avenue, El Segundo, CA 90245 (the

9    "Facility");

10       **B.**    **WHEREAS**, on February 11, 2013, the Debtor laid off approximately 2

11   additional employees from the Facility (together with the 236 employees laid off on February

12   10, 2013, the "Terminated Employees");

13       **C.**    **WHEREAS,** on or about February 11, 2013, the Debtor issued a written

14   WARN Act notice via email purporting to notify the Terminated Employees of their layoffs;

15       **D.**    **WHEREAS**, on February 13, 2013 (the "Petition Date"), the Debtor filed a

16   voluntary petition under chapter 11 of the U.S. Bankruptcy Code (the "Bankruptcy Code") in

17   the United States Bankruptcy Court for the Central District of California, Los Angeles

18   Division (the "Bankruptcy Court" or the "Court"), assigned Case No.: 2:13-bk-13775-NB (the

19   "Bankruptcy Case");

20       **E.**    **WHEREAS,** following the filing of the Bankruptcy case, Plaintiffs

21   commenced a purported class action adversary proceeding under the federal Worker

22   Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101 – 2109 ("Federal

23   WARN Act") and its California counterpart, California Labor Code §§ 1400 – 1408 ("CA

24   WARN Act") (collectively referred to as "WARN Acts") entitled *Thomas C. Capizzi and*

25   *Anthony Barcelo, on behalf of themselves and all persons similarly situated v. AWTR*

26   *Liquidation, Inc.*; Adv. No. 2:13-ap-01209-NB (referred to herein as "Capizzi I" or the

27   "WARN Action") against Debtor and which was last amended on or about May 20, 2013;

74262-00017/1976311.10          1          STIPULATION OF CLASS SETTLEMENT

1    **F.**    **WHEREAS,** in Capizzi I, the Plaintiffs allege that they and the Terminated

2    Employees were terminated as part of, or as the result of, a mass layoff ordered by the Debtor;

3    **G.**    **WHEREAS,** in Capizzi I, Plaintiffs allege that Debtor failed to give the

4    Plaintiffs and the Terminated Employees at least 60 days' advance written notice of

5    termination, as required by the WARN Acts;

6    **H.**    **WHEREAS,** in Capizzi I, as a consequence of Debtor's alleged failure to give

7    the Plaintiffs and Terminated Employees at least 60 days' advance written notice of

8    termination, the Plaintiffs seek up to 60 days' pay and benefits for each Terminated Employee

9    for the Debtor's alleged violation of the WARN Acts;

10    **I.**    **WHEREAS,** Capizzi I seeks an allowed first priority administrative expense

11    claim against the Debtor pursuant to 11 U.S.C. § 503(b)(1)(A) for the WARN Acts' damages,

12    and also seeks, in the alternative, that the first $11,725 of the WARN Acts' damages be

13    entitled to priority status, under 11 U.S.C. § 507(a)(4) and (5), with any remainder as a

14    general unsecured claim;

15    **J.**    **WHEREAS,** Capizzi I also seeks attorneys' fees and reimbursement of court

16    costs and litigation expenses;

17    **K.**    **WHEREAS,** following the filing of the Bankruptcy Case, Capizzi also filed a

18    purported class action adversary proceeding entitled *Thomas C. Capizzi on behalf of himself*

19    *and all persons similarly situated v. AWTR Liquidation, Inc;* Adv. No. 2:13-ap-01463-NB

20    (referred to herein as "Capizzi II" or the "Wage Action") which seeks the recovery of earned

21    compensation that the Terminated Employees were owed upon their terminations and wage

22    continuation for each day that the wages remained unpaid (up to thirty additional days)

23    pursuant to California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203) and which

24    was last amended on or about May 20, 2013;

25    **L.**    **WHEREAS,** Capizzi II alleges that Labor Code § 201 required Debtor to pay

26    Plaintiff and the Terminated Employees their earned, but unpaid compensation immediately

27    upon discharge;

1    **M.**        **WHEREAS,** Capizzi II alleges that, since Debtor did not pay Plaintiff and the

2  Terminated Employees their earned, but unpaid compensation immediately upon discharge, or

3  within thirty days thereof, Labor Code § 203 required Debtor to also pay the Terminated

4  Employees' wages for 30 additional days beyond their terminations;

5    **N.**        **WHEREAS,** Capizzi II claims that the first $11,725 of the amounts due the

6  Terminated Employees pursuant to Labor Code § 201 (plus interest in accord with Labor

7  Code § 218.6) are entitled to priority status, under 11 U.S.C. § 507(a)(4) and (5), with the

8  remaining balance as a general unsecured claim;

9    **O.**        **WHEREAS,** Capizzi II claims that wage continuation prepetition amounts due

10  the Terminated Employees under Labor Code § 203 (plus interest in accord with Labor Code

11  § 218.6) are entitled to priority status, under 11 U.S.C. § 507(a)(4) up to a maximum of

12  $11,725, with any remainder as a general unsecured claim;

13    **P.**        **WHEREAS,** Capizzi II claims post-petition wage continuation amounts due

14  the Terminated Employees under Labor Code § 203 (plus interest in accord with Labor Code

15  § 218.6) are entitled to administrative priority claim status under 11 U.S.C. § 503;

16    **Q.**        **WHEREAS,** Capizzi II also seeks attorneys' fees, reimbursement of court

17  costs and litigation expenses;

18    **R.**        **WHEREAS,** the Debtor and Committee have asserted various defenses to the

19  purported claims asserted in the WARN Action and Wage Action and,  while having filed no

20  response to either, have notified Plaintiffs that the Debtor and the Committee dispute that such

21  actions should be certified as class actions;

22    **S.**        **WHEREAS,** the Debtor filed schedules in the Bankruptcy Case reflecting the

23  Debtor's calculation of both unsecured priority claims for unpaid wages and benefits and

24  general unsecured claims for unpaid wages and benefits due to former employees, including

25  the Terminated Employees (collectively, "Former Employees");

26    **T.**        **WHEREAS,** on May 20, 2013, Plaintiffs filed a *Motion for (A) Class*

27  *Certification, (B) Appointment of Class Representatives, (C) Appointment of Class Counsel,*

EXH A
11

1    *(D) Approval of the Form and Manner of Class Notice, and (E) Such Other and Further*

2    *Relief as This Court May Deem Appropriate* in Capizzi I, and Capizzi filed a *Motion for*

3    *(A) Class Certification, (B) Appointment of Class Representative, (C) Appointment of Class*

4    *Counsel, (D) Approval of the Form and Manner of Class Notice, and (E) Such Other and*

5    *Further Relief as This Court May Deem Appropriate* in Capizzi II;

6        **U.**    **WHEREAS,** in or about May 2013**,** the Parties began engaging in informal

7    efforts to resolve both Capizzi I and Capizzi II;

8        **V.**    **WHEREAS,** on or about June 4, 2013, Plaintiffs served Debtor with informal

9    information requests,

10        **W.**    **WHEREAS**, subsequent to June 4, 2013, Debtor provided certain information

11    in response to Plaintiffs' informal information requests, including the names, payroll

12    information, hire dates, termination dates and job titles of the Terminated Employees;

13        **X.**    **WHEREAS,** the Plaintiffs and Debtor exchanged confidential settlement

14    position statements on July 26, 2013 and attempted to informally resolve Capizzi I and

15    Capizzi II on July 29, 2013, but those efforts were unsuccessful;

16        **Y.**    **WHEREAS,** the Parties agreed to mediate Capizzi I and Capizzi II on August

17    27, 2013 and submitted confidential mediation briefs prior to the mediation; and

18        **Z.**    **WHEREAS,** the Parties attended the mediation on August 27, 2013 and

19    agreed, subject to approval of this Court, to resolve the Capizzi I and Capizzi II matters.

20        **NOW, THEREFORE**, in consideration of the mutual promises and agreements set

21    forth herein and as inducements therefor, and subject to the approval of the Bankruptcy Court

22    after appropriate notice has been given, the Parties through their undersigned counsel hereby

23    agree as follows:

24        1.    Based on the information available, the Debtor hereby represents and warrants

25    that, following a careful investigation, Exhibit 1 hereto is a complete list of all Terminated

26    Employees, *i.e.*, all of those employees laid off on February 10, 2013 and February 11, 2013

27    from the Facility, and is also a complete list of Debtor's former employees who fall within the

74262-00017/1976311.10                    4                    STIPULATION OF CLASS SETTLEMENT

EXH A
12

1   proposed class definitions in Capizzi I and Capizzi II   Further, Debtor hereby represents and

2   warrants that, following a careful investigation, Exhibit 1 represents an accurate accounting of

3   the allowed wages and/or benefits earned, but outstanding, to the Terminated Employees

4   ("Allowed Priority Wage/Benefit Claims" and the "Allowed Unsecured Wage/Benefit

5   Claims").  The Allowed Priority Wage/Benefit Claims will be paid in full on, or as soon as

6   reasonably practicable after, the Effective Date, in accordance with the Joint Chapter 11 Plan

7   of Liquidation ("Plan") to be filed in this bankruptcy case by the Debtor and the Committee.

8   Further, the Allowed Unsecured Wage/Benefit Claims shall be paid in accordance with the

9   Plan.  For avoidance of doubt, no attorney's fees will be deducted from the payments to be

10  made on account of the Allowed Priority Wage/Benefit Claims and the Allowed Unsecured

11  Wage/Benefit Claims which are paid to the Capizzi II Class members.  All payments on

12  account of the Allowed Priority/Wage Benefit Claims and the Allowed Unsecured

13  Wage/Benefit Claims will be paid through the liquidation trust to be established under the

14  Plan.

15          2.       The Debtor represents and warrants that, following a careful investigation,

16  Exhibit 1 is a complete list of all 238 potential class members in the Capizzi I and Capizzi II,

17  with each class to be defined as follows: (a) "Capizzi I Class": all former employees of

18  Debtor who worked at or reported to the Facility and were terminated allegedly without cause

19  on or about February 10, 2013 and February 11, 2013, and who are affected employees,

20  within the meaning of the WARN Acts, *i.e.*, the Terminated Employees, and who do not file a

21  timely request to opt-out of the class and (b) "Capizzi II Class": all former employees of

22  Debtor who worked at or reported to the Facility and were terminated on or about February

23  10, 2013, who were not paid their earned compensation upon discharge and whose earned

24  compensation remained unpaid after they were terminated for one or more days, and who do

25  not file a timely request to opt-out of the class (the Capizzi I Class and the Capizzi II Class,

26  collectively, the "Settlement Classes").

27

74262-00017/1976311.10                          5                    STIPULATION OF CLASS SETTLEMENT

3.      Subject to  approval of the Bankruptcy Court under Rule 23 of the Federal Rules of Civil Procedures ("Federal Rules") as incorporated herein by Rule 7023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Parties agree that:  (a) the Capizzi I Class and the Capizzi II Class shall be certified with respect to Capizzi I and Capizzi II; (b) Capizzi and Barcelo shall serve as the Class Representatives (the "Class Representatives") for the Settlement Classes; and (c) Lankenau & Miller, The Gardner Firm, P.C., Outten & Golden LLP and Reeder Law Corporation shall serve as class counsel ("collectively, "Class Counsel") to the Settlement Classes.

4.      Subject to approval of the Bankruptcy Court, in full settlement of the claims of the Capizzi I Class for alleged violations of the WARN Acts, the Debtor shall, upon the effective date of the Plan, transmit One Million ($1,000,000.00) Dollars (the "the WARN Act Common Fund") to Class Counsel via wire transfer, according to instructions to be supplied by Class Counsel.  The WARN Act Common Fund shall then be distributed by Class Counsel as follows: (i) the sum of $10,000 to each of the two Class Representatives for their Service Fees, and (ii) the balance of $980,000, minus one-third attorney fees, plus reimbursement of court costs and litigation expenses, or as shall be further approved by the Court after notice provided to the Capizzi I Class, shall be divided among the Capizzi I Class members who do not opt-out of this settlement on a *pro rata* basis according to the gross settlement claim amounts for the Capizzi I Class members set forth on Exhibit 1 hereto.  The distributions contemplated herein shall be mailed by Class Counsel to the Class Representatives and the Capizzi I Class members at their last known address indicated on Exhibit 1 (or to such other address as the members of the Capizzi I Class may indicate to Class Counsel or which Class Counsel may locate), along with an IRS Form 1099.  Neither the Debtor nor the Committee, nor any successor thereto as may be designated under the Plan, shall have any obligation to make distributions to the individual members of the Capizzi I Class members on account of the WARN Act Common Fund.

6.      The entitlement of the Class Representatives to receive the amount of the WARN Act Common Fund shall be reflected in the Plan as a separate class, which shall be treated in accordance with the terms of this Settlement Stipulation and shall be deemed to be unimpaired for Plan confirmation purposes, and the Class Representatives shall be deemed to accept the Plan.

7.      Amounts paid to members of the Settlement Classes from the WARN Act Common Fund shall have no effect on the Allowed Priority Wage/Benefit Claims or Allowed Unsecured Wage/Benefit Claims due members of the Settlement Classes, which amounts shall be paid in accordance with the Plan.  Any claims filed by any of the Settlement Classes on account of a released claim as set forth in Paragraph 10 herein shall be deemed withdrawn and released, and may be objected to by Debtor, any successor to the Debtor or agent appointed under the Plan, or the Committee.

8.      Subject to  approval of the Bankruptcy Court, the Parties agree that the Class Representatives shall each receive the sum of $10,000.00 (the "Service Fees")[1] from the WARN Act Common Fund in consideration of their services as the Class Representatives, and no attorney fees will be deducted from these Service Fees  For avoidance of doubt, each member of the Capizzi I Class shall receive his or her *pro rata* share of the WARN Act Common Fund after deductions for the $20,000 Service Fees (in total) to be paid to the Class Representatives and Class Counsel fees of one third of the remaining $980,000, plus reimbursement of court costs and litigation expenses.

9.      Subsequent to the payment of the WARN Act Common Fund to the Class Representatives and assuming insufficient Residual Funds (defined below in Paragraph 17) exist to satisfy a *pro rata* distribution to any Additional Settlement Class Member (defined below), the Parties agree that the sole remedy for the breach of the Debtor's representation and warranty regarding the individuals and claim amounts listed on Exhibit 1 shall be, with

---

[1]  The Service Fee is in addition to each Class Representative's *pro-rata* allowed claim from the WARN Act Common Fund.

EXH A
15

1    respect to the WARN Act Common Fund, the payment by the estate to Class Counsel of such

2    additional amount as may be required to make a *pro rata* distribution to any individual who is

3    subsequently determined to have been terminated on the same dates as the Terminated

4    Employees, but who is not currently listed on Exhibit 1 ("Additional Settlement Class

5    Members").

6          10.    Upon the effective date of the Plan and the distribution of the WARN Act

7    Common Fund to Class Counsel (the "Conditions"), for good and valuable consideration, the

8    receipt and sufficiency of which is hereby acknowledged, except for the rights arising out of,

9    provided for, or reserved in this Settlement Stipulation, the Class Representatives on behalf of

10   themselves and the Settlement Classes, and each of the members of the Capizzi I Class and

11   the Capizzi II Class who do not opt out of those classes, for and on behalf of themselves and

12   their respective predecessors, successors and assigns (collectively, the "Releasing Parties"),

13   do hereby fully and forever release and discharge the Debtor, its estate, and its current and

14   former officers and directors, parents, subsidiaries and otherwise affiliated entities, and their

15   respective current, former and interim officers, directors, shareholders, agents, employees,

16   partners, members, accountants, attorneys, representatives and other agents, and all of their

17   respective predecessors, successors and assigns, and the Committee, each of its members, and

18   each of their respective current and former officers and directors, parents, subsidiaries and

19   otherwise affiliated entities, and their respective current, former and interim officers,

20   directors, shareholders, agents, employees, partners, members, accountants, attorneys,

21   representatives and other agents, and all of their respective predecessors, successors and

22   assigns (collectively, the "Released Parties"), of and from any and all claims arising from or

23   related to those claims asserted in Capizzi I and Capizzi II by the Class Representatives on

24   behalf of the Releasing Parties, including the claims under the WARN Acts and claims for

25   violations of Sections 201 and 203 of the California Labor Code, including claims for

26   expenses, interest and attorney's fees and costs against any of the Released Parties.

27

EXH A
16

1          11.      Within ten (10) days after the payment of the WARN Act Common Fund to

2 Class Counsel, the Parties shall file stipulations for dismissal, with prejudice, of Capizzi I and

3 Capizzi II, substantially in the form attached hereto as Exhibits 2 and 3, respectively.

4          12.      The Parties shall cooperate to file a joint motion with the Bankruptcy Court on

5 or about September 24, 2013, in both the Bankruptcy Case and in the Adversary Proceedings,

6 seeking an order approving this Settlement Stipulation.

7          13.      Class Counsel shall be responsible for mailing the Bankruptcy Court

8 approved class notices to the members of the Settlement Classes, as well as any distributions

9 from the  WARN Act Common Fund, and shall be reimbursed for the costs of such mailings

10 from the WARN Act Common Fund.

11          14.      Upon the execution of this Settlement Stipulation by the Parties, and entry of a

12 final order approving the Settlement Stipulation pursuant to Rule 23 of the Federal Rules and

13 Rules 7023 and 9019 of the Bankruptcy Rules, this Settlement Stipulation shall become final

14 and binding.  In the event such orders are not entered on or before December 31, 2013, Class

15 Counsel, in its sole discretion, may elect to terminate this Settlement Stipulation.  If such

16 election is made, the Settlement Stipulation shall be without force and effect, and it and the

17 statements contained herein shall not be admissible in any proceeding between or among the

18 Parties or any members of the Settlement Classes.

19          15.      If any member of the proposed Settlement Classes timely and properly elects

20 to opt out of the proposed class, that claimant's rights and obligations will be unaffected by

21 this Settlement Stipulation and that claimant will have the same rights and obligations as he or

22 she would have had if Capizzi I and Capizzi II had never been filed and this Settlement

23 Stipulation had never been executed.  Any of the members of the Settlement Classes who

24 elect to opt out shall not have an allowed claim against the Debtor by reason of this

25 Settlement Stipulation.  The rights of any such individual electing to opt out of the proposed

26 Settlement Classes, whether by reason of any individual proof of claim such party may have

27

1   filed or otherwise, shall be unaffected by this Settlement Stipulation.  The Debtor will retain

2   all rights against any opt out party.

3           16.       In the event the aggregate number of members of either of the Settlement

4   Classes who elect to opt out is in excess of five percent (5%) of the total number of claimants

5   in either of the Settlement Classes, then the Debtor and the Committee may elect, at their sole

6   discretion, to terminate this Settlement Stipulation.  Members of the Settlement Classes

7   desiring to opt-out of either Settlement Class must serve such opt-out notice as instructed in

8   the Court approved class notices on the Debtor's and the Committee's counsel, in addition to

9   Class Counsel.  The termination of this Settlement Stipulation by the Debtor and the

10  Committee shall be made by written notice to Class Counsel within ten (10) days of the final

11  date established by the Bankruptcy Court for the members of the Settlement Classes to opt

12  out.  In the event the Settlement Stipulation is terminated on this basis, then the Settlement

13  Stipulation shall be voided and of no force or effect and each of the Parties shall have the

14  rights and be subject to the obligations they had prior to the execution of this Settlement

15  Stipulation as though this Settlement Stipulation had never been executed.

16          17.       All notices to the members of the Settlement Classes and disbursements to the

17  members of the Capizzi I Class to be made by Class Counsel pursuant to the terms of this

18  Settlement Stipulation shall be made to the last address known to the Debtor of each such

19  individual and which are set forth on Exhibit 1 hereto.  Subject to the existing Confidentiality

20  Agreement between the Parties, the Debtor shall promptly provide to Class Counsel as

21  "attorneys eyes only" the social security numbers of each member of the Settlement Classes

22  to be used for the purposes of locating Settlement Class Members with stale addresses on

23  Exhibit 1 and issuing an IRS Form 1099 to each Capizzi I Class member for their respective

24  distribution from the WARN Act Common Fund.  Because certain members of the Capizzi I

25  Class may have moved and may not be located, or may fail to cash payment checks sent to

26  them, the funds represented by any disbursement check that remains uncashed by a Capizzi I

27  Class member for a period of two hundred ten (210) days following the date upon which such

EXH A
18

1    disbursement check was mailed (the "Residual Funds") shall be:  (i) first, used to make *pro*

2    *rata* distributions to Additional Settlement Class Members, if any, that may be identified as

3    contemplated by Paragraph 9, above; and (ii) if any Residual Funds remain after any such *pro*

4    *rata* payments to Additional Settlement Class Members, then such funds shall be paid by

5    Class Counsel to the bankruptcy estate for distribution under the Plan.  Subject to the

6    agreement of the Class Representatives, the Debtor and the Committee, or any successor

7    thereto appointed under the Plan, shall determine the amount of the pro rata distribution to be

8    made to Additional Settlement Class Members.

9        18.    The Parties agree that they are compromising and settling disputed claims.

10    Each of the Parties shall bear their own attorney's fees, expenses, and court costs except as

11    otherwise provided herein.  The Debtor, the Committee, and the Class Representatives on

12    behalf of themselves and the Settlement Classes, and each of the members of the Capizzi I

13    Class and the Capizzi II Class who do not opt out of those classes, agree not to commence or

14    continue any contested matter, adversary proceeding, lawsuit, or arbitration that contests,

15    disputes, or is inconsistent with any provision of this Settlement Stipulation.

16        19.    This Settlement Stipulation shall be binding upon and shall inure to the benefit

17    of the predecessors, successors and assigns of the Debtor, the Committee and each member of

18    the Settlement Classes to the fullest extent under the law.

19        20.    The Bankruptcy Court shall have exclusive jurisdiction to determine any

20    dispute or controversy with respect to the interpretation or enforcement of this Settlement

21    Stipulation, and the Parties, including the Class Representatives on behalf of the Settlement

22    Class, expressly consent to the jurisdiction of the Bankruptcy Court.

23        21.    This Settlement Stipulation shall be construed pursuant to the laws of the State

24    of California and the United States Bankruptcy Code and decisions thereunder.

25        22.    This Settlement Stipulation sets forth the entire agreement and understanding

26    between and among the Parties, the Debtor, the Committee, and the Class Representatives on

27    behalf of themselves and the Settlement Classes, and each of the members of the Capizzi I

74262-00017/1976311.10                    11                STIPULATION OF CLASS SETTLEMENT

EXH A
19

1  Class and the Capizzi II Class who do not opt out of those classes, as to the subject matter

2  hereof and supersedes all previous agreements and discussions between or among the Parties

3  as to the matters herein addressed.

4        23.     This Settlement Stipulation may be executed in two (2) or more counterparts,

5  each of which shall be deemed an original but all of which together shall constitute but one

6  agreement.  Executed signature pages of this Settlement Stipulation may be transmitted to

7  other Parties by facsimile or e-mail in pdf format, and such facsimile or pdf signature shall be

8  treated as an original signature hereunder.

9        24.     This Settlement Stipulation has been prepared by the joint efforts of the

10  respective attorneys for each of the Parties.  Each and every provision of this Settlement

11  Stipulation shall be construed as though each and every party hereto participated equally in

12  the drafting hereof.  As a result of the foregoing, any rule that the document is to be construed

13  against the drafting party shall not be applicable.

14        25.     The Parties may not waive any provision of this Settlement Stipulation except

15  by a written agreement that all of the Parties have signed.  A waiver of any provision of this

16  Settlement Stipulation will not constitute a waiver of any other provision.  The Parties may

17  modify or amend this Settlement Stipulation only by a written agreement that all of the Parties

18  have signed, and subject to any necessary Bankruptcy Court or other approval.

19        22.     This Settlement Stipulation is intended to settle and dispose of contested

20  claims.  Nothing herein shall be construed as an admission by any Party of any liability of any

21  kind to any other Party.

22            [THE REMAINDER OF THIS PAGE WAS LEFT BLANK INTENTIONALLY]

23

24

25

26

27

1   Dated: September 24, 2013          GREENBERG GLUSKER FIELDS CLAMAN
                                       & MACHTINGER LLP
2

3                                      By _____
                                          Olivia Goodkin
4                                         Counsel for the Debtor

5   Dated: September _____, 2013       STUTMAN, TREISTER & GLATT, P.C.

6

7                                      By _____
                                          Gary Klausner
8                                         Counsel for the Committee

9   Dated: September _____, 2013       THE GARDNER FIRM, P.C.

10

11                                     By _____
                                          Mary E. Olsen
12                                        Co-counsel for Plaintiffs and the Settlement
                                          Classes

13  Dated: September _____, 2013       LANKENAU & MILLER, LLP

14

15                                     By _____
                                          Stuart J. Miller
16                                        Co-Counsel for Plaintiffs and the Settlement
                                          Class

17  Dated: September _____, 2013       OUTTEN & GOLDEN, LLP

18

19                                     By _____
                                          René S. Roupinian
20                                        Co-counsel for Plaintiffs and the Settlement
                                          Class

21  Dated: September _____, 2013       REEDER LAW CORPORATION

22

23                                     By _____
                                          David M. Reeder
24                                        Co-counsel for Plaintiffs and the Settlement
                                          Class

25

26

27

74262-00017/1976311.10            13          STIPULATION OF CLASS SETTLEMENT

EXH A
21

1

Dated: September _____, 2013          GREENBERG GLUSKER FIELDS CLAMAN
2                                      & MACHTINGER LLP

3                                      By _____
                                          Olivia Goodkin
4                                         Counsel for the Debtor

5   Dated: September 24, 2013          STUTMAN, TREISTER & GLATT, P.C.

6
7                                      By _____
                                          Gary Klausner
8                                         Counsel for the Committee

9   Dated: September _____, 2013       THE GARDNER FIRM, P.C.

10
11                                     By _____
                                          Mary E. Olsen
12                                        Co-counsel for Plaintiffs and the Settlement
                                          Classes

13  Dated: September _____, 2013       LANKENAU & MILLER, LLP

14
15                                     By _____
                                          Stuart J. Miller
16                                        Co-Counsel for Plaintiffs and the Settlement
                                          Class

17  Dated: September _____, 2013       OUTTEN & GOLDEN, LLP

18
19                                     By _____
                                          René S. Roupinian
20                                        Co-counsel for Plaintiffs and the Settlement
                                          Class

21  Dated: September _____, 2013       REEDER LAW CORPORATION

22
23                                     By _____
                                          David M. Reeder
24                                        Co-counsel for Plaintiffs and the Settlement
                                          Class

25

26

27

74262-00017/1976311.10                 13          STIPULATION OF CLASS SETTLEMENT

1

Dated: September _____, 2013          GREENBERG GLUSKER FIELDS CLAMAN
                                      & MACHTINGER LLP
2

3                                     By _____
                                         Olivia Goodkin
4                                        Counsel for the Debtor

5   Dated: September _____, 2013       STUTMAN, TREISTER & GLATT, P.C.

6

7                                     By _____
                                         Gary Klausner
8                                        Counsel for the Committee

9   Dated: September  24 , 2013        THE GARDNER FIRM, P.C.

10                                    By _____  For Mary E. Olsen

11                                       Mary E. Olsen
                                         Co-counsel for Plaintiffs and the Settlement
12                                       Classes

13  Dated: September  24 , 2013        LANKENAU & MILLER, LLP

14                                    By _____  For Stuart J. Miller

15                                       Stuart J. Miller
                                         Co-Counsel for Plaintiffs and the Settlement
16                                       Class

17  Dated: September  24 , 2013        OUTTEN & GOLDEN, LLP

18                                    By _____  For René S. Roupinian

19                                       René S. Roupinian
                                         Co-counsel for Plaintiffs and the Settlement
20                                       Class

21  Dated: September  24 , 2013        REEDER LAW CORPORATION

22                                    By _____

23                                       David M. Reeder
                                         Co-counsel for Plaintiffs and the Settlement
24                                       Class

25

26

27

74262-00017/1976311.10          13          STIPULATION OF CLASS SETTLEMENT

EXH A
23

# EXHIBIT "1"

| # | Last Name | First Name | Address | City | State | Zip Code | Allowed Priority Wage/Benefit Claim | Allowed Unsecured Wage/Benefit Claim | WARN Wages and Benefits | Class Rep Fees | Gross Pro Rata Share of WARN Common Fund After Deduction of Class Rep Fees | Attorney Fees (1/3) | Estimated Costs | Net WARN Payment After the Deduction of Service Payments, Fees and Estimated Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Aceves | Mike | 3725 Greenfield Ave. | Los Angeles | CA | 90034 | 8,520.00 | - | 15,599.85 | | 4,196.16 | 1,398.72 | 126.05 | 2,671.39 |
| 2 | Aeby | Briana | 434 N Stanley Ave | Los Angeles | CA | 90036 | 4,320.00 | - | 10,320.00 | | 2,775.95 | 925.32 | 126.05 | 1,724.58 |
| 3 | Aguirre | Suzaine | 9016 Haskell Ave. | North Hills | CA | 91343 | 4,102.00 | - | 7,201.81 | | 1,937.19 | 645.73 | 126.05 | 1,165.41 |
| 4 | Anderson | William | 10334 Tennessee Ave. | Los Angeles | CA | 90064 | 11,725.00 | 15,595.18 | 39,006.96 | | 10,492.37 | 3,497.46 | 126.05 | 6,868.86 |
| 5 | Bahan | Jenny | 1616 Carlson Ln. | Redondo Beach | CA | 90278 | 11,725.00 | 5,718.08 | 16,610.16 | | 4,467.92 | 1,489.31 | 126.05 | 2,852.56 |
| 6 | Bahnsen | Randall | 370 Tow Hill Rd. | Port Matilda | PA | 16870 | 11,725.00 | 15,514.52 | 13,726.40 | | 3,692.22 | 1,230.74 | 126.05 | 2,335.43 |
| 7 | Balandran | Juan | 7012 Somerset Blvd. | Paramount | CA | 90723 | 1,274.40 | - | 6,672.00 | | 1,794.68 | 598.23 | 126.05 | 1,070.40 |
| 8 | Baldwin | Alexandra | 257 E. Valencia Ave. Apt. 212 | Burbank | CA | 91502 | 4,983.00 | - | 8,888.89 | | 2,391.00 | 797.00 | 126.05 | 1,467.95 |
| 9 | Bamimore | Samson | Po Box 91001 | Los Angeles | CA | 90009 | 11,725.00 | 27,122.74 | 16,536.88 | | 4,448.21 | 1,482.74 | 126.05 | 2,839.42 |
| 10 | Barcelo | Anthony | 10320 Mather Ave. | Sunland | CA | 91040 | 10,449.00 | - | 16,004.46 | 10,000.00 | 4,304.99 | 1,435.00 | 126.05 | 2,743.94 |
| 11 | Barnes | Brenda | 8715 Ramsgate Ave. #203 | Westchester | CA | 90045 | 9,639.00 | - | 6,981.60 | | 1,877.96 | 625.99 | 126.05 | 1,125.92 |
| 12 | Bartel | Jeremy | 4520 10th Ave. | Los Angeles | CA | 90043 | 2,444.00 | - | 6,070.00 | | 1,632.75 | 544.25 | 126.05 | 962.45 |
| 13 | Berger | Jesse | 27476 Revere Way | Agoura Hills | CA | 91301 | 1,540.00 | - | 4,730.00 | | 1,272.31 | 424.10 | 126.05 | 722.16 |
| 14 | Bernacki | Beverly | P.O. Box 813 | Lake Hughes | CA | 93532 | 7,129.50 | - | 11,760.00 | | 3,163.29 | 1,054.43 | 126.05 | 1,982.81 |
| 15 | Bevelheimer | Anita | 7471 Denrock Ave. | Los Angeles | CA | 90045 | 11,725.00 | 4,226.75 | 14,730.88 | | 3,962.42 | 1,320.81 | 126.05 | 2,515.56 |
| 16 | Blasiak | Brian | 3450 Sawtelle Blvd. Apt. 264 | Los Angeles | CA | 90066 | 10,608.00 | - | 20,185.50 | | 5,429.64 | 1,809.88 | 126.05 | 3,493.71 |
| 17 | Blaustein | Justin | 327 N. Croft Ave. | Los Angeles | CA | 90048 | 7,200.00 | - | 12,000.00 | | 3,227.84 | 1,075.95 | 126.05 | 2,025.85 |
| 18 | Bonilla | Eric | 11966 Wagner St. | Culver City | CA | 90230 | 11,725.00 | 41,833.74 | 12,722.61 | | 3,422.22 | 1,140.74 | 126.05 | 2,155.43 |
| 19 | Brunskill | Nathan | 1125 N. Ogden Dr. #2 | West Hollywood | CA | 90046 | 8,368.36 | - | 12,146.01 | | 3,267.12 | 1,089.04 | 126.05 | 2,052.03 |
| 20 | Bryman | Alexandra | 428 Altair Place | Venice | CA | 90291 | 11,725.00 | 7,437.40 | 12,176.00 | | 3,275.19 | 1,091.73 | 126.05 | 2,057.41 |
| 21 | Burstin | Stacy L. | 7331 Earldom Ave. | Playa Del Rey | CA | 90291 | 11,725.00 | 77,327.24 | 21,634.16 | | 5,819.31 | 1,939.77 | 126.05 | 3,753.49 |
| 22 | Byrd | Richard Scot | 1328 Palms Blvd | Venice | CA | 90291 | 11,725.00 | 5,846.99 | 11,085.15 | | 2,981.76 | 993.92 | 126.05 | 1,861.79 |
| 23 | Caggiano | Joseph | 3701 1/2 Sawtelle Blvd. | Los Angeles | CA | 90066 | 1,965.96 | - | 13,792.80 | | 3,710.09 | 1,236.70 | 126.05 | 2,347.34 |
| 24 | Campbell | Rachael | 2408 34th St. #3 | Santa Monica | CA | 90405 | 5,654.25 | - | 14,711.45 | | 3,957.19 | 1,319.06 | 126.05 | 2,512.08 |
| 25 | Capizzi | Thomas | 4900 Overland Ave. #291 | Culver City | CA | 90230 | 11,725.00 | 61,032.62 | 22,120.00 | 10,000.00 | 5,949.99 | 1,983.33 | 126.05 | 3,840.61 |
| 26 | Chao | Jo-Wan | 20521 Madison St. | Torrance | CA | 90503 | 11,725.00 | 19,693.37 | 15,608.08 | | 4,198.37 | 1,399.46 | 126.05 | 2,672.86 |
| 27 | Chapman | Michael | 245 E. 46 St. | Long Beach | CA | 90807 | 10,449.00 | - | 16,042.30 | | 4,315.17 | 1,438.39 | 126.05 | 2,750.73 |
| 28 | Chi | Shaolin | 3150 W. 134th Pl. | Hawthorne | CA | 90250 | 8,190.00 | - | 5,952.75 | | 1,601.21 | 533.74 | 126.05 | 941.42 |
| 29 | Chin | Man Louk | 5950 Canterbury Dr. #c308 | Culver City | CA | 90230 | 11,725.00 | 1,271.00 | 14,100.70 | | 3,792.91 | 1,264.30 | 126.05 | 2,402.55 |
| 30 | Chmilar | Michael | 10807 Jefferson Blvd | Culver City | CA | 90230 | 11,725.00 | 17,124.42 | 19,668.32 | | 5,290.52 | 1,763.51 | 126.05 | 3,400.97 |
| 31 | Chung | Sean | 611 Howard St. #309 | Glendale | CA | 91206 | 704.00 | - | 3,784.00 | | 1,017.85 | 339.28 | 126.05 | 552.51 |
| 32 | Cilley | Jeffrey | 119 Driftwood Street #16 | Marina Del Rey | CA | 90292 | 11,725.00 | 6,644.31 | 11,037.36 | | 2,968.91 | 989.64 | 126.05 | 1,853.22 |
| 33 | Clary Jr. | Thomas | 5151 Comercio Ave. | Woodland Hills | CA | 91364 | 6,180.63 | - | 14,380.00 | | 3,868.03 | 1,289.34 | 126.05 | 2,452.64 |
| 34 | Claus | Scott | 950 Kings Road #360 | West Hollywood | CA | 90069 | 7,704.00 | - | 17,263.26 | | 4,643.59 | 1,547.86 | 126.05 | 2,969.68 |
| 35 | Cobb | Seth | 8617 County Road 8 | Meeker | CO | 81641 | 11,725.00 | 93.89 | 14,573.31 | | 3,920.03 | 1,306.68 | 126.05 | 2,487.30 |
| 36 | Collins | Daniel | 15511 Manhattan Place | Gardena | CA | 90249 | 11,725.00 | 8,350.60 | 11,144.00 | | 2,997.59 | 999.20 | 126.05 | 1,873.34 |
| 37 | Collins | Marcus | 3664 W. 58 Pl. | Los Angeles | CA | 90043 | 11,725.00 | 16,141.40 | 19,259.75 | | 5,180.62 | 1,726.87 | 126.05 | 3,327.70 |
| 38 | Consani | Christopher | 728 33rd St. | Manhattan Beach | CA | 90266 | 11,725.00 | 48,476.12 | 39,977.04 | | 10,753.31 | 3,584.44 | 126.05 | 7,042.82 |
| 39 | Coonce | Sean | 8200 Redlands St. #301 | Playa Del Rey | CA | 90293 | 9,576.00 | - | 15,991.27 | | 4,301.45 | 1,433.82 | 126.05 | 2,741.58 |
| 40 | Crandall | Trevor | 400 E. Sunset Ave. | San Gabriel | CA | 91776 | 3,952.00 | - | 13,072.00 | | 3,516.20 | 1,172.07 | 126.05 | 2,218.08 |
| 41 | Cullen | Scott | 3717 Bagley Ave. Apt. 307 | Los Angeles | CA | 90034 | 8,040.00 | - | 14,849.11 | | 3,994.22 | 1,331.41 | 126.05 | 2,536.76 |
| 42 | Cunningham | Timothy | 801 Kessler Cove | Pflugerville | TX | 78660 | 11,381.75 | - | 23,840.00 | | 6,412.65 | 2,137.55 | 126.05 | 4,149.05 |
| 43 | Daly | Ruth | 123 Avenida Trieste | San Clemente | CA | 92672 | 4,608.00 | - | 11,008.00 | | 2,961.01 | 987.00 | 126.05 | 1,847.96 |
| 44 | De La Torre | Alfonso | 5618 W. 78th St. | Los Angeles | CA | 90045 | 4,000.00 | - | 17,960.55 | | 4,831.16 | 1,610.39 | 126.05 | 3,094.72 |
| 45 | Degtjarewsky | Michael | 17149 Palisades Circle | Pacific Palisades | CA | 90272 | 7,488.00 | - | 16,992.00 | | 4,570.63 | 1,523.54 | 126.05 | 2,921.04 |
| 46 | Donlevy | Timothy | 1104 Hope Street | South Pasadena | CA | 91030 | 6,365.00 | - | 15,810.85 | | 4,252.92 | 1,417.64 | 126.05 | 2,709.23 |
| 47 | Drake | Benjamin | 590 John King Drive, Unit 102 | Long Beach | CA | 90803 | 3,090.00 | - | 7,634.54 | | 2,053.59 | 684.53 | 126.05 | 1,243.01 |
| 48 | Drury | Alicia Lynn | 3162 Kallin Ave. | Long Beach | CA | 90808 | 2,880.00 | - | 8,220.00 | | 2,211.07 | 737.02 | 126.05 | 1,348.00 |
| 49 | Duan | Shan | 71 Brighton Ave. | San Francisco | CA | 94112 | 4,752.00 | - | 7,568.00 | | 2,035.69 | 678.56 | 126.05 | 1,231.08 |
| 50 | Duran | Venecia | 940 Venice Blvd. #2 | Venice | CA | 90291 | 6,450.57 | - | 13,232.08 | | 3,559.26 | 1,186.42 | 126.05 | 2,246.79 |
| 51 | Durr | Antoine | 10659 Cranks Road | Culver City | CA | 90230 | 11,398.50 | - | 23,543.01 | | 6,332.77 | 2,110.92 | 126.05 | 4,095.79 |
| 52 | Edde | Rony | 1234 6th St. Apt. 208 | Santa Monica | CA | 90401 | 9,333.00 | - | 19,275.29 | | 5,184.81 | 1,728.27 | 126.05 | 3,330.49 |
| 53 | Einhorn | Joel | 3939 Wade St. | Los Angeles | CA | 90066 | 10,237.00 | - | 21,832.31 | | 5,872.61 | 1,957.54 | 126.05 | 3,789.02 |
| 54 | Esmail | Yasin | 3808 Stocker St. Unit #2 | Los Angeles | CA | 90008 | 11,725.00 | 31,294.87 | 17,610.16 | | 4,736.91 | 1,578.97 | 126.05 | 3,031.89 |
| 55 | Evart | Christopher | 5535 Westlawn Ave. Apt. 379 | Los Angeles | CA | 90066 | 11,725.00 | - | 10,344.42 | | 2,782.52 | 927.51 | 126.05 | 1,728.96 |
| 56 | Factor | Johanna | 160 S. Virgil Ave. Apt. 236 | Los Angeles | CA | 90004 | 3,600.00 | - | 10,320.00 | | 2,775.95 | 925.32 | 126.05 | 1,724.58 |
| 57 | Fan | Tony | 1315 Riverchase Dr Apt 315 | Coppell | TX | 75019 | 4,032.00 | - | 10,191.60 | | 2,741.41 | 913.80 | 126.05 | 1,701.56 |
| 58 | Fischer | Michael | 3013 Johnston Ave. | Redondo Beach | CA | 90278 | 7,560.00 | - | 19,110.00 | | 5,140.34 | 1,713.45 | 126.05 | 3,300.85 |
| 59 | Frevert | Michael A. | 4941 Whitsett Ave. Apt. 2 | North Hollywood | CA | 91607 | 11,725.00 | 17,811.24 | 13,620.80 | | 3,663.82 | 1,221.27 | 126.05 | 2,316.50 |
| 60 | Fujioki | Lauren | 2401 W. 171st St. | Torrance | CA | 90504 | 5,346.00 | - | 7,817.49 | | 2,102.81 | 700.94 | 126.05 | 1,275.82 |
| 61 | Garcia | Jorge | 8325 Capps Ave. | Northridge | CA | 91324 | 9,363.25 | - | 17,598.44 | | 4,733.76 | 1,577.92 | 126.05 | 3,029.85 |
| 62 | Garrido | Rafael | 3855 Motor Ave. Apt. 210 | Culver City | CA | 90232 | 4,180.00 | - | 9,460.00 | | 2,544.62 | 848.21 | 126.05 | 1,570.36 |
| 63 | Gaw | Henry | 8144 Sierra Bonita Ave. | Rosemead | CA | 91770 | 4,024.80 | - | 8,591.02 | | 2,310.87 | 770.29 | 126.05 | 1,414.53 |
| 64 | George | Robin | 431 Indiana St. #b | El Segundo | CA | 90245 | 8,778.00 | - | 15,254.78 | | 4,089.89 | 1,363.30 | 126.05 | 2,600.54 |
| 65 | Ghio | Christopher | 210 S. Commonwealth Ave. Apt. 102 | Los Angeles | CA | 90004 | 4,395.00 | - | 10,618.54 | | 2,856.25 | 952.08 | 126.05 | 1,778.12 |
| 66 | Gionis | Anastasios | 327 N. Harbor View Ave. | San Pedro | CA | 90732 | 7,623.00 | - | 15,883.70 | | 4,272.51 | 1,424.17 | 126.05 | 2,722.29 |
| 67 | Goodman | John | 3514 Moore St. | Los Angeles | CA | 90066 | 11,725.00 | 37,918.88 | 26,722.72 | | 7,188.07 | 2,396.02 | 126.05 | 4,665.99 |
| 68 | Granberg | Timothy | 215 West Palm Ave. #106 | El Segundo | CA | 90245 | 10,260.00 | - | 18,158.56 | | 4,884.42 | 1,628.14 | 126.05 | 3,130.23 |
| 69 | Greenquist | Stephanie | 3763 Motor Ave. #14 | Los Angeles | CA | 90034 | 3,990.00 | - | 9,510.00 | | 2,558.07 | 852.69 | 126.05 | 1,579.33 |
| 70 | Gress | Ronald | 4036 Via Solano | Palos Verdes | CA | 90275 | 11,725.00 | 501.50 | 19,608.00 | | 5,274.30 | 1,758.10 | 126.05 | 3,390.15 |
| 71 | Guirola | Michael | 7020 Cedar St. | Huntington Park | CA | 90255 | 2,077.60 | - | 5,296.00 | | 1,424.56 | 474.85 | 126.05 | 823.65 |
| 72 | Halperin | Craig | 5736 Costello Ave. | Van Nuys | CA | 91401 | 8,843.75 | - | 23,420.58 | | 6,299.83 | 2,099.94 | 126.05 | 4,073.84 |
| 73 | Hamamah | Sebo | 2213 Dufour Ave. #b | Redondo Beach | CA | 90278 | 11,725.00 | 30,749.28 | 20,634.59 | | 5,550.44 | 1,850.15 | 126.05 | 3,574.24 |
| 74 | Hammock | R Taigne | 3715 Kelton Ave. #1 | Los Angeles | CA | 90034 | 4,500.00 | - | 11,230.00 | | 3,020.72 | 1,006.91 | 126.05 | 1,887.77 |
| 75 | Hammond | Justin | 727 N. Griffith Park Dr. | Burbank | CA | 91506 | 7,650.00 | - | 15,653.93 | | 4,210.71 | 1,403.57 | 126.05 | 2,681.09 |
| 76 | Hardy | Benjamin | 4949 Cleon Ave. | Studio City | CA | 91601 | 11,725.00 | 9,998.99 | 10,899.76 | | 2,931.89 | 977.30 | 126.05 | 1,828.55 |
| 77 | Harlow | Gael | 457 1/2 N. Hayworth Avenue | Los Angeles | CA | 90048 | 11,262.36 | - | 17,581.14 | | 4,729.10 | 1,576.37 | 126.05 | 3,026.68 |
| 78 | Haun | Steven | 439 Longfellow Ave. | Hermosa Beach | CA | 90254 | 4,680.00 | - | 12,230.00 | | 3,289.71 | 1,096.57 | 126.05 | 2,067.09 |
| 79 | Hays | Anthony | 1944 Whitley Ave. #205 | Los Angeles | CA | 90068 | 4,400.00 | - | 8,600.00 | | 2,313.29 | 771.10 | 126.05 | 1,416.14 |
| 80 | Hedberg | Gustav | 1725 Oxley St Unit D | South Pasadena | CA | 91030 | 4,425.00 | - | 11,456.67 | | 3,081.70 | 1,027.23 | 126.05 | 1,928.41 |
| 81 | Hiebert | Bradley | 1216 Cranbrook Ave. | Torrance | CA | 90503 | 11,725.00 | 4,501.46 | 24,424.80 | | 6,569.96 | 2,189.99 | 126.05 | 4,253.92 |

| | Last Name | First Name | Address | City | State | Zip Code | Allowed Priority Wage/Benefit Claim | Allowed Unsecured Wage/Benefit Claim | WARN Wages and Benefits | Class Rep Fees | Gross Pro Rata Share of WARN Common Fund After Deduction of Class Rep Fees | Attorney Fees (1/3) | Estimated Costs | Net WARN Payment After the Deduction of Service Payments, Fees and Estimated Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 82 | Hirano | Junji | 1530 Granville Ave. Apt. #6 | Los Angeles | CA | 90025 | 6,048.00 | - | 15,498.00 | | 4,168.76 | 1,389.59 | 126.05 | 2,653.12 |
| 83 | Ho | Wilbert | 15001 CONDON AVE.APT. 29 | LAWNDALE | CA | 90260 | 5,967.00 | - | 9,658.63 | | 2,598.05 | 866.02 | 126.05 | 1,605.98 |
| 84 | Hoffman | Chikako | 4370 McLaughlin Ave. #105 | Los Angeles | CA | 90066 | 5,040.00 | - | 12,841.68 | | 3,454.25 | 1,151.42 | 126.05 | 2,176.78 |
| 85 | Hollander | Michael | 396 PINE HILL RD. #16 | MILL VALLEY | CA | 94941 | 9,450.00 | - | 17,102.79 | | 4,600.43 | 1,533.48 | 126.05 | 2,940.90 |
| 86 | Hopper | Mark | 1035 N. Sweetzer Ave | West Hollywood | CA | 90069 | 11,725.00 | 6,721.06 | 11,801.64 | | 3,174.33 | 1,058.11 | 126.05 | 1,990.17 |
| 87 | Houy | Markus | 586 West 11th Street | Claremont | CA | 91711 | 11,725.00 | 31,644.42 | 22,522.48 | | 6,058.26 | 2,019.42 | 126.05 | 3,912.79 |
| 88 | Howe | Christopher W. | 17311 Coronado Lane | Huntington Beach | CA | 92647 | 7,840.00 | - | 24,080.00 | | 6,477.21 | 2,159.07 | 126.05 | 4,192.09 |
| 89 | Huey Jr. | James | 8 Turtle Bay Dr. | Newport Beach | CA | 92660 | 11,725.00 | 29,879.40 | 16,168.00 | | 4,348.98 | 1,449.66 | 126.05 | 2,773.27 |
| 90 | Huggins | Charlotte | 752 Westholme Ave. | Los Angeles | CA | 90024 | 11,725.00 | 16,313.47 | 30,816.32 | | 8,289.19 | 2,763.06 | 126.05 | 5,400.08 |
| 91 | Hur | Steven | 217 E. Commonwealth Ave., #h | Alhambra | CA | 91801 | 6,398.40 | - | 9,048.00 | | 2,433.80 | 811.27 | 126.05 | 1,496.48 |
| 92 | Imhof | John | 750 N. Garland Ave. Apt. 641 | Los Angeles | CA | 90017 | 9,045.00 | - | 17,364.02 | | 4,670.70 | 1,556.90 | 126.05 | 2,987.75 |
| 93 | Ingold | Arron | 620 The Village Unit 308 | Redondo Beach | CA | 90277 | 4,392.00 | - | 16,568.08 | | 4,456.60 | 1,485.53 | 126.05 | 2,845.02 |
| 94 | Irvin | Isaac D. | 38 1/2 Rose Ave. #2 | Venice | CA | 90291 | 8,990.00 | - | 22,479.93 | | 6,046.81 | 2,015.60 | 126.05 | 3,905.16 |
| 95 | Ishiwata | Yukiko | 7506 Flight Ave. | Los Angeles | CA | 90045 | 11,725.00 | 32,703.74 | 11,774.40 | | 3,167.16 | 1,055.72 | 126.05 | 1,985.39 |
| 96 | Jalali | Hadi | 1827 E. Woodbury Rd. | Pasadena | CA | 91104 | 9,000.00 | - | 21,980.00 | | 5,912.34 | 1,970.78 | 126.05 | 3,815.51 |
| 97 | Jean-Ware | Kelly | 127 1/2 Marguerita Ave. | Monterey Park | CA | 91754 | 5,040.00 | - | 12,520.00 | | 3,367.72 | 1,122.57 | 126.05 | 2,119.10 |
| 98 | Jennings | Andrew | 5609 Mistridge Dr. | Rancho Pls Vrds | CA | 90275 | 11,040.00 | - | 12,675.33 | | 3,409.50 | 1,136.50 | 126.05 | 2,146.95 |
| 99 | Jeppe Jr. | Arthur | 457 Costa Mesa St. | Los Angeles | CA | 90027 | 11,725.00 | 2,159.00 | 23,410.00 | | 6,296.99 | 2,099.00 | 126.05 | 4,071.94 |
| 100 | Johnson | Casey | 212 N. Catalina Ave Unit A | Redondo Beach | CA | 90277 | 5,577.00 | - | 9,706.06 | | 2,610.80 | 870.27 | 126.05 | 1,614.49 |
| 101 | Johnson | Jeffrey J. | 707 N Genesee Ave. Apt. 8 | Los Angeles | CA | 90046 | 11,725.00 | 177.50 | 16,840.01 | | 4,529.75 | 1,509.92 | 126.05 | 2,893.78 |
| 102 | Jones | Marvin F. | 4631 3/4 Melbourne Avenue | Los Angeles | CA | 90027 | 11,725.00 | 21,121.14 | 11,432.96 | | 3,075.32 | 1,025.11 | 126.05 | 1,924.16 |
| 103 | Jones | Shawn | 17950 Lassen St. Apt. 56 | Northridge | CA | 91325 | - | - | 7,740.00 | | 2,081.96 | 693.99 | 126.05 | 1,261.92 |
| 104 | Juarez | Cruz | 3236 W. 111th St. | Inglewood | CA | 90303 | 1,119.04 | - | 3,577.60 | | 962.33 | 320.78 | 126.05 | 515.50 |
| 105 | Jung | Scott | 1414 S. Gramercy Pl. #1 | Los Angeles | CA | 90019 | 9,350.00 | - | 20,972.04 | | 5,641.21 | 1,880.40 | 126.05 | 3,634.76 |
| 106 | Kaczor | Lauren | 3767 Clarington Ave. Apt. 116 | Los Angeles | CA | 90034 | 3,745.50 | - | 8,096.00 | | 2,177.72 | 725.91 | 126.05 | 1,325.76 |
| 107 | Kass | Perry | 7620 Kittyhawk Ave. | Westchester | CA | 90045 | 5,940.00 | - | 13,760.00 | | 3,701.26 | 1,233.75 | 126.05 | 2,341.46 |
| 108 | Kavanaugh | Patricia | 8911 Hubbard St. | Culver City | CA | 90232 | 6,721.25 | - | 13,666.21 | | 3,676.03 | 1,225.34 | 126.05 | 2,324.64 |
| 109 | Keith | Elizabeth | 128 Park Place | Venice | CA | 90291 | 3,200.00 | - | 17,871.11 | | 4,807.10 | 1,602.37 | 126.05 | 3,078.68 |
| 110 | Keller | David | 7331 Earldom Ave. | Playa Del Rey | CA | 90293 | 11,725.00 | 42,089.58 | 21,032.96 | | 5,657.59 | 1,885.86 | 126.05 | 3,645.68 |
| 111 | Kelly | Kristan Kyle | 5020 Coldwater Canyon Ave Apt 208 | Sherman Oaks | CA | 91423 | 6,450.00 | - | 17,200.00 | | 4,626.58 | 1,542.19 | 126.05 | 2,958.33 |
| 112 | Kent Jr. | Robert | 3630 SOUTH SEPULVEDA BLVD., APT. 109 | LOS ANGELES | CA | 90034 | 6,237.00 | - | 10,390.06 | | 2,794.79 | 931.60 | 126.05 | 1,737.14 |
| 113 | Kern | Robert | 20910 Anza Ave. #226 | Torrance | CA | 90503 | 2,816.00 | - | 8,048.00 | | 2,164.81 | 721.60 | 126.05 | 1,317.15 |
| 114 | Kharevych | Liliya | 715 5th Ave. | Venice | CA | 90291 | 8,664.93 | - | 17,150.24 | | 4,613.19 | 1,537.73 | 126.05 | 2,949.41 |
| 115 | Kharitonashvili | Valer | 3765 Motor Ave | Los Angeles | CA | 90034 | 9,222.00 | - | 20,375.83 | | 5,480.83 | 1,826.94 | 126.05 | 3,527.84 |
| 116 | Kilgallon | Patrick | 1601 Venice Blvd. Apt. 401 | Venice | CA | 90291 | 5,250.00 | - | 9,941.76 | | 2,674.20 | 891.40 | 126.05 | 1,656.75 |
| 117 | Kimelton | Eric | 10964 Wellworth Ave. #204 | Los Angeles | CA | 90024 | 3,740.00 | - | 10,166.67 | | 2,734.70 | 911.57 | 126.05 | 1,697.08 |
| 118 | Kistler | William | 10770 Lawler St. Apt. 6 | Los Angeles | CA | 90034 | 9,901.50 | - | 17,968.58 | | 4,833.31 | 1,611.10 | 126.05 | 3,096.16 |
| 119 | Kitney | Shelagh | 4145 Via Marina Apt. 211 | Marina Del Rey | CA | 90292 | 1,584.00 | - | 18,540.88 | | 4,987.26 | 1,662.42 | 126.05 | 3,198.79 |
| 120 | Knudsen | Marta | 1724 Montana Ave. Apt. #1 | Santa Monica | CA | 90403 | 11,725.00 | 43,541.90 | 26,664.91 | | 7,172.52 | 2,390.84 | 126.05 | 4,655.63 |
| 121 | Ko | Alexander | 4764 La Villa Marina Unit #n | Marina Del Rey | CA | 90292 | 11,725.00 | 11,723.28 | 13,151.49 | | 3,537.58 | 1,179.19 | 126.05 | 2,232.34 |
| 122 | Ko | Ji Hyun | 6230 Wilshire Blvd. #1134 | Los Angeles | CA | 90048 | 4,680.00 | - | 15,099.33 | | 4,061.69 | 1,003.21 | 126.05 | 1,880.37 |
| 123 | Kovas | Konstantinos | 7907 Croydon Ave. | Los Angeles | CA | 90045 | 11,725.00 | 2,821.20 | 11,609.46 | | 3,122.80 | 1,040.93 | 126.05 | 1,955.81 |
| 124 | Kozicki | Eugene M. | 11260 Overland Ave. #10b | Culver City | CA | 90230 | 11,725.00 | 7,637.19 | 14,215.92 | | 3,823.90 | 1,274.63 | 126.05 | 2,423.22 |
| 125 | Kreusel | Louis | 4386 W. 134th St. Apt. B | Hawthorne | CA | 90250 | 3,694.21 | - | 9,154.64 | | 2,462.48 | 820.83 | 126.05 | 1,515.60 |
| 126 | Kurras | Kenneth | 328 Standard St. #4 | El Segundo | CA | 90245 | 7,056.00 | - | 17,336.00 | | 4,663.16 | 1,554.39 | 126.05 | 2,982.72 |
| 127 | La Plant | Erik | 29 Clubhouse Ave. Apt. 2 | Venice | CA | 90291 | 3,000.00 | - | 9,940.00 | | 2,673.73 | 891.24 | 126.05 | 1,656.44 |
| 128 | Leach | Nicholas | 2427 Rockdell St. | La Crescenta | CA | 91214 | 8,786.00 | - | 18,340.75 | | 4,933.43 | 1,644.48 | 126.05 | 3,162.90 |
| 129 | Leandro | Alfredo | 13211 S. Penrose Ave | Compton | CA | 90222 | 6,403.80 | - | 7,188.00 | | 1,933.48 | 644.49 | 126.05 | 1,162.94 |
| 130 | Lee | Hae-Jeon | 8027 Truxton Ave. | Westchester | CA | 90045 | 11,725.00 | 885.00 | 23,802.87 | | 6,402.66 | 2,134.22 | 126.05 | 4,142.39 |
| 131 | Lee | Maggie | 12710 Gilmore Ave. | Los Angeles | CA | 90066 | 4,364.06 | - | 11,456.67 | | 3,081.70 | 1,027.23 | 126.05 | 1,928.41 |
| 132 | Lee | Sean Hyun-In | 4060 Glencoe Ave. #131 | Marina Del Rey | CA | 90292 | 11,725.00 | 14,413.44 | 18,648.38 | | 5,016.17 | 1,672.06 | 126.05 | 3,218.06 |
| 133 | Lindstrom | Whitman | 3866 San Augustine Dr. | Glendale | CA | 91206 | 4,608.00 | - | 11,008.00 | | 2,961.01 | 987.00 | 126.05 | 1,847.96 |
| 134 | Lloyd | Michael | 234 Ensenada Ave. | Newbury Park | CA | 91320 | 10,800.00 | - | 25,800.00 | | 6,939.87 | 2,313.29 | 126.05 | 4,500.53 |
| 135 | Logsdon | Jonathan | 4315 W. 182nd St. Apt. 122 | Torrance | CA | 90504 | 5,175.00 | - | 11,182.22 | | 3,007.87 | 1,002.62 | 126.05 | 1,879.20 |
| 136 | Loza | Erica | 7417 Via Rio Nido | Downey | CA | 90241 | 11,725.00 | 951.71 | 9,481.44 | | 2,550.38 | 850.13 | 126.05 | 1,574.21 |
| 137 | Macbain | Donald | 7225 Crescent Park W Apt. 158 | Playa Vista | CA | 90094-275 | 8,500.00 | - | 21,980.00 | | 5,912.34 | 1,970.78 | 126.05 | 3,815.51 |
| 138 | Machado | Mary Lynn | 3010 Johnston Ave. | Redondo Beach | CA | 90278 | 11,725.00 | 32,039.43 | 22,680.74 | | 6,100.83 | 2,033.61 | 126.05 | 3,941.17 |
| 139 | Machado | Michelle | 315 E. Sycamore Ave. | El Segundo | CA | 90245 | 10,465.00 | - | 20,613.28 | | 5,544.71 | 1,848.24 | 126.05 | 3,570.42 |
| 140 | Mahon | Richard | 72 Hollyleaf | Aliso Viejo | CA | 92656 | 11,725.00 | 17,399.48 | 40,124.96 | | 10,793.10 | 3,597.70 | 126.05 | 7,069.35 |
| 141 | Mahoney | Vina | 7610 Alcove Ave. | North Hollywood | CA | 91605 | 7,440.00 | - | 14,095.61 | | 3,791.54 | 1,263.85 | 126.05 | 2,401.64 |
| 142 | Mai | Miko Wen Jin | 8762 Plaza Park Ln. | San Diego | CA | 92123 | 4,278.00 | - | 8,564.75 | | 2,303.81 | 767.94 | 126.05 | 1,409.82 |
| 143 | Maples | Karl R | 1048 S. Alfred St. | Los Angeles | CA | 90035 | 11,725.00 | 4,519.87 | 22,061.06 | | 5,934.14 | 1,978.05 | 126.05 | 3,830.04 |
| 144 | Matsubara | Shoichi | 5535 Westlawn Ave. #248 | Los Angeles | CA | 90066 | 8,212.50 | - | 17,680.00 | | 4,755.69 | 1,585.23 | 126.05 | 3,044.41 |
| 145 | Matsumoto | Noriaki | 3144 S. Canfield Ave #202 | Los Angeles | CA | 90034 | 9,324.00 | - | 14,448.00 | | 3,886.33 | 1,295.44 | 126.05 | 2,464.83 |
| 146 | Mc Cardle | Keenan | 3421 Tilden Ave. | Los Angeles | CA | 90034 | 10,228.14 | - | 7,411.60 | | 1,993.62 | 664.54 | 126.05 | 1,203.03 |
| 147 | McMillan | Michael | 818 Main St. #101 | El Segundo | CA | 90245 | 11,725.00 | 47,563.08 | 19,773.78 | | 5,318.89 | 1,772.96 | 126.05 | 3,419.88 |
| 148 | Meyer | Sebastian | 4215 McLaughlin Ave. Apt. 9 | Los Angeles | CA | 90066 | 5,200.00 | - | 17,855.51 | | 4,802.90 | 1,600.97 | 126.05 | 3,075.88 |
| 149 | Michaud | Jonah | 11050 Strathmore Dr. # 415 | Los Angeles | CA | 90024 | 11,725.00 | 37,803.83 | 14,570.24 | | 3,919.21 | 1,306.40 | 126.05 | 2,486.75 |
| 150 | Miller | Christopher | 9025 Forest Haze Ct. | Mechanicsville | VA | 23116 | 4,800.00 | - | 9,230.88 | | 2,482.99 | 827.66 | 126.05 | 1,529.27 |
| 151 | Min | Aung | 7911 Blackburn Ave. #1 | Los Angeles | CA | 90048 | 7,488.00 | - | 18,368.00 | | 4,940.75 | 1,646.92 | 126.05 | 3,167.79 |
| 152 | Miyoshi | Hiroyuki | 12304 Braddock Dr. | Culver City | CA | 90230 | 11,725.00 | 13,528.64 | 24,300.96 | | 6,536.64 | 2,178.88 | 126.05 | 4,231.71 |
| 153 | Moon | Scott | 4750 Lincoln Blvd. Apt. 365 | Marina Del Rey | CA | 90292 | 2,560.00 | - | 7,587.75 | | 2,041.01 | 680.34 | 126.05 | 1,234.62 |
| 154 | Morales Villegas | William | 4250 Lindblade Dr. #3 | Los Angeles | CA | 90066 | 2,488.80 | - | 5,726.00 | | 1,540.22 | 513.41 | 126.05 | 900.76 |
| 155 | Myrick Jr. | William | 5764 Hillview Park Ave. | Valley Glen | CA | 91401 | 6,609.44 | - | 29,189.20 | | 7,851.52 | 2,617.17 | 126.05 | 5,108.29 |
| 156 | Nadolski | Christopher | 4126 Baldwin Ave. | Culver City | CA | 90232 | 4,138.09 | - | 10,640.72 | | 2,862.22 | 954.07 | 126.05 | 1,782.09 |
| 157 | Neisler | Nicholson | 339 1/2 N. Orange Grove Ave. | Los Angeles | CA | 90036 | 11,725.00 | 5,489.60 | 23,854.00 | | 6,408.95 | 2,136.32 | 126.05 | 4,146.58 |
| 158 | Nesson | Keith | 9141 Swallow Ave. | Fountain Valley | CA | 92708 | 8,562.74 | - | 15,234.16 | | 4,097.79 | 1,365.93 | 126.05 | 2,605.81 |
| 159 | Nimmannitya | Prin | 25967 Aosta Court | Valencia | CA | 91355 | 3,432.00 | - | 5,280.00 | | 1,420.25 | 473.42 | 126.05 | 820.78 |
| 160 | Nolin | Gary | 23514 Via Castanet | Valencia | CA | 91355 | 11,725.00 | 32,147.00 | 28,000.00 | | 7,531.64 | 2,510.55 | 126.05 | 4,895.04 |
| 161 | Norton | Chadwick | 3040 Vineyard Avenue | Los Angeles | CA | 90016 | 11,725.00 | 9,559.35 | 12,222.08 | | 3,287.58 | 1,095.86 | 126.05 | 2,065.67 |
| 162 | Null | Stephen | 7270 W. 85th St. | Los Angeles | CA | 90045 | 11,725.00 | 11,819.00 | 16,588.34 | | 4,462.05 | 1,487.35 | 126.05 | 2,848.65 |

| | Last Name | First Name | Address | City | State | Zip Code | Allowed Priority Wage/Benefit Claim | Allowed Unsecured Wage/Benefit Claim | WARN Wages and Benefits | Class Rep Fees | Gross Pro Rata Share of WARN Common Fund After Deduction of Class Rep Fees | Attorney Fees (1/3) | Estimated Costs | Net WARN Payment After the Deduction of Service Payments, Fees and Estimated Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 163 | Olson | Kevin | 4030 Inglewood Blvd. Apt 4 | Los Angeles | CA | 90066 | 11,725.00 | 41,471.18 | 12,604.95 | | 3,390.57 | 1,130.19 | 126.05 | 2,134.33 |
| 164 | Ono | Hiromi | 14 Wildflower Dr. | Corte Madera | CA | 94925 | 11,725.00 | - | 22,980.84 | | 6,181.55 | 2,060.52 | 126.05 | 3,994.98 |
| 165 | Overley | Janina | 8112 Bianca Ave. | Northridge | CA | 91325 | 3,608.00 | 1,107.00 | 7,703.14 | | 2,072.05 | 690.68 | 126.05 | 1,255.31 |
| 166 | Palleiko | Scott | 1324 Harvard St. Apt. C | Santa Monica | CA | 90404 | 8,970.00 | - | 18,938.00 | | 5,094.08 | 1,698.03 | 126.05 | 3,270.00 |
| 167 | Park | He Jung | 269 S. La Fayette Park Pl. #246 | Los Angeles | CA | 90057 | 11,461.12 | - | 16,950.31 | | 4,559.41 | 1,519.80 | 126.05 | 2,913.56 |
| 168 | Pashkoff | Deborah | 8010 Fordham Road | Los Angeles | CA | 90045 | 11,725.00 | 18,486.07 | 25,663.87 | | 6,903.25 | 2,301.08 | 126.05 | 4,476.12 |
| 169 | Pasqualino | Gabriele | 350 E. DEL MAR BLVD. APT. 331 | PASADENA | CA | 91101 | 8,576.00 | - | 23,048.00 | | 6,199.61 | 2,066.54 | 126.05 | 4,007.03 |
| 170 | Pataracchia | Luca | 1908 Walcott Way | Los Angeles | CA | 90039 | 11,725.00 | 4,958.00 | 24,718.14 | | 6,648.86 | 2,216.29 | 126.05 | 4,306.52 |
| 171 | Patel | Sanjit | 10790 Rose Ave. #401 | Los Angeles | CA | 90034 | 11,725.00 | 21,004.78 | 16,176.72 | | 4,351.33 | 1,450.44 | 126.05 | 2,774.84 |
| 172 | Paterson | Elizabeth | 916 Victoria Ave. | Venice | CA | 90291 | 11,725.00 | 79,692.81 | 51,629.36 | | 13,887.63 | 4,629.21 | 126.05 | 9,132.37 |
| 173 | Pedersen | Brandon | 329 S. Manhattan Place Apt. 101 | Los Angeles | CA | 90020 | 3,388.00 | - | 8,401.50 | | 2,259.90 | 753.30 | 126.05 | 1,380.55 |
| 174 | Pejak | Milos | 420 BLOOMINGDALE CT. | LAS VEGAS | NV | 89144 | 5,164.50 | - | 8,051.06 | | 2,165.63 | 721.88 | 126.05 | 1,317.70 |
| 175 | Perkins | David | 1734 Burnell Dr. | Los Angeles | CA | 90065 | 11,725.00 | 8,286.24 | 15,972.72 | | 4,296.46 | 1,432.15 | 126.05 | 2,738.25 |
| 176 | Petrzilka | Perry | 11733 Tigrina Ave. | Whittier | CA | 90604 | 5,173.38 | - | 6,251.23 | | 1,681.50 | 560.50 | 126.05 | 994.95 |
| 177 | Phalen | David | 439 Westminster Ave. #309 | Los Angeles | CA | 90020 | 8,424.00 | - | 15,214.34 | | 4,092.46 | 1,364.15 | 126.05 | 2,602.26 |
| 178 | Phoebus | Joseph | 3405 KEYSTONE AVE.#3 | LOS ANGELES | CA | 90034 | 11,725.00 | 575.00 | 17,873.26 | | 4,807.68 | 1,602.56 | 126.05 | 3,079.07 |
| 179 | Porter | Kimberly | 1128 Yale Drive | Glendale | CA | 91205 | 3,780.00 | - | 9,736.67 | | 2,619.04 | 873.01 | 126.05 | 1,619.97 |
| 180 | Powell | Robert | 8033 Handley Avenue | Los Angeles | CA | 0045-331 | 11,725.00 | 29,519.54 | 21,147.52 | | 5,688.41 | 1,896.14 | 126.05 | 3,666.22 |
| 181 | Pratt | Terron | 8650 Gulana Ave., Unit C2054 | Playa Del Rey | CA | 90293 | 7,920.00 | - | 5,280.00 | | 1,420.25 | 473.42 | 126.05 | 820.78 |
| 182 | Raghavendran | Sanjay | 7077 Alvern St. #a225 | Los Angeles | CA | 90045 | 4,686.00 | - | 8,116.18 | | 2,183.15 | 727.72 | 126.05 | 1,329.38 |
| 183 | Rivera | Albert | 11721 Kittridge St. Apt. 3 | North Hollywood | CA | 91606 | 2,492.64 | - | 6,500.73 | | 1,748.61 | 582.87 | 126.05 | 1,039.69 |
| 184 | Rong | Zhiyang | 4160 W. 182nd St. #110 | Torrance | CA | 90504 | 3,744.00 | - | 9,424.00 | | 2,534.93 | 844.98 | 126.05 | 1,563.91 |
| 185 | Rubone | Marcus | 1533 E. Broadway | Long Beach | CA | 90802 | 11,725.00 | 6,634.46 | 16,885.36 | | 4,541.94 | 1,513.98 | 126.05 | 2,901.91 |
| 186 | Sacchitella | Matthew | 11775 S. La Cienega Blvd. Unit #2138 | Los Angeles | CA | 90045 | 4,542.00 | - | 7,054.69 | | 1,897.62 | 632.54 | 126.05 | 1,139.03 |
| 187 | Sandrik | Michael | 21406 Lake Forest Drive, Apt. F | Lake Forest | CA | 92630 | 11,725.00 | 64,607.96 | 27,384.24 | | 7,366.01 | 2,455.34 | 126.05 | 4,784.62 |
| 188 | Sarachene | Carolyn | 25824 Barnett Ln | Stevenson Ranch | CA | 91381 | 11,725.00 | 18,720.42 | 17,142.99 | | 4,611.24 | 1,537.08 | 126.05 | 2,948.11 |
| 189 | Shahmoradian | Vacheh | 3286 Dora Verdugo Dr | Glendale | CA | 91208 | 7,476.95 | - | 8,416.08 | | 2,263.82 | 754.61 | 126.05 | 1,383.16 |
| 190 | Shetty | Shreya | 4489 Spencer St. Unit 232 | Torrance | CA | 90503 | 3,432.00 | - | 12,700.98 | | 3,416.40 | 1,138.80 | 126.05 | 2,151.55 |
| 191 | Shields | Robert | 451 30th St. | Hermosa Beach | CA | 90254 | 5,920.00 | - | 16,960.00 | | 4,562.02 | 1,520.67 | 126.05 | 2,915.30 |
| 192 | Sierra | Cybele R. | 3112 Glenmanor Pl | Los Angeles | CA | 90039 | - | - | 10,963.64 | | 2,949.08 | 983.03 | 126.05 | 1,840.00 |
| 193 | Sievers | Nicolas | 1224 Maple St. | Santa Monica | CA | 90405 | 8,446.00 | - | 14,922.20 | | 4,013.88 | 1,337.96 | 126.05 | 2,549.87 |
| 194 | Sin | Fun Shing | 1135 S. Gladys Ave. | San Gabriel | CA | 91776 | 6,898.08 | - | 14,535.84 | | 3,909.95 | 1,303.32 | 126.05 | 2,480.59 |
| 195 | Sinh | Jeanette | 407 E. Duarte Rd. #a | Arcadia | CA | 91006 | 5,280.00 | - | 8,057.79 | | 2,167.44 | 722.48 | 126.05 | 1,318.91 |
| 196 | Smith | Douglas | 11833 S. Park Ave. | Mar Vista | CA | 90066 | 11,725.00 | 103,914.03 | 74,064.00 | | 19,922.26 | 6,640.75 | 126.05 | 13,155.46 |
| 197 | Smith | Loren Amie Slate | 214 S. Poinsettia Place | Los Angeles | CA | 90036 | 11,725.00 | 32,988.24 | 19,589.20 | | 5,269.24 | 1,756.41 | 126.05 | 3,386.78 |
| 198 | Sonnek | Kenneth | 16408 Dearborn St. | North Hills | CA | 91343 | 2,423.40 | - | 6,461.58 | | 1,738.08 | 579.36 | 126.05 | 1,032.67 |
| 199 | Spears | Christopher | 6000 Canterbury Dr. Unit D314 | Culver City | CA | 90230 | 7,545.00 | - | 9,080.00 | | 2,442.40 | 814.13 | 126.05 | 1,502.22 |
| 200 | Steidl | Matthew | 3425 Julian Ave. | Long Beach | CA | 90808 | 3,564.00 | - | 7,716.74 | | 2,075.70 | 691.90 | 126.05 | 1,257.75 |
| 201 | Stephan | Jane | 7256 W. 85th St. | Los Angeles | CA | 90045 | 11,725.00 | 29,577.72 | 15,997.84 | | 4,303.21 | 1,434.40 | 126.05 | 2,742.76 |
| 202 | Stroud | Trenton | 620 South Gramercy Pl. #226 | Los Angeles | CA | 90005 | 4,032.00 | - | 10,682.00 | | 2,873.32 | 957.77 | 126.05 | 1,789.50 |
| 203 | Sun | Monica | 348 Patton #3 | Los Angeles | CA | 90026 | 1,560.00 | - | 5,640.00 | | 1,517.09 | 505.70 | 126.05 | 885.34 |
| 204 | Swiecki | Sara J. | 2502 Manhattan Beach Blvd. #38 | Gardena | CA | 90249 | 1,875.00 | - | 5,006.67 | | 1,346.73 | 448.91 | 126.05 | 771.77 |
| 205 | Tabor | Jeremy Lynn | 3015 Raymond Ave. | Los Angeles | CA | 90007 | 3,432.00 | - | 7,568.00 | | 2,035.69 | 678.56 | 126.05 | 1,231.08 |
| 206 | Takahashi | Tracy | 3729 Monon St. | Los Angeles | CA | 90027 | 5,760.00 | - | 14,200.00 | | 3,820.38 | 1,276.79 | 126.05 | 2,427.53 |
| 207 | Taylor | Benjamin | 963 Virginia St. Apt. 1 | El Segundo | CA | 90245 | 5,326.46 | - | 8,724.33 | | 2,346.73 | 782.24 | 126.05 | 1,438.44 |
| 208 | Titmarsh | Nicholas | 2154 Banyan Dr. | Los Angeles | CA | 90049 | 11,725.00 | 28,177.56 | 31,418.32 | | 8,451.12 | 2,817.04 | 126.05 | 5,508.03 |
| 209 | Toyoda | Mana | 4036 Moore St | Los Angeles | CA | 90066 | 1,830.40 | - | 9,080.00 | | 2,646.40 | 882.13 | 126.05 | 1,638.22 |
| 210 | Trimmer | Jace | 209 4th St. Unit B | Seal Beach | CA | 90740 | 6,361.25 | - | 13,711.17 | | 3,688.13 | 1,229.38 | 126.05 | 2,332.70 |
| 211 | Tsai | Eric | 930 Venice Blvd. #102 | Venice | CA | 90291 | 11,725.00 | 7,559.29 | 15,182.56 | | 4,083.91 | 1,361.30 | 126.05 | 2,596.56 |
| 212 | Tucker | Richard | 738 Redwood Ave. | El Segundo | CA | 90245 | 1,896.75 | - | 8,371.62 | | 2,251.86 | 750.62 | 126.05 | 1,375.19 |
| 213 | Turnbow | Gregory | 16948 Wyandotte St | Van Nuys | CA | 91406 | 11,725.00 | 490.02 | 12,726.03 | | 3,423.14 | 1,141.05 | 126.05 | 2,156.04 |
| 214 | Turner | Shani | 6110 CANTERBURY#119 | CANTERBURY | CA | 90230 | 5,900.00 | - | 9,689.66 | | 2,606.39 | 868.80 | 126.05 | 1,611.55 |
| 215 | Unger | Francis | 2314 Curtis Avenue | Redondo Beach | CA | 90278 | 3,240.00 | - | 10,338.00 | | 2,780.79 | 926.93 | 126.05 | 1,727.81 |
| 216 | Uyeminami | Todd | 7189 Crest Rd. | Rancho P.V. | CA | 0275-454 | 9,100.00 | - | 30,100.00 | | 8,096.51 | 2,698.84 | 126.05 | 5,271.62 |
| 217 | Vazquez | Victor | 19937 Lull St. | Reseda | CA | 91335 | 11,725.00 | 35,166.09 | 16,424.37 | | 4,417.94 | 1,472.65 | 126.05 | 2,819.25 |
| 218 | Velez | Carlos | 1625 N. Harbor Blvd. | La Habra | CA | 90631 | 11,725.00 | 190.09 | 8,859.51 | | 2,383.09 | 794.36 | 126.05 | 1,462.68 |
| 219 | Vendrovsky | Eugene | 25446 Cherokee Way | Lake Forest | CA | 92630 | 11,725.00 | 13,933.46 | 22,388.32 | | 6,022.17 | 2,007.39 | 126.05 | 3,888.73 |
| 220 | Waclawiak | Dominika | 411 S. Main Street Unit 613 | Los Angeles | CA | 90013 | 6,497.50 | - | 15,800.89 | | 4,251.47 | 1,422.12 | 126.05 | 2,718.20 |
| 221 | Wang | Diing-Yuan | 14614 Burbank Blvd. Apt. 103 | Sherman Oaks | CA | 91411 | 3,566.75 | - | 8,113.00 | | 2,182.29 | 727.43 | 126.05 | 1,328.81 |
| 222 | Watson | Imery | 3859 1/2 Prospect Ave. | Culver City | CA | 90232 | 11,725.00 | 2,675.00 | 34,743.31 | | 9,345.50 | 3,115.17 | 126.05 | 6,104.28 |
| 223 | White | Lisa | 520 University Ave. | Burbank | CA | 91504 | 4,274.54 | - | 22,623.28 | | 6,085.37 | 2,028.46 | 126.05 | 3,930.86 |
| 224 | Whittemore | Margaret | 11738 Missouri Ave. | Los Angeles | CA | 90025 | 3,400.00 | - | 9,080.00 | | 2,442.40 | 814.13 | 126.05 | 1,502.22 |
| 225 | Wickramasekaran | Neha | 9838 Cardigan Pl. | Beverly Hills | CA | 90210 | 10,887.00 | - | 14,860.80 | | 3,997.36 | 1,332.45 | 126.05 | 2,538.86 |
| 226 | Willnerd | David | 1507 7th St. #279 | Santa Monica | CA | 90401 | 3,120.00 | - | 10,805.11 | | 2,906.44 | 968.81 | 126.05 | 1,811.57 |
| 227 | Woo | Stephanie | 319 Sierra St. Apt. #1 | El Segundo | CA | 90245 | 4,212.00 | - | 6,926.03 | | 1,747.30 | 582.43 | 126.05 | 1,038.81 |
| 228 | Yang | Hye Ryoung | 210 S. Oak Knoll Ave 9 | Pasadena | CA | 91101 | 11,400.00 | - | 18,561.61 | | 4,992.83 | 1,664.28 | 126.05 | 3,202.50 |
| 229 | Yang | Julius | 8038 Handley Ave. | Los Angeles | CA | 90045 | 11,725.00 | 44,553.17 | 17,262.45 | | 4,643.38 | 1,547.79 | 126.05 | 2,969.53 |
| 230 | Yerxa | Alison | 1208 Hi Point St. | Los Angeles | CA | 90035 | 11,725.00 | 5,466.52 | 27,390.73 | | 7,367.75 | 2,455.92 | 126.05 | 4,785.79 |
| 231 | Yoon | Youngsang | 139 Rome St. | San Francisco | CA | 94112 | 4,950.00 | - | 8,086.36 | | 2,175.13 | 725.04 | 126.05 | 1,324.03 |
| 232 | Yoshida | Kent | 1289 Adamite Terrace | Harbor City | CA | 90710 | 11,725.00 | 24,372.00 | 20,552.90 | | 5,528.46 | 1,842.82 | 126.05 | 3,559.59 |
| 233 | Young | Robert | 4215 GLENCOE AVE.,#206 | MARINA DEL REY | CA | 90292 | 5,040.00 | - | 14,928.00 | | 4,015.44 | 1,338.48 | 126.05 | 2,550.91 |
| 234 | Yu | Xuan | 498 Jacobsen Dr | Newark | DE | 19702 | 8,595.82 | - | 17,016.08 | | 4,577.11 | 1,525.70 | 126.05 | 2,925.35 |
| 235 | Zamel | Valerian | 916 N. Sierra Bonita Ave., Apt. #23 | Los Angeles | CA | 90046 | 3,200.00 | - | 7,360.00 | | 1,979.74 | 659.91 | 126.05 | 1,193.78 |
| 236 | Zandonella | Fran | 606 Paseo Place | Fullerton | CA | 92835 | 11,725.00 | 8,079.40 | 15,963.44 | | 4,293.96 | 1,431.32 | 126.05 | 2,736.59 |
| 237 | Zhao | Zichuan | 4043 McLaughlin Ave. Apt. 6b | Los Angeles | CA | 90066 | 5,203.00 | - | 8,580.96 | | 2,308.17 | 769.39 | 126.05 | 1,412.73 |
| 238 | Ziolkowski | Steve | 1718 N. Evergreen St | Burbank | CA | 91505 | 11,725.00 | 7,960.41 | 19,947.95 | | 5,365.74 | 1,788.58 | 126.05 | 3,451.11 |
| | | | | | | | | | 3,643,297.63 | 20,000.00 | 980,000.00 | 326,666.67 | 30,000.00 | 623,333.33 |

EXH 1
16
EXH A
27

| Last Name | First Name | Address | City | State | Zip Code | Allowed Priority Wage/Benefit Claim | Allowed Unsecured Wage/Benefit Claim | WARN Wages and Benefits | Class Rep Fees | Gross Pro Rata Share of WARN Common Fund After Deduction of Class Rep Fees | Attorney Fees (1/3) | Estimated Costs | Net WARN Payment After the Deduction of Service Payments, Fees and Estimated Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Gross WARN Settlement Fund | 1,000,000.00 | | | |
| | | | | | | | | | Class Rep Fees | 20,000.00 | | | |
| | | | | | | | | | WARN Settlement Distribution | 980,000.00 | | | |
| | | | | | | | | | Pro Rata Split | 26.8987% | 0.268987082 | | |
| | | | | | | | | | Attorney Fees (1/3) | 326,666.67 | | | |
| | | | | | | | | | Estimated Costs | 30,000.00 | | | |
| | | | | | | | | | Estimated Costs Per Person | 126.05 | | | |

EXH 1

17

EXH A

28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067-4590

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION OF CLASS SETTLEMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 27, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) September 27, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 27, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
The Honorable Neil W. Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 27, 2013 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**
74262-00017/1976311.10

EXH A
29

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**FOR CASE NO. 2:13-BK-13775-NB**

| | |
|---|---|
| Ana B Acevedo on behalf of Interested Party JS Communications, Co. Ltd. | aacevedo@omm.com |
| Wayne M. Smith with Warner Bros. Committee member | wayne.smith@warnerbros.com |
| Yolanda S Aguilar Courtesy NEF | |
| David E Ahdoot Courtesy NEF | dahdoot@bushgottlieb.com, jpalmer@bushgottlieb.com |
| Lorie A Ball Courtesy NEF,  Creditor Warner Bros Pictures, a division of WB Studio Enterprises Inc., New Line Productions, Inc., and 300 Pictures, Inc. | lball@peitzmanweg.com |
| Vivian Bodey Courtesy NEF | tuntm.bodey@irscounsel.treas.gov |
| Shawn M Christianson Courtesy NEF | cmcintire@buchalter.com |
| Gail L Chung for Anthony Barcelo | GL@outtengolden.com, JXH@outtengolden.com |
| Ronald Clifford for Anthony Barcelo | rclifford@blakeleyllp.com, ecf@blakeleyllp.com; seb@blakeleyllp.com |
| Brian L Davidoff for AWTR Liquidation, Inc., | bdavidoff@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Lisa Hill Fenning For  Side Effects Software, Inc. and S.E. Software, Inc., Rockwood Capital, LLC | Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com |
| H Alexander Fisch for the Official Committee of Unsecured Creditors | afisch@stutman.com |
| Scott F Gautier Courtesy NEF | sgautier@peitzmanweg.com |
| Brian T Harvey on behalf of  Creditor Oracle America, Inc. | bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com |
| Michael C Heinrichs on behalf of Interested Party JS Communications, Co. Ltd. | mheinrichs@omm.com |
| Ivan L Kallick Courtesy NEF,  Psyop Media Company, LLC | ikallick@manatt.com, ihernandez@manatt.com |
| Jeffrey A Krieger for AWTR Liquidation, Inc., | jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; pporooshani@greenbergglusker.com |
| Mary D Lane Courtesy NEF | mal@msk.com, mec@msk.com |
| Dare Law for U.S. Trustee United States Trustee (LA) | dare.law@usdoj.gov |
| C John M Melissinos for AWTR Liquidation, Inc., | jmelissinos@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Katie Nownes | tunt@omnimgt.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10

**F 9013-3.1.PROOF.SERVICE**

EXH A
30

Courtesy NEF
Danielle A Pham                                                          dpham@stutman.com, daniellepham@gmail.com
for the Official Committee Of
Unsecured Creditors
Courtney E Pozmantier                                                    cpozmantier@greenbergglusker.com,
for AWTR Liquidation, Inc.,                                              sgaeta@greenbergglusker.com
David M Reeder                                                           david@reederlaw.com, tuntma@reederlaw.com
Thomas C. Capizzi
Victor A. Sahn                                                           vsahn@sulmeyerlaw.com,
Courtesy NEF                                                             agonzalez@sulmeyerlaw.com,asokolowski@sulmeye
                                                                         rlaw.com
Claire E Shin                                                            cshin@greenbergglusker.com,
for AWTR Liquidation, Inc.,                                             jreinglass@greenbergglusker.com,
                                                                         kwoodson@greenbergglusker.com;calendar@greenb
                                                                         ergglusker.com; sgaeta@greenbergglusker.com
Lori Sinanyan                                                            lsinanyan@jonesday.com,
for Twentieth Century Fox,  Universal City Studios LLC                   lsinanyan@ecf.inforuptcy.com

Alan D Smith                                                             adsmith@perkinscoie.com
for Wells Fargo Bank, N.A. as Trustee for the registered
holders of J.P. Morgan Chase Commercial Mortgage
Securities Trust 2011-C3, Commercial Mortgage Pass-
Through Certificates, Series 2011-C3
United States Trustee (LA)                                               ustpregion16.la.ecf@usdoj.gov
for U.S. Trustee
Richard Lee Wynne                                                        rlwynne@jonesday.com, sjperry@jonesday.com
for Twentieth Century Fox,  Universal City Studios LLC

**FOR CASE NO. 2:13-1p-01209-NB**

David E Ahdoot on behalf of Interested Party Courtesy NEF               dahdoot@bushgottlieb.com,
                                                                         jpalmer@bushgottlieb.com

C John M Melissinos on behalf of Defendant AWTR                         jmelissinos@greenbergglusker.com,
Liquidation Inc                                                         jreinglass@greenbergglusker.com;
                                                                         kwoodson@greenbergglusker.com;
                                                                         calendar@greenbergglusker.com;
                                                                         sgaeta@greenbergglusker.com

Danielle A Pham on behalf of Creditor Committee Official                dpham@stutman.com, daniellepham@gmail.com
Committee Of Unsecured Creditors

Courtney E Pozmantier on behalf of Defendant AWTR                       cpozmantier@greenbergglusker.com,
Liquidation Inc                                                         kwoodson@greenbergglusker.com;sgaeta@greenber
                                                                         gglusker.com;calendar@greenbergglusker.com

Courtney E Pozmantier on behalf of Interested Party                     cpozmantier@greenbergglusker.com,
Courtesy NEF                                                            kwoodson@greenbergglusker.com;sgaeta@greenber
                                                                         gglusker.com;calendar@greenbergglusker.com

David M Reeder on behalf of Plaintiff Thomas C. Capizzi                 david@reederlaw.com, jessica@reederlaw.com

United States Trustee (LA)                                              ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10

**F 9013-3.1.PROOF.SERVICE**

EXH A
31

**FOR CASE NO. 2:13-ap-01463-NB**

| | |
|---|---|
| David E Ahdoot on behalf of Interested Party Courtesy NEF | dahdoot@bushgottlieb.com, jpalmer@bushgottlieb.com |
| C John M Melissinos on behalf of Defendant AWTR Liquidation Inc | jmelissinos@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Danielle A Pham on behalf of Creditor Committee Official Committee Of Unsecured Creditors | dpham@stutman.com, daniellepham@gmail.com |
| Courtney E Pozmantier on behalf of Defendant AWTR Liquidation Inc | cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com; sgaeta@greenbergglusker.com; calendar@greenbergglusker.com |
| David M Reeder on behalf of Plaintiff Thomas C. Capizzi | david@reederlaw.com, jessica@reederlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |

**2. SERVED BY UNITED STATES MAIL:**

| | | |
|---|---|---|
| AWTR Liquidation, Inc. Attn: John F. Hedge, CRO c/o Scouler & Company 1801 Century Park East, Suite 2400 Los Angeles, CA 90067 | REQUEST FOR NOTICE ValleyCrest Landscape Maintenance, Inc. Thomas A. Kuehn, Esq. 24151 Ventura Blvd. Calabasas, CA 91302 | REQUEST FOR NOTICE The TV Candy Store, Inc. James Deloye, President 1300 W. Hood Ave. Suite 2 Chicago, IL 60660 |

Official Committee of Unsecured Creditors
Gary E. Klausner, Esq.
Stutman Treister & Glatt PC
1901 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Counsel for Thomas Capizzi and Anthony Barcelo, as Putative Class Plaintiffs in Adversary Proceeding Nos. 2:13-1p-01209-NB and 2:13-ap-01463-NB

| | |
|---|---|
| David M. Reeder, Esq. Reeder Law Corporation 1880 Century Park East, Suite 1200 Los Angeles, California 90067 | Mary E. Olsen, Esq. M. Vance McCrary, Esq. David C. Tufts, Esq. The Gardner Firm, P.C. 210 South Washington Avenue Mobile, Alabama 36602 |
| Stuart J. Miller, Esq. Lankenau & Miller, LLP 132 Nassau Street, Suite 423 New York, New York 10038 | Jack A. Raisner, Esq. René S. Roupinian, Esq. Outten & Golden LLP 3 Park Avenue, 29th Floor New York, New York 10016 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10

**F 9013-3.1.PROOF.SERVICE**

EXH A
32

# EXHIBIT "B"

1

2                        UNITED STATES BANKRUPTCY COURT

3                        CENTRAL DISTRICT OF CALIFORNIA

4                            LOS ANGELES DIVISION

5
   | In re: | Case No.: 2:13-bk-13775-NB |

6

7   AWTR Liquidation, Inc.,                        Chapter 11
           f/k/a Rhythm And Hues, Inc.,
                                                   Adv. No.: 2:13-ap-01209-NB
8           Debtor and Debtor in Possession.

9
                                                   Final Fairness Hearing
10                                                 Date:
    THOMAS C. CAPIZZI and ANTHONY                  Time:
11  BARCELO, on their own behalf and on behalf of all   Place: Courtroom 1545
    other persons similarly situated,                         255 E. Temple Street
12                                                            Los Angeles, CA 90012
                            Plaintiffs,
13
    v.
14
    AWTR LIQUIDATION, INC.,
15          f/k/a Rhythm And Hues, Inc.,

16                          Defendant.

17

18
         **NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING WARN
19       ACT CLAIMS, (B) AWARD OF ATTORNEYS' FEES TO CLASS COUNSEL, (C) DATE OF COURT
         HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS'
20       FEES, AND (D) RIGHT TO OPT OUT OF THE CLASS OR OBJECT TO THE SETTLEMENT AND
         CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES, AND TO APPEAR AT COURT HEARING**
21
    **Objection Deadline:**
22  **Opt-out Deadline:**

23  TO:     All former employees of Debtor and Debtor in Possession AWTR Liquidation, Inc., f/k/a Rhythm And
    Hues, Inc. (the "Debtor") who worked at or reported to the facility located at 2100 East Grand Avenue, El Segundo,
24  CA 90245 and were terminated without cause on or about February 10, 2013, and who are affected employees,
    within the meaning of the federal and California WARN Acts, *i.e.*, the Terminated Employees.

25

26

27

28

1

**Introduction**

2          1.        There is currently pending in the United States Bankruptcy Court for the Central District
of California, Los Angeles Division, the above captioned class action adversary proceeding entitled *Thomas C.*

3    *Capizzi and Anthony Barcelo, on behalf of themselves and all persons similarly situated v. AWTR Liquidation, Inc.*;
Adv. No. 2:13-ap-01209-NB (referred to herein as "Capizzi I" or the "WARN Action") brought under the Worker

4    Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.*, and its California counterpart, California
Labor Code §§ 1400 *et seq.* (collectively, the "WARN Acts").  As a consequence of Debtor's alleged failure to give

5    the Plaintiffs and Terminated Employees at least 60 days' advance written notice of termination, the Plaintiffs in
Capizzi I seek up to 60 days' pay and benefits for each Terminated Employee for the Debtor's alleged violation of

6    the WARN Acts. The Plaintiffs, listed above, along with the Debtor and Official Committee of Unsecured Creditors
(the "Committee") have reached a proposed Stipulation of Class Settlement ("Settlement") to settle Capizzi I under

7    which benefits described below will be provided to the members of the Capizzi I Class.

8          2.        The Debtor is in the process of liquidation.   On _____, 2013 Debtor and the Committee
filed the Joint Chapter 11 Plan of Liquidation ("Plan") in this bankruptcy case.

9
          3.        This Notice constitutes notice to the Capizzi I Class of (a) the proposed Settlement of the

10   Capizzi I Class claims, (b) the request of Class Counsel for the award of attorneys' fees of one-third (1/3) the
WARN Act Common Fund, minus the service payments to the Class Representatives, plus costs and litigation

11   expenses, (c) the date of the Court hearing for final approval of proposed Settlement and award of attorneys' fees,
plus costs and litigation expenses and (d) the right of each Terminated Employee to opt out of the Capizzi I Class or,

12   if they do not opt out, to object to or comment on, the Settlement and Class Counsel's request for attorneys' fees
plus costs and litigation expenses and to appear at the hearing at which the Court will consider the final approval of

13   the Settlement and Class Counsel's request for attorneys' fees plus costs and litigation expenses.

14                              **Description of the Class Litigation**

15         4.        Following the filing of the Debtor's voluntary petition under chapter 11 of the U.S.
Bankruptcy Code,  Plaintiffs filed with the Bankruptcy Court a class-action complaint (the "Complaint"),

16   commencing Capizzi I against the Debtor alleging that the Debtor violated the WARN Acts by ordering the mass
layoff on or about February 10, 2013, and thereafter, without providing sixty days of advance notice thereof, and

17   that in consequence of this failure, the affected employees have an administrative expense claim pursuant to §
503(b)(1)(A) of the Bankruptcy Code against the Debtor consisting of their total wages and benefits for the sixty day

18   violation period.

19         5.        The Debtor and the Committee have asserted various defenses to the purported claims
asserted in Capizzi I and have raised the following issues, among others:  (a) whether the Debtor provided notice to

20   the Plaintiffs or the other members of the Capizzi I Class; (b) whether any such notice, if provided, was adequate
and in compliance with the pertinent regulations; (c) whether such notice was defective; (d) whether the Debtor was

21   entitled to give less than 60 days notice because of the faltering company exception contained in the WARN Acts;
(e) whether the Debtor was required to give any notice under the WARN Act to employees hired for specific

22   projects that ended on or about February 10, 2013; (f) whether the Debtor has other defenses to the application of the
WARN Act; (g) whether the Debtor-Defendants gave "as much notice as is practicable;" (h) whether a mass layoff

23   or plant shutdown occurred, as those terms are defined in the WARN Acts; (i) the computation of the amount of
damages; and (j) whether the damages are entitled to treatment as administrative expenses under § 503(b)(1)(A) or

24   wage or benefit priority under § 507(a)(4) or (5), respectively.

          6.        The Settlement resolves the Capizzi I Class Claims, as well as class claims under *Thomas*

25   *C. Capizzi on behalf of himself and all persons similarly situated v. AWTR Liquidation, Inc.;* Adv. No. 2:13-ap-
01463-NB (referred to herein as "Capizzi II" or the "Wage Action") which seeks the recovery of earned

26   compensation that the Terminated Employees were owed upon their termination and wage continuation for each
day that the wages remained unpaid (up to thirty additional days) pursuant to California Labor Code §§ 201 and 203

27   (Labor Code §§ 201 and 203).  Essentially, the Settlement calls for two identical classes to be certified, i.e., Capizzi
I Class and Capizzi II Class (collectively, the "Settlement Classes").  The terms of the Settlement relating to Capizzi

28

2

EXH B
34

II have been summarized in a separate notice mailed to each member of the Capizzi II Class (again, the Capizzi II Class is identical to the Capizzi I Class).  This notice is intended for the Capizzi I Class Members, who will also receive the notice directed to Capizzi II Class Members. The parties have identified 238 persons who constitute, based on the Debtor's records, all the individuals that are currently within the Capizzi I Class definition.  Employees who are subsequently determined to have been terminated on the same dates as the Capizzi I Class Members listed on Exhibit A hereto shall be referred to as "Additional Settlement Class Members."

7.    Class Counsel (defined below) has conducted informal discovery and has analyzed the applicable law and weighed the likelihood of success.

### The Proposed Settlement

8.    The following description of the proposed Settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement, the terms of the Settlement shall control.  You may secure a copy of the complete Settlement from Class Counsel Mary E. Olsen at the address shown below.  The terms of the Settlement relevant to the Eligible Class Members may be summarized as follows:

### The Terms of the Settlement

9.    In full settlement of the claims of the Capizzi I Class for alleged violations of the WARN Acts, the Debtor shall, upon the effective date of the Plan, transmit One Million ($1,000,000.00) Dollars (the "the WARN Act Common Fund") to Class Counsel.  The WARN Act Common Fund shall then be distributed by Class Counsel as follows: (i) the sum of $10,000 to each of the two Class Representatives for their Service Fees, and (ii) the balance of $980,000, minus one-third attorney fees, plus reimbursement of court costs and litigation expenses, or as shall be further approved by the Court after notice provided to the Capizzi I Class, shall be divided among the Capizzi I Class members who do not opt-out of this settlement on a *pro rata* basis according to the gross settlement claim amounts for the Capizzi I Class members, which were based on the Debtor's books and records.  The distributions contemplated herein shall be mailed by Class Counsel to the Class Representatives and the Capizzi I Class members at their last known address indicated in Debtor's books and records (or to such other address as the members of the Capizzi I Class may indicate to Class Counsel or which Class Counsel may locate), along with an IRS Form 1099.

10.    For purposes of the Settlement only, Thomas C. Capizzi  and Anthony Barcelo would be appointed as class representatives ("Class Representatives")  and the law firms of Lankenau & Miller, The Gardner Firm, P.C., Outten & Golden LLP and Reeder Law Corporation would be designated as Class Counsel for the Capizzi I.

11.    The Settlement shall not become effective if the Court does not approve it.

12.    If settlement checks issued to Capizzi I Class Members remain unclaimed (either because of inability to locate Class members or because settlement checks are not cashed), any such funds shall be (i) first, used to make pro rata distributions to Additional Settlement Class Members, if any, that may be identified as contemplated under the Settlement and (ii) if any Residual Funds remain after Settlement Fund disbursements to Additional Settlement Class Members, then paid by Class Counsel to the bankruptcy estate for distribution under the Plan.

13.    The total amount of your projected recovery under the Settlement is shown on Exhibit "A" annexed hereto.

### Class Counsel's Recommendation

14.    Class Counsel recommends the Settlement, believing that it is fair, reasonable and adequate to the Class.

DOCS_LA:191454.1
74262-00017/1980959.3

**Class Counsel's Fees Plus Reimbursement of Court Costs and Litigation Expenses**

15.     Under the proposed Settlement and subject to final court approval, Class Counsel shall be paid attorneys' fees of one third of the total amount due each Capizzi I Class Member, plus reimbursement of court costs and litigation expenses.

16.     You may object to the request of Class Counsel for attorneys' fees and court costs and litigation expenses by filing an objection within the time and in the manner specified below.

**Release of Claims and
Effect of Approval of Settlement**

17.     The Settlement, and the payments described herein and in the Capizzi II Class Notice, will result in the dismissal of the Capizzi I and Capizzi II Class Claims on the merits and with prejudice to all Capizzi I and Capizzi II Class Members and shall result in the following releases of claims: Capizzi I Class Members will have fully released their claims under the WARN Acts and Capizzi II Class Members will have fully released their wage and Wage Penalty Claims in exchange for an allowed pre-petition priority wage claim (plus a non-priority claim if any amounts exceed the statutory cap), calculated based upon all pre-petition wages and benefits owed according to the Debtor's books and records. Specifically, upon (A) the effective date of the Plan; and (B) distribution of the WARN Act Common Fund to the Class Counsel[1] pursuant to the terms of the Settlement Stipulation, the Capizzi I and Capizzi II Class Members shall have fully and forever released and discharged the Debtor, its estate, and its current and former officers and directors, parents, subsidiaries and otherwise affiliated entities, and their respective current, former and interim officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns, and the Committee, each of its members, and each of their respective current and former officers and directors, parents, subsidiaries and otherwise affiliated entities, and their respective current, former and interim officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims arising from or related to those claims asserted in Capizzi I and Capizzi II by the Class Representatives on behalf of the Releasing Parties, including the claims under the WARN Acts and claims for violations of Sections 201 and 203 of the California Labor Code, including claims for expenses, interest and attorney's fees and costs against any of the Released Parties.

**How to Object or Opt-out**

18.     If you are satisfied with the proposed Settlement including Class Counsel's requested fees/costs and the calculation of your recovery as shown on Exhibit "A", you need to do nothing and you will receive your share of the settlement, net of attorneys' fees/costs.

19.     If, on the other hand, you believe that the proposed settlement is unfair or inadequate, or that Class Counsel's request for attorneys' fees/costs should not be approved, you may object to the Settlement by mailing certified mail, return receipt requested a detailed written statement bearing the caption of this action shown above on the first page stating  your comment or objection, to the Clerk of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, _____, and by sending copies of that statement, also by certified mail, return receipt requested, to 1) LANKENAU & MILLER LLP, 132 Nassau Street, Suite 423, New York, New York 10038, Attention:  Stuart J. Miller, Esq.; 2) THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama  36602, Attention:  Mary E. Olsen, Esq.; 3) OUTTEN & GOLDEN LLP, 3 Park Avenue, 29th Floor, New York, NY  10016, Attention: René S. Roupinian, Esq.; 4) REEDER LAW CORPORATION, 1880 Century Park East, Suite 1200, Los Angeles, CA 90067,  Attention: David Reeder; 5) _____ Attention: _____, Esq.; and 6) _____ Attention: _____, Esq.  **Objections**

---

[1] As part of the resolution of the Capizzi II Class Claims, the Settlement addresses treatment of Allowed Priority Wage/Benefit Claims and Allowed Unsecured Wage/Benefit Claims.  Distributions on account of the Allowed General Unsecured Wage Claims shall be made pursuant to the terms of the Plan, but are not conditions to the releases described in this paragraph.

4

must be received by each of the above no later than _____, 2013, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, as described above.

20.    You may also appear in person or by counsel at the final hearing described below.

21.    If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Capizzi I Class by filling out the attached "Opt-Out Form", and sign and mail that form by certified mail, return receipt requested, to: 1) THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama 36602, Attention: Mary E. Olsen, Esq.; 2) GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067 Attention: Olivia Goodkin, , Esq.; and 3) STUTMAN TREISTER & GLATT, 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067 Attention: Gary E. Klausner, Esq.  The form must be received by the foregoing by no later than _____, 2013.  All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Capizzi I Class.

**Final Hearing to Approve Settlement and Award Attorneys' Fees/Costs**

22.    The hearing for final consideration and approval of the Settlement  is scheduled to take place on _____, at _____a.m./p.m.. in Courtroom ___ of the United States Bankruptcy Court for the Central District of California Los Angeles Division at _____[address].  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Ms. Olsen at the address shown above.

**Other Information**

23.    Any questions from members of the Class concerning this Notice or the Capizzi I or Capizzi II litigation should be directed to THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama  36602, Attention:  Mary E. Olsen, Esq.  All requests for more information, including a copy of the Settlement, should be sent by first-class mail to Ms. Olsen to the address indicated above.

24.    While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the Capizzi I Class Claims or the defenses asserted to those claims.

**Please do not write to or call the Court concerning this matter.**

DOCS_LA:191454.1
74262-00017/1980959.3

EXH B
37

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### OPT-OUT FORM

*Thomas C. Capizzi and Anthony Barcelo, on behalf of themselves and all persons similarly situated v. AWTR Liquidation, Inc.; Adv. No. 2:13-ap-01209-NB (referred to herein as "Capizzi I" or the "WARN Action")*

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I do not want to participate in the above Class Action and do not wish to receive any benefits from or be bound by the Settlement described herein.


_____          _____
Signature                                Address


_____          _____      _____
Name (printed or typed)                  Date                      Telephone

LA:224619.2

6

# EXHIBIT "C"

1

2

3

4

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>AWTR Liquidation, Inc.,<br>      f/k/a Rhythm And Hues, Inc.,<br><br>      Debtor and Debtor in Possession. | Case No.: 2:13-bk-13775-NB<br><br>Chapter 11<br><br>Adv. No.: 2:13-ap-01463-NB<br><br>Notice of Class Settlement<br><br>Final Fairness Hearing<br>Date:<br>Time:<br>Place: Courtroom 1545<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |
| THOMAS C. CAPIZZI, on his own behalf and on behalf of all other persons similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>AWTR LIQUIDATION, INC.,<br>      f/k/a Rhythm And Hues, Inc.,<br><br>                 Defendant. | |

**NOTICE TO CLASS OF (A) PROPOSED SETTLEMENT OF WAGE AND WAGE PENALTY CLASS ACTION; (B) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT; (C) RIGHT TO OBJECT TO THE SETTLEMENT AND TO APPEAR AT COURT HEARING AND (D) RIGHT OF CLASS MEMBERS TO OPT-OUT OF THE CLASS ACTION**

**Objection Deadline:**
**Opt-out Deadline:**

TO:    All former employees of Debtor and Debtor in Possession AWTR Liquidation, Inc., f/k/a Rhythm And Hues, Inc. (the "Debtor") who worked at or reported to the facility located at 2100 East Grand Avenue, El Segundo, CA 90245 and were terminated on or about February 10 or 11, 2013, ("Terminated Employees") who were not paid their earned compensation upon discharge and whose earned compensation remained unpaid after they were terminated for one or more days, and who do not file a timely request to opt-out of the class.

### Introduction

1.    There is currently pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, the above captioned class action adversary proceeding entitled *Thomas C. Capizzi on behalf of himself and all persons similarly situated v. AWTR Liquidation, Inc.;* Adv. No. 2:13-ap-01463-NB (referred to herein as "Capizzi II" or the "Wage Action") which seeks the recovery of earned compensation that

1  the Terminated Employees were owed upon their terminations and wage continuation for each day that the wages

2  remained unpaid (up to thirty additional days) pursuant to California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203) (the "Capizzi II Class Claims"). The parties to this matter have reached a proposed stipulation to settle the Capizzi II Class Claims (the "Settlement") under which benefits described below will be provided to the

3  members of the Capizzi II Class.

4          2.          The Debtor is in the process of liquidation. On _____, 2013 Debtor and the Official

5  Committee of Unsecured Creditors (the "Committee") filed the Joint Chapter 11 Plan of Liquidation ("Plan") in this bankruptcy case.

6          3.          This Notice constitutes notice to the Capizzi II Class of (a) the proposed Settlement of the

7  Capizzi II Class Claims; (b) date of court hearing for final approval of proposed settlement; (c) the right of each member of the Capizzi II Class to object to or comment on, the Settlement and to appear at the hearing at which the Court will consider the final approval of the Settlement; and (d) the right of each Capizzi II Class Member to opt out

8  of the Capizzi II Class Action.

9                                **Description of the Class Litigation**

10          4.          Capizzi II asserts claims for unpaid earned compensation that the Terminated Employees

11  were owed upon their terminations and wage continuation for each day that the wages remained unpaid (up to thirty additional days) pursuant to California Labor Code §§ 201 and 203 (Labor Code §§ 201 and 203).

12          5.          The Debtor and Committee have asserted various defenses to the purported claims in

13  Capizzi II, including whether the Terminated are entitled to any Wage Penalties and whether such action should be certified as a class action.

14          6.          Recognizing the importance of resolving this matter, the parties have agreed to a

15  settlement.

16          7.          The Settlement resolves the Capizzi II Class Claims, as well as class claims under the federal Worker Adjustment and Retraining Notification Act [29 U.S.C. Section 2101 et seq.] and its California

17  counterpart [California Labor Code Section 1400 et. seq.] (collectively, the "WARN Acts") for the same Terminated Employees. The class action asserting claims against the Debtor under the WARN Acts is entitled *Thomas C.*

18  *Capizzi and Anthony Barcelo, on behalf of themselves and all persons similarly situated v. AWTR Liquidation, Inc.*; Adv. No. 2:13-ap-01209-NB (referred to herein as "Capizzi I" or the "WARN Action"). Essentially, the Settlement

19  calls for two identical classes to be certified, i.e., Capizzi I Class and Capizzi II Class (collectively, the "Settlement Classes"). The terms of the Settlement relating to the WARN Action have been summarized in a separate notice

20  mailed to each member of the Capizzi I Class (again, the Capizzi I Class is identical to the Capizzi II Class). This notice is intended for the Capizzi II Class Members, who will also receive the notice directed to Capizzi I Class

21  Members.

22                                **The Proposed Settlement**

23          8.          In summary, the Settlement with respect to the Capizzi II Class calls for certification of a class, for settlement purposes only, consisting of: all former employees of Debtor who worked at or reported to the

24  facility located at 2100 East Grand Avenue, El Segundo, CA 90245 and were terminated on or about February 10 or 11, 2013 who were not paid their earned compensation upon discharge and whose earned compensation remained

25  unpaid after they were terminated for one or more days, and who do not file a timely request to opt-out of the class numbering 238, who, in exchange for a full release of their Capizzi II Claims, will receive an allowed priority

26  wage/benefit claim and, where applicable, an allowed unsecured wage/benefit claim calculated based upon all pre-petition wages and benefits owed according to the Debtor's books and records.

27          9.          For purposes of the Settlement only, Thomas C. Capizzi  and Anthony Barcelo would be

28  appointed as class representatives ("Class Representatives")  and the law firms of Lankenau & Miller, The Gardner

1  Firm, P.C., Outten & Golden LLP and Reeder Law Corporation would be designated as Class Counsel for the
   Capizzi II Class ("Class Counsel").

2

3          10.     The Allowed Priority Wage/Benefit Claims will be paid in full on, or as soon as
   reasonably practicable after, the Effective Date, in accordance with the Plan, once confirmed. Further, the Allowed

4  Unsecured Wage/Benefit Claims shall be paid in accordance with the Plan.  For avoidance of doubt, no attorney's
   fees will be deducted from the payments to be made on account of the Allowed Priority Wage/Benefit Claims and

5  the Allowed Unsecured Wage/Benefit Claims to the Capizzi II Class Members.

6          11.     You may secure a copy of the complete Settlement from Class Counsel Mary E. Olsen at
   the address shown below.

7          12.     The Settlement shall not become effective if the Court does not approve it.

8          13.     The total amount of your Allowed Priority Wage/Benefit Claim and any Unsecured
   Wage/Benefit Claim is shown on Exhibit "A" annexed hereto.

9

10                         **Class Counsel's Recommendation**

11         14.     Class Counsel recommends the Settlement, believing that it is fair, reasonable and
   adequate to the Class.

12                             **Class Counsel's Fees**

13         15.     No attorneys' fees, costs and litigation expenses shall be paid to Class Counsel on
   account of the Capizzi II Wage Action settlement.  No service payments to the Class Representatives shall be paid

14 on account of the Capizzi II settlement. Terminated Employees who participate in Capizzi I and II, therefore: (1)
   will receive their Allowed Wage Claims <u>without</u> deductions and hence pay no attorneys' fees, costs, expenses or

15 Class Representative payments in the Wage Action, and (2) in addition, will receive their WARN Act amounts less
   attorneys' fees, costs and expenses, and Class Representative payments, in the WARN Action.

16                            **Release of Claims and**

17                    **Effect of Approval of Settlement Agreement**

18         16.     The Settlement, and the payments described herein and in the Capizzi I Class Notice,
   will result in the dismissal of the Capizzi I and Capizzi II Class Claims on the merits and with prejudice to all

19 Capizzi I and Capizzi II Class Members and shall result in the following releases of claims: Capizzi I Class
   Members will have fully released their claims under the WARN Acts and Capizzi II Class Members will have fully

20 released their wage and Wage Penalty Claims in exchange for an allowed pre-petition priority wage claim (plus a
   non-priority claim if any amounts exceed the statutory cap), calculated based upon all pre-petition wages and

21 benefits owed according to the Debtor's books and records.  Specifically, upon (A) the effective date of the Plan:
   and (B) distribution of the WARN Act Common Fund to Class Counsel[1] pursuant to the terms of the Settlement

22 Stipulation, the Capizzi I and Capizzi II Class Members shall have fully and forever released and discharged the
   Debtor, its estate, and its current and former officers and directors, parents, subsidiaries and otherwise affiliated

23 entities, and their respective current, former and interim officers, directors, shareholders, agents, employees,
   partners, members, accountants, attorneys, representatives and other agents, and all of their respective predecessors,

24 successors and assigns, and the Committee, each of its members, and each of their respective current and former
   officers and directors, parents, subsidiaries and otherwise affiliated entities, and their respective current, former and

25 interim officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys,

26

27 [1] As part of the resolution of the Capizzi II Class Claims, the Settlement addresses treatment of Allowed Priority Wage/Benefit
   Claims and Allowed Unsecured Wage/Benefit Claims.  Distributions on account of the Allowed General Unsecured Wage
   Claims shall be made pursuant to the terms of the Plan, but are not conditions to the releases described in this paragraph.

28
   74262-00017/1980983. 3 3                                                         EXH C
                                                                                     41

representatives and other agents, and all of their respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from any and all claims arising from or related to those claims asserted in Capizzi I and Capizzi II by the Class Representatives on behalf of the Releasing Parties, including the claims under the WARN Acts and claims for violations of Sections 201 and 203 of the California Labor Code, including claims for expenses, interest and attorney's fees and costs against any of the Released Parties.

### How to Object or Opt-out

17.    If you are satisfied with the proposed settlement of Capizzi II and the amount(s) shown on Exhibit "A", you need to do nothing and you will receive payment in accordance with the Settlement.

18.    If, on the other hand, you believe that the proposed settlement is unfair or inadequate, you may object to the Settlement by mailing certified mail, return receipt requested a detailed written statement bearing the caption of this action shown above on the first page stating your comment or objection, to the Clerk of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, _____, and by sending copies of that statement, also by certified mail, return receipt requested, to 1) LANKENAU & MILLER LLP, 132 Nassau Street, Suite 423, New York, New York 10038, Attention: Stuart J. Miller, Esq.; 2) THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama 36602, Attention: Mary E. Olsen, Esq.; 3) OUTTEN & GOLDEN LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, Attention: René S. Roupinian, Esq.; 4) REEDER LAW CORPORATION, 1880 Century Park East, Suite 1200, Los Angeles, CA 90067, Attention: David Reeder; 5) _____ Attention: _____, Esq.; and 6) _____ Attention: _____, Esq. **Objections must be received by each of the above no later than _____, 2013, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement, as described above.**

19.    You may also appear in person or by counsel at the final hearing described below.

20.    If you choose not to be bound by this Settlement and do not wish to share in any of the benefits described herein, you may opt-out of the Capizzi II Class by filling out the attached "Opt-Out Form", and sign and mail that form by certified mail, return receipt requested, to: 1) THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama 36602, Attention: Mary E. Olsen, Esq.; 2) GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP, 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067. Attention: Olivia Goodkin, ,Esq.; and 3) STUTMAN TREISTER & GLATT, 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067 Attention: Gary E. Klausner, Esq. The form must be received by the foregoing by no later than _____, 2013. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the Capizzi II Class.

### Final Hearing to Approve Settlement

21.    The hearing for final consideration and approval of the Settlement is scheduled to take place on _____, at _____ a.m./p.m. in Courtroom ___ of the United States Bankruptcy Court for the Central District of California Los Angeles Division at _____[address]. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Ms. Olsen at the address shown above.

### Other Information

22.    Any questions from members of the Class concerning this Notice or the Capizzi I or Capizzi II litigation should be directed to THE GARDNER LAW FIRM, P.C., 210 S. Washington Ave.; Mobile, Alabama 36602, Attention: Mary E. Olsen, Esq. All requests for more information, including a copy of the Settlement, should be sent by first-class mail to Ms. Olsen to the address indicated above.

1

> 23.      While the Court has approved the sending of this Notice, that does not indicate, and is not intended to indicate, that the Court has any opinion as to the Capizzi II Class Claims or the defenses asserted to

2
those claims.

3      **Please do not write to or call the Court concerning this matter.**

4

5  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

6
OPT-OUT FORM

7
*Thomas C. Capizzi on behalf of himself and all persons similarly situated v. AWTR Liquidation, Inc.;* Adv. No. 2:13-ap-01463-NB (referred to herein as "Capizzi II" or the "Wage Action")

8
I, the undersigned, have read the foregoing Class Notice and understand its contents.

9
I do not want to participate in the above Class Action and do not wish to receive any benefits from or be bound by

10
the Settlement described herein.

11

12
_____          _____

13
Signature                                        Address

14
_____     _____    _____

15
Name (printed or typed)                      Date                          Telephone

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF THOMAS C. CAPIZZI

I, Thomas C. Capizzi, hereby declare as follows:

1.      I am over the age of eighteen years and am a resident of Los Angeles County, California.  I have personal knowledge of the facts attested to in this declaration and, if called upon to do so, could and would competently testify thereto.

2.      I reside at 4143 Muirfield Road; Apt. B, Los Angeles, California 90008.

**Capizzi I**

3.      I am a named Plaintiff in the class action adversary proceeding pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division entitled Thomas C. Capizzi and Anthony Barcello vs. AWTR Liquidation, Inc., f/k/a Rhythm And Hues, Inc., Adv. No. 2:13-ap-01209-NB ("Capizzi I").  In Capizzi I, class plaintiffs seek to, on behalf of the class, recover up to 60 days' pay and benefits against the Defendant under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act") (29 U.S.C. §§ 210 I -2109) and its California counterpart California Labor Code §§ 1400 -1408 (collectively, the "WARN Act").

4.      I submit this declaration in support of Plaintiffs' Joint Motion Of Debtor, Committee And Proposed Class Representatives, In Accordance With Proposed Stipulation Of Class Settlement:  (A) To Approve Proposed Compromise Of Claims In Adversary Proceedings; And (B) In Accordance With Fed. R. Bankr. P. 7023, To (i) Preliminarily Approve Settlement Between The Debtor And Certain Former Employees, (ii) Approve The Form And Manner Of Notice Of The Settlement, (iii) Schedule Fairness Hearing To Consider Final Approval Of Settlement And (iv) Subsequent To The Fairness Hearing, Finally Approve The Settlement (the "Joint Motion").

5.      From approximately January 6, 1997 until February 10, 2013, I was employed as a lead writer and look development artist at the Facility. For this work, I was paid $62.25 an hour by Defendant for about 40 hours per week. I also participated in the Defendant's comprehensive health insurance plan.

6.      I first learned that I would be terminated on Sunday, February 10, 2013. On

that day, I was called and told I was terminated and should not report to work again. Days later, I received a letter in the mail from the Defendant confirming that I had been terminated.

7.    Immediately prior to my termination, I believe that close to seven hundred individuals worked at or reported to the Facility. On or about February 10, 2013 or within 30 days of that date, or thereafter, approximately 254 employees who worked at or reported to the Facility, including myself, were terminated as a result of the mass layoff that occurred at the Facility on or about February 10,2013. 1 believe that my termination and that of the others terminated from the Facility on or about February 10, 2013, within 30 days of that date, or thereafter constituted a mass layoff under the WARN Act for which we were entitled to 60 days' advance written notice.

8.    Prior to February 10, 2013, I did not receive any written notice from Defendant indicating that there would be a mass layoff at the Facility on or about February 10, 2013. To the best of my knowledge, prior to February 10, 2013, none of the other former employees who were also terminated as part of the February 10, 2013 mass layoff received any written notice indicating that there would be a mass layoff at the Facility on or about February 10, 2013. Prior to February 10, 2013, I did not receive any written notice from Defendant indicating that I would be terminated on or about February 10, 2013. To the best of my knowledge, prior to February 10, 2013, none of the other employees who were also terminated as part of the February 10, 2013 mass layoff received any written notice indicating that they would be terminated on or about February 10, 2013. I have not received nor, to the best of my knowledge, have any of the other individuals terminated as part of the February 10,2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff, received any payments from Defendant under the WARN Act.

9.    I believe that my WARN rights, as well as the WARN rights of the other employees terminated as part of the February 10,2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff, were violated. Because the circumstances of my termination are the same as those of the other individuals terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the

February 10, 2013 mass layoff, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same, but have no conflict of interest with any former employee terminated as part of the February 10,2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff.

10.    Following my termination, I retained counsel to assert a WARN Act claim on my behalf as well as a class claim on behalf of the other employees who were terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10,2013 mass layoff.

11.    I have prosecuted Capizzi I on behalf of the other former employees who were terminated as part of the February 10, 2013, mass layoff, or thereafter as the foreseeable result of the February 10,2013 mass layoff.  I have actively assisted Lankenau & Miller, LLP, The Gardner Firm, P.C., Outten & Golden, LLP and David Reeder in the prosecution of this action.

12.    My claim against the Defendant under the WARN Act equals approximately $21,165, not including benefits. The small size of my claim, my financial situation and the cost of attorney's fees leave me unable to pursue this claim as a sole litigant. I believe that the other former employees who were terminated as part of the February 10, 2013 mass layoff, are similarly situated and unable to prosecute their claims under the WARN Act except through a class action.

13.    Lankenau & Miller, LLP, The Gardner Firm, P.C. and Outten & Golden, LLP, specialize in WARN Act litigation and, along with Reeder Law Corporation, have been vigorously prosecuting this action. I believe they are all well-qualified to serve as class counsel.

**Capizzi II**

14.    In addition to being the named plaintiff in Capizzi I, I am the sole named plaintiff in the adversary proceeding pending before United States Bankruptcy Court for the

Central District of California, Los Angeles Division entitled Thomas C. Capizzi vs. AWTR Liquidation, Inc., f/k/a Rhythm And Hues, Inc., Adv. No. 2:13-ap-01463-NB ("Capizzi II").

15.     At the time of my discharge, I had not been paid for approximately one month of time worked, plus I had accumulated earned vacation and sabbatical leave.  Upon my termination I was not paid my wages and other compensation, as required California Labor Code § 201.  My unpaid wages and other compensation totaled approximately $73,945 upon my termination.  To the best of my knowledge and belief, the other Class Members (numbering approximately 253) were also not paid wages and other compensation, as required California Labor Code § 201.  Further, as of today's date, more than three months since my termination, I have still not been paid my earned compensation.  To the best of my knowledge and belief, the other Class Members have still not been paid for their earned compensation. As a consequence, I, along with the other Class Members are due our unpaid earned compensation plus continued wages for up to thirty days, pursuant to California Labor Code §§ 201 and 203.

16.     I believe that my rights under California Labor Code § 201 , and the rights of the other Class Members, have been violated.  Further I believe I, along with the other Class Members are due continued wages for up to thirty days, pursuant to California Labor Code §§ 201 and 203.  Because the circumstances of my termination are the same as those of the other individuals terminated as part of the February 10, 2013 mass layoff, the factual and legal issues bearing on my claim under California Labor Code §§ 201 and 203 and the claims of the other Class Members under California Labor Code §§ 201 and 203, are the same, except for the dollar amounts of our claims.  I have no conflict of interest with any former employee terminated on or about February 10,2013.

17.     Following my termination, I retained counsel to assert a claim pursuant to California Labor Code §§ 201 and 203 on my behalf as well as a class claim on behalf of the other Class Members.

18.    I have actively assisted and will continue to actively assist Lankenau & Miller, LLP, The Gardner Firm, P.C., Outten & Golden, LLP and David Reeder in the prosecution of Capizzi II.

19.    My claim against the Defendant under California Labor Code §§ 201 and 203 equals approximately $88,885, not including interest. My financial situation and the cost of attorney's fees leave me unable to pursue this claim as a sole litigant. I believe that the other former employees who were terminated as part of the February 10, 2013 mass layoff, are similarly situated and unable to prosecute their claims under California Labor Code §§ 201 and 203 except through a class action.

20.    Lankenau & Miller, LLP, The Gardner Firm, P.C. and Outten & Golden, LLP, and David Reeder have been vigorously prosecuting this action. I believe they are all well-qualified to serve as class counsel in Capizzi II.

**Mediation and Settlement**

21.    On August 27, 2013, all parties to Capizzi I and Capizzi II, and their counsel participated in a day-long mediation presided over by the Hon. Mitchell Goldberg (retired). I was present and actively participated in the mediation. The mediation went well into the evening and resulted in the settlement described in the settlement agreement, which is attached to the Declaration of John Hedge as Exhibit "1" (the "Agreement").

22.    It is my opinion, based on my active involvement in the settlement negotiations and my consultation with class counsel, that the settlement terms set out in the Agreement are in the best interests of the above-described class members and that the settlement is fair, reasonable and adequate.


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 25 day of September, 2013.

THOMAS C. CAPIZZI

5

1

**DECLARATION OF ANTHONY BARCELO**

I, Anthony Barcelo, declare as follows under penalty of perjury:

1.      I am over the age of eighteen years.  I have personal knowledge of the facts
attested to in this declaration and, if called upon to do so, could and would competently
thereto.

### Capizzi I

2.      I am a named Plaintiff in the class action adversary proceeding pending in the
United States Bankruptcy Court for the Central District of California, Los Angeles Division
entitled Thomas C. Capizzi and Anthony Barcello vs. AWTR Liquidation, Inc., f/k/a Rhythm
And Hues, Inc., Adv. No. 2:13-ap-01209-NB ("Capizzi I").  In Capizzi I, class plaintiffs seek
to, on behalf of the class, recover up to 60 days' pay and benefits against the Defendant under
the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act") (29 U.S.C.
§§ 210 I -2109) and its California counterpart California Labor Code §§ 1400 -1408
(collectively, the "WARN Act").

3.      I submit this declaration in support of Plaintiffs' Joint Motion Of Debtor,
Committee And Proposed Class Representatives, In Accordance With Proposed Stipulation
Of Class Settlement:  (A) To Approve Proposed Compromise Of Claims In Adversary
Proceedings; And (B) In Accordance With Fed. R. Bankr. P. 7023, To (i) Preliminarily
Approve Settlement Between The Debtor And Certain Former Employees, (ii) Approve The
Form And Manner Of Notice Of The Settlement, (iii) Schedule Fairness Hearing To Consider
Final Approval Of Settlement And (iv) Subsequent To The Fairness Hearing, Finally Approve
The Settlement ("Joint Motion").

4.      I reside at 1032 Mather Ave., Sunland, CA  91040.

5.      From approximately November 17, 2012 until February 10, 2013, I was
employed as a compositing technical director at the Facility.  For this work, I was paid $43 an
hour by Defendant for about 67 hours per week.  I did not participate in any company
sponsored insurance plans.

6.      I first learned that I would be terminated on February 10, 2013.  On that day, I

1

received a phone call in which I was told I was terminated.  Days later, I received a written termination letter by mail and email.

7.      Immediately prior to my termination, I believe that close to seven hundred individuals worked at or reported to the Facility.  On or about February 10, 2013 or within 30 days of that date, or thereafter, approximately 254 employees who worked at or reported to the Facility, including myself, were terminated as a result of the mass layoff that occurred at the Facility on or about February 10, 2013.  I believe that my termination and that of the others terminated from the Facility on or about February 10, 2013, within 30 days of that date, or thereafter constituted a mass layoff under the WARN Act for which we were entitled to 60 days' advance written notice.

8.      Prior to February 10, 2013, I did not receive any written notice from Defendant indicating that there would be a mass layoff at the Facility on or about February 10, 2013.  To the best of my knowledge, prior to February 10, 2013, none of the other former employees who were also terminated as part of the February 10, 2013 mass layoff received any written notice indicating that there would be a mass layoff at the Facility on or about February 10, 2013.  Prior to February 10, 2013, I did not receive any written notice from Defendant indicating that I would be terminated on or about February 10, 2013.  To the best of my knowledge, prior to February 10, 2013, none of the other employees who were also terminated as part of the February 10, 2013 mass layoff received any written notice indicating that they would be terminated on or about February 10, 2013.  I have not received nor, to the best of my knowledge, have any of the other individuals terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff, received any payments from Defendant under the WARN Act.

9.      I believe that my WARN rights, as well as the WARN rights of the other employees terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff, were violated.  Because the circumstances of my termination are the same as those of the other individuals terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the

February 10, 2013 mass layoff, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for damages) are the same.  I have no conflict of interest with any former employee terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff.

10.    Following my termination, I retained counsel to assert a WARN Act claim on my behalf as well as a class claim on behalf of the other employees who were terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff.

11.    I have been actively involved in prosecuting this action on behalf of the other former employees who were terminated as part of the February 10, 2013 mass layoff, or thereafter as the foreseeable result of the February 10, 2013 mass layoff.  I have actively assisted Outten & Golden LLP, Lankenau & Miller, LLP, The Gardner Firm, P.C. and Reeder Law Corporation in the prosecution of this action.

12.    My claim against the Defendant under the WARN Act equals approximately $17,919.  The small size of my claim, my financial situation and the cost of attorney's fees leave me unable to pursue this claim as a sole litigant.  I believe that the other former employees who were terminated as part of the February 10, 2013 mass layoff, are similarly situated and unable to prosecute their claims under the WARN Act except through a class action.

13.    Outten & Golden LLP, Lankenau & Miller, LLP, and The Gardner Firm, P.C. specialize in WARN Act litigation and they, along with Reeder Law Corporation, have been vigorously prosecuting this action.  I believe they are all well-qualified to serve as class counsel.

**Mediation and Settlement**

14.    On August 27, 2013, all parties to Capizzi I and Capizzi II, and their counsel participated in a day-long mediation presided over by the Hon. Mitchell Goldberg (retired).  I was present for much of the day, and actively participated in the mediation.  The mediation went well into the evening and resulted in the settlement described in the settlement

1   agreement, which is attached to the Declaration of John Hedge as Exhibit "1" (the

2   "Agreement").

3          15.     It is my opinion, based on my active involvement in the settlement negotiations

4   and my consultation with class counsel, that the settlement terms set out in the Agreement are

5   in the best interests of the above-described class members.

6

7

8          I declare under penalty of perjury that the foregoing is true and correct, and that this

9   declaration was executed on this 26TH day of September, 2013.

10

11

12                                      ANTHONY BARCELO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067-4590

A true and correct copy of the foregoing document entitled (*specify*): **JOINT MOTION OF DEBTOR, COMMITTEE AND PROPOSED CLASS REPRESENTATIVES, IN ACCORDANCE WITH PROPOSED STIPULATION OF CLASS SETTLEMENT:  (A) TO APPROVE PROPOSED COMPROMISE OF CLAIMS IN ADVERSARY PROCEEDINGS; AND (B) IN ACCORDANCE WITH FED. R. BANKR. P. 7023, TO (I) PRELIMINARILY APPROVE SETTLEMENT BETWEEN DEBTOR AND CERTAIN FORMER EMPLOYEES, (II) APPROVE FORM AND MANNER OF NOTICE OF SETTLEMENT, (III) SCHEDULE FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF SETTLEMENT, AND (IV) SUBSEQUENT TO FAIRNESS HEARING, FINALLY APPROVE SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOHN F. HEDGE AND THOMAS C. CAPIZZI AND ANTHONY BARCELO IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 27, 2013, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) September 27, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 27, 2013, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA OVERNIGHT MAIL
The Honorable Neil W. Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1552
Los Angeles, CA 90012

☐Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 27, 2013 | Sonia Gaeta | /s/Sonia Gaeta |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10

**F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

**FOR CASE NO. 2:13-BK-13775-NB**

| | |
|---|---|
| Ana B Acevedo on behalf of Interested Party JS Communications, Co. Ltd. | aacevedo@omm.com |
| Wayne M. Smith with Warner Bros. Committee member | wayne.smith@warnerbros.com |
| Yolanda S Aguilar Courtesy NEF | |
| David E Ahdoot Courtesy NEF | dahdoot@bushgottlieb.com, jpalmer@bushgottlieb.com |
| Lorie A Ball Courtesy NEF,  Creditor Warner Bros Pictures, a division of WB Studio Enterprises Inc., New Line Productions, Inc., and 300 Pictures, Inc. | lball@peitzmanweg.com |
| Vivian Bodey Courtesy NEF | tuntm.bodey@irscounsel.treas.gov |
| Shawn M Christianson Courtesy NEF | cmcintire@buchalter.com |
| Gail L Chung for Anthony Barcelo | GL@outtengolden.com, JXH@outtengolden.com |
| Ronald Clifford for Anthony Barcelo | rclifford@blakeleyllp.com, ecf@blakeleyllp.com; seb@blakeleyllp.com |
| Brian L Davidoff for AWTR Liquidation, Inc., | bdavidoff@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Lisa Hill Fenning For  Side Effects Software, Inc. and S.E. Software, Inc., Rockwood Capital, LLC | Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com |
| H Alexander Fisch for the Official Committee of Unsecured Creditors | afisch@stutman.com |
| Scott F Gautier Courtesy NEF | sgautier@peitzmanweg.com |
| Brian T Harvey on behalf of  Creditor Oracle America, Inc. | bharvey@buchalter.com, IFS_filing@buchalter.com;rreeder@buchalter.com |
| Michael C Heinrichs on behalf of Interested Party JS Communications, Co. Ltd. | mheinrichs@omm.com |
| Ivan L Kallick Courtesy NEF,  Psyop Media Company, LLC | ikallick@manatt.com, ihernandez@manatt.com |
| Jeffrey A Krieger for AWTR Liquidation, Inc., | jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; pporooshani@greenbergglusker.com |
| Mary D Lane Courtesy NEF | mal@msk.com, mec@msk.com |
| Dare Law for U.S. Trustee United States Trustee (LA) | dare.law@usdoj.gov |
| C John M Melissinos for AWTR Liquidation, Inc., | jmelissinos@greenbergglusker.com, jreinglass@greenbergglusker.com; kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; sgaeta@greenbergglusker.com |
| Katie Nownes | tunt@omnimgt.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10

**F 9013-3.1.PROOF.SERVICE**

Courtesy NEF
Danielle A Pham                                         dpham@stutman.com, daniellepham@gmail.com
for the Official Committee Of
Unsecured Creditors
Courtney E Pozmantier                                   cpozmantier@greenbergglusker.com,
for AWTR Liquidation, Inc.,                             sgaeta@greenbergglusker.com
David M Reeder                                          david@reederlaw.com, tuntma@reederlaw.com
Thomas C. Capizzi
Victor A. Sahn                                          vsahn@sulmeyerlaw.com,
Courtesy NEF                                            agonzalez@sulmeyerlaw.com,asokolowski@sulmeye
                                                        rlaw.com

Claire E Shin                                           cshin@greenbergglusker.com,
for AWTR Liquidation, Inc.,                             jreinglass@greenbergglusker.com;
                                                        kwoodson@greenbergglusker.com;calendar@greenb
                                                        ergglusker.com; sgaeta@greenbergglusker.com
Lori Sinanyan                                           lsinanyan@jonesday.com,
for Twentieth Century Fox,  Universal City Studios LLC  lsinanyan@ecf.inforuptcy.com

Alan D Smith                                            adsmith@perkinscoie.com
for Wells Fargo Bank, N.A. as Trustee for the registered
holders of J.P. Morgan Chase Commercial Mortgage
Securities Trust 2011-C3, Commercial Mortgage Pass-
Through Certificates, Series 2011-C3
United States Trustee (LA)                              ustpregion16.la.ecf@usdoj.gov
for U.S. Trustee
Richard Lee Wynne                                       rlwynne@jonesday.com, sjperry@jonesday.com
for Twentieth Century Fox,  Universal City Studios LLC

**FOR CASE NO. 2:13-1p-01209-NB**

David E Ahdoot on behalf of Interested Party Courtesy NEF    dahdoot@bushgottlieb.com,
                                                             jpalmer@bushgottlieb.com

C John M Melissinos on behalf of Defendant AWTR         jmelissinos@greenbergglusker.com,
Liquidation Inc                                         jreinglass@greenbergglusker.com;
                                                        kwoodson@greenbergglusker.com;
                                                        calendar@greenbergglusker.com;
                                                        sgaeta@greenbergglusker.com

Danielle A Pham on behalf of Creditor Committee Official    dpham@stutman.com, daniellepham@gmail.com
Committee Of Unsecured Creditors

Courtney E Pozmantier on behalf of Defendant AWTR       cpozmantier@greenbergglusker.com,
Liquidation Inc                                         kwoodson@greenbergglusker.com;sgaeta@greenber
                                                        gglusker.com;calendar@greenbergglusker.com

Courtney E Pozmantier on behalf of Interested Party     cpozmantier@greenbergglusker.com,
Courtesy NEF                                            kwoodson@greenbergglusker.com;sgaeta@greenber
                                                        gglusker.com;calendar@greenbergglusker.com

David M Reeder on behalf of Plaintiff Thomas C. Capizzi    david@reederlaw.com, jessica@reederlaw.com

United States Trustee (LA)                              ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
74262-00017/1976311.10                                  **F 9013-3.1.PROOF.SERVICE**

**FOR CASE NO. 2:13-ap-01463-NB**

David E Ahdoot on behalf of Interested Party Courtesy NEF                dahdoot@bushgottlieb.com,
jpalmer@bushgottlieb.com

C John M Melissinos on behalf of Defendant AWTR                jmelissinos@greenbergglusker.com,
Liquidation Inc                jreinglass@greenbergglusker.com;
kwoodson@greenbergglusker.com;
calendar@greenbergglusker.com;
sgaeta@greenbergglusker.com

Danielle A Pham on behalf of Creditor Committee Official                dpham@stutman.com, daniellepham@gmail.com
Committee Of Unsecured Creditors

Courtney E Pozmantier on behalf of Defendant AWTR                cpozmantier@greenbergglusker.com,
Liquidation Inc                kwoodson@greenbergglusker.com;
sgaeta@greenbergglusker.com;
calendar@greenbergglusker.com

David M Reeder on behalf of Plaintiff Thomas C. Capizzi                david@reederlaw.com, jessica@reederlaw.com

United States Trustee (LA)                ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL:**

| | | |
|---|---|---|
| AWTR Liquidation, Inc. | REQUEST FOR NOTICE | REQUEST FOR NOTICE |
| Attn:  John F. Hedge, CRO | ValleyCrest Landscape Maintenance, Inc. | The TV Candy Store, Inc. |
| c/o Scouler & Company | Thomas A. Kuehn, Esq. | James Deloye, President |
| 1801 Century Park East, Suite 2400 | 24151 Ventura Blvd. | 1300 W. Hood Ave. Suite 2 |
| Los Angeles, CA 90067 | Calabasas, CA 91302 | Chicago, IL 60660 |

Official Committee of Unsecured
Creditors
Gary E. Klausner, Esq.
Stutman Treister & Glatt PC
1901 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Counsel for Thomas Capizzi and Anthony Barcelo,
as Putative Class Plaintiffs in Adversary Proceeding
Nos. 2:13-1p-01209-NB and 2:13-ap-01463-NB

| | |
|---|---|
| David M. Reeder, Esq. | Mary E. Olsen, Esq. |
| Reeder Law Corporation | M. Vance McCrary, Esq. |
| 1880 Century Park East, Suite 1200 | David C. Tufts, Esq. |
| Los Angeles, California  90067 | The Gardner Firm, P.C. |
| | 210 South Washington Avenue |
| | Mobile, Alabama  36602 |
| Stuart J. Miller, Esq. | Jack A. Raisner, Esq. |
| Lankenau & Miller, LLP | René S. Roupinian, Esq. |
| 132 Nassau Street, Suite 423 | Outten & Golden LLP |
| New York, New York  10038 | 3 Park Avenue, 29th Floor |
| | New York, New York  10016 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

74262-00017/1976311.10